*Indictment filed 4/16/19 Courtflow 3mins*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                                :
UNITED STATES OF AMERICA        :        SUPERSEDING INDICTMENT
                                :
        - v. -                  :        S4 16 Cr. 832 (KMK)
                                :
NICHOLAS TARTAGLIONE,           :
                                :
        Defendant.              :
                                :
- - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

1.    From at least in or about 2015, up to and including in or about April 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that NICHOLAS TARTAGLIONE, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.    The controlled substance that NICHOLAS TARTAGLIONE, the defendant, conspired to distribute and possess with intent to distribute was 5 kilograms and more of mixtures

and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

4.   In or about April 2016, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit, a conspiracy to distribute, and to possess with the intent to distribute, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, NICHOLAS TARTAGLIONE, the defendant, intentionally and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Martin Luna, in and around a bar known as the Likquid Lounge at 69 Brookside Avenue, Chester, New York (the "Likquid Lounge"), and did aid and abet the same.

(Title 21, United States Code, Section 848(e)(1)(A);
Title 18, United States Code, Section 2.)

## COUNT THREE

The Grand Jury further charges:

5.   In or about April 2016, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit, a conspiracy to distribute, and to possess with the intent to

distribute, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, NICHOLAS TARTAGLIONE, the defendant, intentionally and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Urbano Santiago, in and around the vicinity of 419 Old Mountain Road in Otisville, New York, and did aid and abet the same.

(Title 21, United States Code, Section 848(e)(1)(A);
Title 18, United States Code, Section 2.)

**COUNT FOUR**

The Grand Jury further charges:

6.    In or about April 2016, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit, a conspiracy to distribute, and to possess with the intent to distribute, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, NICHOLAS TARTAGLIONE, the defendant, intentionally and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Miguel Luna, in and around the vicinity of 419 Old Mountain Road in Otisville, New York, and did aid and abet the same.

(Title 21, United States Code, Section 848(e)(1)(A);
Title 18, United States Code, Section 2.)

3

## COUNT FIVE

The Grand Jury further charges:

7.    In or about April 2016, in the Southern District
of New York, while engaged in an offense punishable under
Section 841(b)(1)(A) of Title 21, United States Code, to wit, a
conspiracy to distribute, and to possess with the intent to
distribute, 5 kilograms and more of mixtures and substances
containing a detectable amount of cocaine, NICHOLAS TARTAGLIONE,
the defendant, intentionally and knowingly killed, and
counseled, commanded, induced, procured, and caused the
intentional killing of Hector Gutierrez, in and around the
vicinity of 419 Old Mountain Road in Otisville, New York, and
did aid and abet the same.

(Title 21, United States Code, Section 848(e)(1)(A);
Title 18, United States Code, Section 2.)

## COUNT SIX

The Grand Jury further charges:

8.    On or about April 11, 2016, in the Southern
District of New York, NICHOLAS TARTAGLIONE, the defendant,
willfully and knowingly, during and in relation to a drug
trafficking crime for which he may be prosecuted in a court of
the United States, namely, the narcotics conspiracy charged in
Count One of this Indictment, did use and carry a firearm, and,
in furtherance of such drug trafficking crime, did possess a

firearm, and in the course of that drug trafficking crime did,
through the use of a firearm, cause the death of Urbano
Santiago, which killing was murder as defined in Title 18,
United States Code, Section 1111(a), and did aid and abet the
same.

(Title 18, United States Code, Sections 924(j) and 2.)

**COUNT SEVEN**

The Grand Jury further charges:

9.   On or about April 11, 2016, in the Southern
District of New York, NICHOLAS TARTAGLIONE, the defendant,
willfully and knowingly, during and in relation to a drug
trafficking crime for which he may be prosecuted in a court of
the United States, namely, the narcotics conspiracy charged in
Count One of this Indictment, did use and carry a firearm, and,
in furtherance of such drug trafficking crime, did possess a
firearm, and in the course of that drug trafficking crime did,
through the use of a firearm, cause the death of Miguel Luna,
which killing was murder as defined in Title 18, United States
Code, Section 1111(a), and did aid and abet the same.

(Title 18, United States Code, Sections 924(j) and 2.)

**COUNT EIGHT**

The Grand Jury further charges:

10.   On or about April 11, 2016, in the Southern
District of New York, NICHOLAS TARTAGLIONE, the defendant,

willfully and knowingly, during and in relation to a drug
trafficking crime for which he may be prosecuted in a court of
the United States, namely, the narcotics conspiracy charged in
Count One of this Indictment, did use and carry a firearm, and,
in furtherance of such drug trafficking crime, did possess a
firearm, and in the course of that drug trafficking crime did,
through the use of a firearm, cause the death of Hector
Gutierrez, which killing was murder as defined in Title 18,
United States Code, Section 1111(a), and did aid and abet the
same.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT NINE

The Grand Jury further charges:

11.  On or about April 11, 2016, in the Southern
District of New York and elsewhere, NICHOLAS TARTAGLIONE, the
defendant, and others known and unknown, unlawfully and
knowingly did conspire to violate Title 18, United States Code,
Section 1201.

12.  It was a part and an object of the conspiracy
that NICHOLAS TARTAGLIONE, the defendant, and others known and
unknown, would and did unlawfully seize, confine, inveigle,
decoy, kidnap, abduct, and carry away and hold for ransom and
reward and otherwise a person, and used a means, facility, and
instrumentality of interstate and foreign commerce in committing

6

and in furtherance of the commission of the offense, to wit,
TARTAGLIONE and others known and unknown agreed to inveigle,
seize, and confine Martin Luna, Urbano Santiago, Miguel Luna,
and Hector Gutierrez in and around the Likquid Lounge.

## Overt Act

13.   In furtherance of the conspiracy and to effect
the illegal object thereof, the following overt act, among
others, was committed in the Southern District of New York and
elsewhere:

a.   On or about April 11, 2016, NICHOLAS
TARTAGLIONE and others lured Martin Luna to the Likquid Lounge,
where TARTAGLIONE and others confined Martin Luna, Urbano
Santiago, Miguel Luna, and Hector Gutierrez and would not permit
them to leave the premises.

(Title 18, United States Code, Section 1201(c).)

## COUNT TEN

The Grand Jury further charges:

14.   On or about April 11, 2016, in the Southern
District of New York and elsewhere, NICHOLAS TARTAGLIONE, the
defendant, and others known and unknown, unlawfully, willfully,
and knowingly did seize, confine, inveigle, decoy, kidnap,
abduct, and carry away and hold for ransom and reward and
otherwise a person, and used a means, facility, and
instrumentality of interstate and foreign commerce in committing

7

and in furtherance of the commission of the offense, and did aid and abet the same, to wit, TARTAGLIONE lured Martin Luna to the Likquid Lounge and confined Martin Luna in and around the Likquid Lounge, which resulted in the death of Martin Luna.

(Title 18, United States Code, Sections 1201(a)(1) and 2.)

### COUNT ELEVEN

The Grand Jury further charges:

15.  On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise a person, and used a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense, and did aid and abet the same, to wit, TARTAGLIONE and others seized and confined Urbano Santiago in and around the Likquid Lounge and in and around the vicinity of 419 Old Mountain Road in Otisville, New York, which resulted in the death of Urbano Santiago.

(Title 18, United States Code, Sections 1201(a)(1) and 2.)

### COUNT TWELVE

The Grand Jury further charges:

16.  On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE, the

defendant, and others known and unknown, unlawfully, willfully, and knowingly did seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise a person, and used a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense, and did aid and abet the same, to wit, TARTAGLIONE and others seized and confined Miguel Luna in and around the Likquid Lounge and in and around the vicinity of 419 Old Mountain Road in Otisville, New York, which resulted in the death of Miguel Luna.

(Title 18, United States Code, Sections 1201(a)(1) and 2.)

## COUNT THIRTEEN

The Grand Jury further charges:

17.   On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise a person, and used a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense, and did aid and abet the same, to wit, TARTAGLIONE and others seized and confined Hector Gutierrez in and around the Likquid Lounge and in and around the vicinity of 419 Old Mountain Road in

Otisville, New York, which resulted in the death of Hector
Gutierrez.

(Title 18, United States Code, Sections 1201(a)(1) and 2.)

## COUNT FOURTEEN

The Grand Jury further charges:

18.   On or about April 11, 2016, in the Southern
District of New York and elsewhere, NICHOLAS TARTAGLIONE, the
defendant, knowingly traveled in interstate and foreign commerce
and used the mails and any facility in interstate and foreign
commerce with intent to commit a crime of violence, namely,
assault and murder, to further an unlawful activity, namely, a
business enterprise involving a controlled substance, and with
intent to promote, manage, establish, and carry on, and
facilitate the promotion, management, establishment, and
carrying on of the unlawful activity, and thereafter did perform
a crime of violence to further the unlawful activity, and did
aid and abet the same, and death resulted, to wit, TARTAGLIONE
arranged for Martin Luna to be lured to the Likquid Lounge,
where Luna was killed.

(Title 18, United States Code, Sections 1952
and 2.)

## COUNT FIFTEEN

The Grand Jury further charges:

19.   On or about April 11, 2016, in the Southern
District of New York and elsewhere, NICHOLAS TARTAGLIONE, the

defendant, knowingly traveled in interstate and foreign commerce and used the mails and any facility in interstate and foreign commerce with intent to commit a crime of violence, namely, assault and murder, to further an unlawful activity, namely, a business enterprise involving a controlled substance, and with intent to promote, manage, establish, and carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity, and thereafter did perform a crime of violence to further the unlawful activity, and did aid and abet the same, and death resulted, to wit, after Urbano Santiago accompanied Martin Luna to the Likquid Lounge, where Luna had been lured by TARTAGLIONE and others, Urbano Santiago was held captive, transported to the vicinity of 419 Old Mountain Road in Otisville, New York, and killed.

(Title 18, United States Code, Sections 1952 and 2.)

## COUNT SIXTEEN

The Grand Jury further charges:

20.   On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE, the defendant, knowingly traveled in interstate and foreign commerce and used the mails and any facility in interstate and foreign commerce with intent to commit a crime of violence, namely, assault and murder, to further an unlawful activity, namely, a business enterprise involving a controlled substance, and with

11

intent to promote, manage, establish, and carry on, and
facilitate the promotion, management, establishment, and
carrying on of the unlawful activity, and thereafter did perform
a crime of violence to further the unlawful activity, and did
aid and abet the same, and death resulted, to wit, after Miguel
Luna accompanied Martin Luna to the Likquid Lounge, where Martin
Luna had been lured by TARTAGLIONE and others, Miguel Luna was
held captive, transported to the vicinity of 419 Old Mountain
Road in Otisville, New York, and killed.

(Title 18, United States Code, Sections 1952<br>and 2.)

**COUNT SEVENTEEN**

The Grand Jury further charges:

21.   On or about April 11, 2016, in the Southern
District of New York and elsewhere, NICHOLAS TARTAGLIONE, the
defendant, knowingly traveled in interstate and foreign commerce
and used the mails and any facility in interstate and foreign
commerce with intent to commit a crime of violence, namely,
assault and murder, to further an unlawful activity, namely, a
business enterprise involving a controlled substance, and with
intent to promote, manage, establish, and carry on, and
facilitate the promotion, management, establishment, and
carrying on of the unlawful activity, and thereafter did perform
a crime of violence to further the unlawful activity, and did
aid and abet the same, and death resulted, to wit, after Hector

12

Gutierrez accompanied Martin Luna to the Likquid Lounge, where

Luna had been lured by TARTAGLIONE and others, Hector Gutierrez

was held captive, transported to the vicinity of 419 Old

Mountain Road in Otisville, New York, and killed.

(Title 18, United States Code, Sections 1952
and 2.)

**SPECIAL FINDINGS**

22.   Counts Two and Ten of this Indictment are

realleged and incorporated by reference as though fully set

forth herein.   As to Counts Two and Ten, alleging the

intentional killing of Martin Luna in furtherance of a drug

trafficking crime (Count Two) and the kidnapping resulting in

death of Martin Luna (Count Ten), the defendant NICHOLAS

TARTAGLIONE:

a.   was 18 years of age or older at the time of

the offense (Title 18, United States Code, Section 3591(a)(2));

b.   intentionally killed the victim (Title 18,

United States Code, Section 3591(a)(2)(A));

c.   intentionally inflicted serious bodily

injury that resulted in the death of the victim (Title 18,

United States Code, Section 3591(a)(2)(B));

d.   intentionally participated in an act,

contemplating that the life of a person would be taken and

intending that lethal force would be used in connection with a

person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3951(a)(2)(D);

f.    caused the death, and injury resulting in death, of the victim, during the commission of an offense under Title 18, United States Code, Section 1201 (kidnapping) (Title 18, United States Code, Section 3592(c)(1));

g.    committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture and serious physical abuse to the victim (Title 18, United States Code, Section 3592(c)(6);

h.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

i.    intentionally killed and attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

23. Counts Three, Six, and Eleven of this Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Three, Six, and Eleven, alleging the intentional killing of Urbano Santiago in furtherance of a drug trafficking crime (Count Three), the murder of Urbano Santiago through the use of a firearm in furtherance of a drug trafficking crime (Count Six), and the kidnapping resulting in death of Urbano Santiago (Count Eleven), the defendant NICHOLAS TARTAGLIONE:

a. was 18 years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

b. intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3951(a)(2)(D);

d.   caused the death, and injury resulting in death, of the victim, during the commission of an offense under Title 18, United States Code, Section 1201 (kidnapping) (Title 18, United States Code, Section 3592(c)(1));

e.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

f.   intentionally killed more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

24.   Counts Four, Seven, and Twelve of this Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Four, Seven, and Twelve, alleging the intentional killing of Miguel Luna in furtherance of a drug trafficking crime (Count Four), the murder of Miguel Luna through the use of a firearm in furtherance of a drug trafficking crime (Count Seven), and the kidnapping resulting in death of Miguel Luna (Count Eleven), the defendant NICHOLAS TARTAGLIONE:

a.   was 18 years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a)(2));

b.   intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a

16

person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

        c.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (Title 18, United States Code, Section 3951(a)(2)(D);

        d.    caused the death, and injury resulting in death, of the victim, during the commission of an offense under Title 18, United States Code, Section 1201 (kidnapping) (Title 18, United States Code, Section 3592(c)(1));

        e.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

        f.    intentionally killed more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

        25.    Counts Five, Eight, and Thirteen of this Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts Five, Eight, and Thirteen, alleging the intentional killing of Hector Gutierrez in

furtherance of a drug trafficking crime (Count Five), the murder
of Hector Gutierrez through the use of a firearm in furtherance
of a drug trafficking crime (Count Eight), and the kidnapping
resulting in death of Hector Gutierrez (Count Thirteen), the
defendant NICHOLAS TARTAGLIONE:

   a. was 18 years of age or older at the time of
the offense (Title 18, United States Code, Section 3591(a)(2));

   b. intentionally participated in an act,
contemplating that the life of a person would be taken and
intending that lethal force would be used in connection with a
person, other than one of the participants in the offense, and
the victim died as a direct result of the act (Title 18, United
States Code, Section 3591(a)(2)(C));

   c. intentionally and specifically engaged in an
act of violence, knowing that the act created a grave risk of
death to a person, other than one of the participants in the
offense, such that participation in the act constituted a
reckless disregard for human life and the victim died as a
direct result of the act (Title 18, United States Code, Section
3951(a)(2)(D);

   d. caused the death, and injury resulting in
death, of the victim, during the commission of an offense under
Title 18, United States Code, Section 1201 (kidnapping) (Title
18, United States Code, Section 3592(c)(1));

e.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

f.    intentionally killed more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**NICHOLAS TARTAGLIONE,**

**Defendant.**

**SUPERSEDING INDICTMENT**

S4 16 Cr. 832 (KMK)

(21 U.S.C. §§ 846 and 848(e);
18 U.S.C. §§ 924(j), 1201(c),
1201(a)(1), 1952, and 2.)

_____
Foreperson

GEOFFREY S. BERMAN
United States Attorney.