UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | S4 16 Cr. 832 (KMK) |
| -v.- | |
| NICHOLAS TARTAGLIONE, | |
| Defendant. | |

## NOTICE OF INTENT TO SEEK THE DEATH PENALTY

The United States of America, by and through its undersigned counsel and pursuant to 18 U.S.C. § 3593(a), notifies the Court and NICHOLAS TARTAGLIONE, the defendant, that the United States believes the circumstances of the offenses charged in Counts Two through Eight and Counts Ten through Thirteen of Superseding Indictment S4 16 Cr. 832 (KMK) are such that, in the event of the defendant's conviction on one or more of those counts, a sentence of death is justified under Chapter 228 (Sections 3591 through 3599) of Title 18 of the United States Code, and that the United States will seek the sentence of death for each of these offenses:  four counts of Intentional Killing in Furtherance of a Drug Trafficking Crime, in violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2; three counts of Murder Through the Use of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Sections 924(j) and 2; and four counts of Kidnapping Resulting in Death, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2, all of which carry a possible sentence of death.

The United States proposes to prove the following factors as justifying a sentence of death:

## COUNTS 2, 10
## INTENTIONAL KILLING IN FURTHERANCE OF A DRUG TRAFFICKING CRIME AND KIDNAPPING RESULTING IN DEATH OF MARTIN LUNA

The defendant was 18 years of age or older at the time of the offense.  18 U.S.C. § 3591(a).

A.    Statutory Threshold Factors Enumerated under 18 U.S.C. § 3591(a)(2)

**1.    Intentional Killing.**  The defendant intentionally killed the victim, Martin Luna. 18 U.S.C. § 3591(a)(2)(A).

**2.    Intentional Infliction of Serious Bodily Injury.**  The defendant intentionally inflicted serious bodily injury that resulted in the death of the victim, Martin Luna.  18 U.S.C. § 3591(a)(2)(B).

**3.    Intentional Participation in an Act Resulting in Death.**  The defendant intentionally participated in an act, contemplating that the life of a person or persons would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Martin Luna, died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

**4.    Intentional Engagement in an Act of Violence, Knowing that the Act Created a Grave Risk of Death.**  The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Martin Luna, died as a direct result of the act.  18 U.S.C § 3591(a)(2)(D).

B.     Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c)

    **1.**     **Death During Commission of Another Crime.**  The death, and injury resulting in death, of Martin Luna, occurred during the commission and attempted commission of an offense under Title 18, United States Code, Section 1201 (kidnapping).  18 U.S.C. § 3592(c)(1).

    **2.**     **Heinous, Cruel, and Depraved Manner of Committing the Offense.**  The defendant committed the offense in an especially heinous, cruel, and depraved manner in that it involved torture and serious physical abuse to the victim, Martin Luna.  18 U.S.C. § 3592(c)(6).

    **3.**     **Substantial Planning and Premeditation**.  The defendant committed the offense after substantial planning and premeditation to cause the death of a person.   18 U.S.C. § 3592(c)(9).

    **4.**     **Multiple Killings**.  The defendant intentionally killed and attempted to kill more than one person in a single criminal episode.  18 U.S.C. § 3592(c)(16).

C.     Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2)

    **1.**     **Victim Impact.**  The defendant caused injury, harm, and loss to the family and friends of the victim, Martin Luna.  The injury, harm, and loss caused by the defendant with respect to the victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his family and friends.

    **2.**     **Former Law Enforcement Officer.**  The defendant served as a law enforcement officer prior to committing the offense.

<u>**COUNTS 3. 6, & 11**</u>
**INTENTIONAL KILLING IN FURTHERANCE OF A DRUG TRAFFICKING CRIME,
MURDER THROUGH THE USE OF A FIREARM IN FURTHERANCE OF A DRUG
TRAFFICKING CRIME, AND KIDNAPPING RESULTING IN DEATH OF URBANO
SANTIAGO**

The defendant was 18 years of age or older at the time of the offense.  18 U.S.C. § 3591(a).

A.      <u>Statutory Threshold Factors Enumerated under 18 U.S.C. § 3591(a)(2)</u>

1.      **Intentional Participation in an Act Resulting in Death.**  The defendant intentionally participated in an act, contemplating that the life of a person or persons would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Urbano Santiago, died as a direct result of the act. 18 U.S.C § 3591(a)(2)(C).

2.      **Intentional Engagement in an Act of Violence, Knowing that the Act Created a Grave Risk of Death.**  The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Urbano Santiago, died as a direct result of the act.  18 U.S.C § 3591(a)(2)(D).

B.      <u>Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).</u>

1.      **Death During Commission of Another Crime.**  The death, and injury resulting in death, of Urbano Santiago, occurred during the commission and attempted commission of an offense under Title 18, United States Code, Section 1201 (kidnapping).  18 U.S.C. § 3592(c)(1).

2.      **Substantial Planning and Premeditation**.  The defendant committed the offense after substantial planning and premeditation to cause the death of a person.  18 U.S.C. § 3592(c)(9).

    **3.**    **Multiple Killings**.  The defendant intentionally killed and attempted to kill more than one person in a single criminal episode.  18 U.S.C. § 3592(c)(16).

C.    <u>Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2)</u>

    **1.**    **Victim Impact.**  The defendant caused injury, harm, and loss to the family and friends of the victim, Urbano Santiago.  The injury, harm, and loss caused by the defendant with respect to the victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his family and friends.

    **2.**    **Former Law Enforcement Officer.**  The defendant served as a law enforcement officer prior to committing the offense.

    **3.**    **Obstruction of Justice.**  Urbano Santiago was kidnapped and killed to prevent him from providing information to law enforcement regarding the kidnapping and murder of Martin Luna.

<u>**COUNTS 4, 7, & 12**</u>
**INTENTIONAL KILLING IN FURTHERANCE OF A DRUG TRAFFICKING CRIME, MURDER THROUGH THE USE OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME, AND KIDNAPPING RESULTING IN DEATH OF MIGUEL LUNA**

    The defendant was 18 years of age or older at the time of the offense.  18 U.S.C. § 3591(a).

A.    <u>Statutory Threshold Factors Enumerated under 18 U.S.C. § 3591(a)(2)</u>

    **1.**    **Intentional Participation in an Act Resulting in Death.**  The defendant intentionally participated in an act, contemplating that the life of a person or persons would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Miguel Luna, died as a direct result of the act.  18 U.S.C § 3591(a)(2)(C).

**2.      Intentional Engagement in an Act of Violence, Knowing that the Act Created a Grave Risk of Death.**  The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Miguel Luna, died as a direct result of the act.  18 U.S.C. § 3591(a)(2)(D).

B.      Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

**1.      Death During Commission of Another Crime.**  The death, and injury resulting in death, of Miguel Luna, occurred during the commission and attempted commission of an offense under Title 18, United States Code, Section 1201 (kidnapping).  18 U.S.C. § 3592(c)(1).

**2.      Substantial Planning and Premeditation**.  The defendant committed the offense after substantial planning and premeditation to cause the death of a person.  18 U.S.C. § 3592(c)(9).

**3.      Multiple Killings**.  The defendant intentionally killed and attempted to kill more than one person in a single criminal episode.  18 U.S.C. § 3592(c)(16).

C.      Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2)

**1.      Victim Impact.**  The defendant caused injury, harm, and loss to the family and friends of the victim, Miguel Luna.  The injury, harm, and loss caused by the defendant with respect to the victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his family and friends.

**2.      Former Law Enforcement Officer.**  The defendant served as a law enforcement officer prior to committing the offense.

3.      **Obstruction of Justice.**  Miguel Luna was kidnapped and killed to prevent him from providing information to law enforcement regarding the kidnapping and murder of Martin Luna.

**COUNTS 5. 8, & 13**
**INTENTIONAL KILLING IN FURTHERANCE OF A DRUG TRAFFICKING CRIME, MURDER THROUGH THE USE OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME, AND KIDNAPPING RESULTING IN DEATH OF HECTOR GUTIERREZ**

The defendant was 18 years of age or older at the time of the offense.  18 U.S.C. § 3591(a).

A.      Statutory Threshold Factors Enumerated under 18 U.S.C. § 3591(a)(2)

1.      **Intentional Participation in an Act Resulting in Death.**  The defendant intentionally participated in an act, contemplating that the life of a person or persons would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Hector Gutierrez, died as a direct result of the act. 18 U.S.C § 3591(a)(2)(C).

2.      **Intentional Engagement in an Act of Violence, Knowing that the Act Created a Grave Risk of Death.**  The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Hector Gutierrez, died as a direct result of the act.  18 U.S.C § 3591(a)(2)(D).

B.      Statutory Aggravating Factors Enumerated under 18 U.S.C. § 3592(c).

1.      **Death During Commission of Another Crime.**  The death, and injury resulting in death, of Hector Gutierrez, occurred during the commission and attempted commission of an offense under Title 18, United States Code, Section 1201 (kidnapping).  18 U.S.C. § 3592(c)(1).

7

    **2.**    **Substantial Planning and Premeditation**.   The defendant committed the offense after substantial planning and premeditation to cause the death of a person.  18 U.S.C. § 3592(c)(9).

    **3.**    **Multiple Killings**.  The defendant intentionally killed and attempted to kill more than one person in a single criminal episode.  18 U.S.C. § 3592(c)(16).

C.    <u>Non-Statutory Aggravating Factors Identified under 18 U.S.C. § 3593(a)(2)</u>

    **1.**    **Victim Impact.**  The defendant caused injury, harm, and loss to the family and friends of the victim, Hector Gutierrez.  The injury, harm, and loss caused by the defendant with respect to the victim is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his family and friends.

    **2.**    **Former Law Enforcement Officer.**  The defendant served as a law enforcement officer prior to committing the offense.

    **3.**    **Obstruction of Justice.**  Hector Gutierrez was kidnapped and killed to prevent him from providing information to law enforcement regarding the kidnapping and murder of Martin Luna.

The Government further gives notice that in support of the imposition of the death penalty it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the Superseding Indictment as they relate to the background and character of NICHOLAS TARTAGLIONE, the defendant, his moral culpability, and the nature and circumstances of the offenses charged in the Superseding Indictment.

Respectfully Submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By:   /s/ Michael Gerber
Michael Gerber
Jason M. Swergold
Assistant United States Attorneys

Cc:   Defense Counsel (via ECF)

9