

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

July 19, 2019

**By ECF**

The Honorable Kenneth M. Karas
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

*Re: United States v. Nicholas Tartaglione,*
*16 Cr. 832 (S-4) (KMK)*

Dear Judge Karas:

We represent Defendant Nicholas Tartaglione in the above referenced matter. It has come to our attention that the Bureau of Prisons ("BOP") recently confiscated a cellular telephone that had been found in Mr. Tartaglione's cell in violation of the institutional rules of the Metropolitan Correctional Center ("MCC"). Because we have a good faith basis to believe that privileged material exists within the communications stored on that telephone, we write to respectfully request that certain procedures be immediately undertaken to ensure that privileged material does not inadvertently fall into the hands of the Government's trial team in the case.

At the outset we respectfully request that the Government be directed to refrain from accessing the phone absent a search warrant. Second, assuming *arguendo* a valid basis to search the phone exists and that a search warrant is or has been issued, then we ask that the following procedures be put in place: (1) the Government designate a filter team (also referred to as a taint, conflict, or wall team), separate from its trial team, to be the only members of the United States Attorney's Office to receive copies of the contents of that cellular telephone without further authorization from this Court; (2) that defense counsel be provided with all communications extracted from that telephone (e.g., text messages and any attachments thereto) at the same time such communications are provided to the Government's filter team; and (3) that a briefing schedule be set to litigate any claims of privilege that will be raised by the defense in relation to such material.

With respect to scheduling, and again assuming *arguendo* that a valid basis for a search exists and that a search warrant is issued, we propose the following schedule:

- Deadline for simultaneous disclosure of cell phone extractions to the defense and the Government's filter team: August 19, 2019

- Defense privilege log due: September 3, 2019

- Government response to defense claims of privilege due: September 17, 2019

- Defense reply to Government response due: September 24, 2019.

As this Court is aware, the use of a designated filter team, like the one suggested here, is a "common procedure" in this District. United States v. Ceglia, Docket No. 12 Cr. 876 (VSB), 2015 WL 1499194, at *1 (SDNY March 30, 2015); see also United States v. Budovsky, Docket No. 13 Cr. 368 (DLC), 2016 WL 386133, at *9 n.24 (SDNY January 28, 2016) (noting use of filter team during review of defendant's MCC emails and telephone recordings to ensure that the Government's trial team "did not have access to communications between [the defendant] and his counsel") United States v. Sattar, Docket No. 02 Cr. 395 (JGK), 2003 WL 22137012, at *16 (S.D.N.Y. Sept. 15, 2003) (discussing review of the defendant's MCC telephone calls, explaining, "Use of the taint team ensures that members of the Government Trial Team are not exposed to potentially privileged material."), aff'd sub nom., United States v. Stewart, 590 F.3d 93 (2d Cir. 2009).

In Celgia, Judge Broderick described the procedures that had been agreed to by the parties and that we submit would be appropriate here:

> Pursuant to an agreement between the Government and Ceglia, through Ceglia's counsel at the time, the documents subject to these claims of privilege were produced to Ceglia and to the Wall AUSA. The Wall AUSA is an Assistant United States Attorney in the Southern District of New York who is not part of the Ceglia prosecution team. The Wall AUSA, separately and independently from the Ceglia prosecution team, reviewed the potentially privileged documents to determine whether the Government would engage in litigation to attempt to defeat the claim of privilege and obtain the documents. The Wall AUSA is prohibited from communicating any information related to the potentially privileged documents to any member of the Ceglia prosecution team.

Ceglia, 2015 WL 1499194, at *1 (internal docket references omitted).

While the use of a filter team is not appropriate when it would insure to the defendant's detriment, see In re Search Warrant for Law Offices Executed on March 19, 1992, 153 F.R.D. 55, 59 (SDNY 1994) ("reliance on the implementation of [an ethical] Wall, especially in the context of a criminal prosecution, is highly questionable and should be discouraged. The appearance of Justice must be served, as well as the interests of Justice. It is a great leap of faith

to expect that members of the general public would believe that any such [ethical] wall would be impenetrable; this notwithstanding the honor of an AUSA"); United States v. Kaplan, No. 02 CR. 883 (DAB), 2003 WL 22880914, at *12 (S.D.N.Y. Dec. 5, 2003) ("*disapproving* [of] the Government's use of an ethical wall … before any challenge to those determinations can be raised by a Defendant and determined by a court") (emphasis in original), here the use of a Government filter team for purposes of litigating the defendant's privilege claims is the only way – short of denying a search warrant over the seized telephone – to ensure any level of protection for Mr. Tartaglione in this instance. And counsel notes that we know of no cases in this District where the use of a filter team has been proposed or consented to by the defense and then refused by the Government or rejected by the court.

Accordingly, Defendant Nicholas Tartaglione, by and through counsel, respectfully request that the Government be directed to refrain from accessing the cellular telephone seized from the defendant's cell, absent a search warrant. Defendant further requests, assuming *arguendo* a valid basis to search the phone exists and that a search warrant is or has been issued, that that the following procedures be put in place: (1) the Government designate a filter team, separate from its trial team, to be the only members of the United States Attorney's Office to receive copies of the contents of that cellular telephone without further authorization from this Court; (2) that defense counsel be provided with all communications extracted from that telephone (e.g., text messages and any attachments thereto) at the same time such communications are provided to the Government's filter team; and (3) that the briefing schedule outlined above be set to litigate any claims of privilege that will be raised by the defense in relation to such material.

As always, we thank Your Honor for his time and consideration.

Respectfully submitted,

/S/

Bruce A. Barket
Aida F. Leisenring
Anthony L. Ricco
Bruce D. Koffsky
*Attorneys for Defendant Nicholas Tartaglione*

—On the brief—
Michael K. Bachrach

cc: All counsel of record (by ECF)