

**U.S. Department of Justice**

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

July 22, 2019

**BY ECF**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re: *United States v. Nicholas Tartaglione*, S4 16 Cr. 832 (KMK)

Dear Judge Karas:

    The Government respectfully submits this letter in response to the defense letter motion dated July 19, 2019. By way of background, MCC legal staff have informed the Government that on or about July 3, 2019, MCC corrections officers seized a cellphone from defendant Tartaglione's cell (the "Cellphone"). Although the officers observed the Cellphone in the defendant's hand, the defendant told the officers that the Cellphone in fact belonged to his cellmate, who—the defendant claimed—had thrown the Cellphone to the defendant as officers approached the cell. Since July 3, 2019, the Cellphone has remained in the custody of the Bureau of Prisons ("BOP"). According to MCC legal staff, the Cellphone is a mini-cellphone that is only capable of making voice calls and does not have the ability to send or receive text or other written messages. The Government has requested that BOP transfer the phone to the custody of the Federal Bureau of Investigation ("FBI"). Once the FBI has received the phone, the Government intends to seek a warrant permitting a search of its contents.

    Because the Government does not currently possess the Cellphone and has not yet obtained a warrant to search the Cellphone, the defense motion is premature. Moreover, once the Government obtains such a warrant, the Government respectfully submits that in light of the above-described background, several open issues will influence any determination regarding the appropriate steps for review. First, given the defendant's initial insistence that the Cellphone does not belong to him, the Government seeks clarification regarding whether the defendant now concedes that the Cellphone in fact belonged to him. If not, the defendant lacks standing to challenge any search of the phone or a review of its contents. Second, the Government needs to determine whether the Cellphone is in fact capable of sending or receiving text or written messages. If not, there is no conceivable privilege covering its contents. Third, the Government seeks clarification regarding whether the asserted privilege is attorney-client, spousal, or some other form of privilege. Depending on the clarification of those three issues, the Government and defense counsel may be able to reach agreement regarding the scope of review without the need for Court intervention.

Accordingly, the Government respectfully requests that the Court defer ruling on the defense motion.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: /s/ Maurene Comey
    Maurene Comey
    Jason Swergold
    Michael Gerber
    Assistant United States Attorneys
    (212) 637-2324 / 1023 / 2470

Cc: Counsel of record (by ECF)