

BARKET EPSTEIN & KEARON, LLP

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

350 FIFTH AVENUE, SUITE 6400
NEW YORK, NEW YORK 10118
212.972.1710
ALL MAIL TO GARDEN CITY ADDRESS

August 20, 2019

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    *United States v. Nicholas Tartaglione*
               **16 Cr. 832 (KMK)**

Dear Judge Karas,

     I write in advance of tomorrow's court appearance to ask that the court order that Mr. Tartaglione be moved from the MCC and detained at another facility. The continuing and seemingly unresolvable problems with the conditions of Mr. Tartaglione's confinement coupled with the unfortunate attempted suicide by a cellmate, to which Mr. Tartaglione is a critical witness, and the successful suicide of that same person makes his continued detention at the MCC inappropriate. I am copying the AUSA's and Stuart Smith of the US Marshal's service who I am told is the person who decides where federal inmates are detained.

     The conditions at MCC have largely remained constant and deplorable for the entire time Mr. Tartaglione has been detained there. There remains a serious rodent and insect infestation problem. There is mold on the sink in his cell from which he is forced to drink from. He is not permitted to shower regularly. He is not permitted outside on a regular basis. The recreation time offered while in SHU is another cell with a single stationary bike. Water leaks into his cell whenever the showers are used. Although the legal staff has made it their personal task to bring new books to Mr. Tartaglione, he is still not regularly receiving mail, or newspapers. He is only permitted to review the disks containing his legal work and discovery prior to and after legal visits, in the attorney visiting room. The legal visits, even with the courtesy of the MCC making appointments, have left lawyers, investigators and mitigation specialist waiting hours before the visit. To be clear, at times there is little or no wait, but those instances are less common than waiting for an hour or more, once the person visiting is in attorney room.

  Equally troubling has been numerous comments made to him by guards at the facility implying that he and his lawyer should "shut up," "stop talking" and "stop complaining" to name a few of the comments various guards have made.  The clear message Mr. Tartaglione has received is that if he conveys information about the facility or about the recent suicide, there will be a price to pay.  Whether or not the investigators into the suicide chose to interview Mr. Tartaglione about the attempted suicide to which he was witness or about how the facility is run and the conditions under which the inmates are forced to live, the correction officers know he has information potentially very damaging to the very people now charged with guarding him or their coworkers.

  We are asking that he be moved to any other detention facility in the metropolitan area.  There are several that hold federal inmates, including the Nassau County Correctional Center or Westchester County Jail, where people facing the death penalty have been detained.

  Thank you for your consideration.

Respectfully submitted,

  /s/Bruce Barket          
Bruce A. Barket
Aida F. Leisenring

cc via ecf:
All counsel

cc via email to:
Stuart Smith
US Marshal's service
SSmith3@usms.doj.gov