

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

August 23, 2019

**REQUEST TO BE FILED UNDER SEAL**
**BY EMAIL & HAND**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**MEMO ENDORSED**

Re: *United States v. Nicholas Tartaglione*, S4 16 Cr. 832 (KMK)

Dear Judge Karas:

    The Government respectfully submits this letter to update the Court regarding the available housing for the above-referenced defendant within the Bureau of Prisons ("BOP").

    By way of background, beginning on December 20, 2016, the defendant was housed at the Metropolitan Correctional Center in Manhattan (the "MCC"). On January 25, 2017, the defendant was transferred to the Metropolitan Detention Center in Brooklyn (the "MDC"). The defendant remained at the MDC until January 22, 2018, at which point he was transferred back to the MCC, where he remains to date. During his pretrial detention, the defendant has incurred five disciplinary sanctions. First, on June 20, 2017, he was sanctioned for Mail Abuse. Second and third, on October 10, 2017, he was sanctioned for two separate instances of Giving or Accepting Money Without Authorization. Fourth, on April 4, 2018, he was sanctioned for Fighting with Another Person. Fifth, on August 1, 2019, he was sanctioned for Possession of a Hazardous Tool (Cell Phone). As a result of his most recent infraction, the defendant must remain in disciplinary segregation within a Special Housing Unit ("SHU") until September 14, 2019.

    Since the August 21, 2019 conference in this case, the United States Marshals Service ("USMS") and the Government have been in contact with the Legal Departments at both the MDC and the MCC. Based on those communications, the Government understands that the MDC is willing to accept the defendant back at its facility. However, the MDC has indicated that even after his disciplinary time in the SHU expires on September 14, 2019, the MDC would likely keep the defendant in administrative status detention in the SHU unless and until the MDC can identify a general population unit where the defendant can be safely housed. In particular, the MDC Legal Department and Warden have provided the following explanation for their determination that the defendant will likely remain in the SHU should he be transferred to the MDC:

> MDC Brooklyn has serious concerns regarding Tartaglione's placement in general population. First, Tartaglione is a former law-enforcement officer. His status as prior law-enforcement poses a serious threat to Tartaglione's personal safety. In addition, not only is Mr. Tartaglione prior law-enforcement, such status is well known because he is the subject of a high-profile prosecution. Said prosecution has been made higher-profile given the recent media attention he has received following recent events at MCC New York. Such media attention, including numerous statements by his attorney that his client has information to provide authorities, may further jeopardize his well-being in general population. Even an appearance that he is willing to cooperate with law enforcement officials, coupled with his status as a prior law-enforcement official, may make him a greater target for inmate violence.
>
> Notwithstanding MDC Brooklyn's need to protect Mr. Tartaglione from inmates in the general population who might wish to cause him, or anyone like him, harm, the institution must also ensure the safety and security of the rest of the population and the public. While in custody, Mr. Tartaglione has committed five (5) disciplinary infractions for which he has been sanctioned. He has also been investigated for harassing inmates on his previous general population unit at MDC Brooklyn. It has also been reported to us by the United States Attorney's Office that Mr. Tartaglione should not be housed with inmates who are cooperators.
>
> Given the totality of the circumstances—the nature and severity of his alleged crimes, his status as former law-enforcement, the high profile nature of his criminal case, the current media attention surrounding his alleged willingness to talk to authorities about events at MCC New York, his disciplinary history, and his behavioral history in general population—Mr. Tartaglione would likely remain in SHU at MDC Brooklyn after the completion of his disciplinary segregation sanction.

The MDC indicated that its staff would regularly review the defendant's administrative detention status and seek to identify a general population unit where he could be safely housed. Upon identifying such a unit, the MDC would allow the defendant to leave the SHU and be housed in general population. Given the concerns detailed by the MDC, however, it appears unlikely that such a general population unit would be identified.

With this understanding in mind, the Government has asked the MDC to provide details regarding the conditions of confinement within the MDC SHU. In response, the MDC Legal Department has indicated that the defendant would be housed with a cellmate in a cell with a window. The defendant would be permitted to keep five books, three magazines, and one newspaper in his cell. The defendant would be permitted to purchase certain items from commissary. The defendant would be offered recreation for one hour per day, five days per week,

August 23, 2019
Page 3 of 4

which would take place on a recreation deck that is fully enclosed but allows for fresh air and sunlight. The defendant would be able to review his discovery on a computer in the SHU upon request.

Additionally, the MDC Legal Department has indicated that there are three attorney visiting rooms available for its SHU inmates. Although the defendant has lost social visiting privileges as a result of his most recent disciplinary infraction, the MDC Warden had indicated that if meetings with the defendant's family are necessary for preparation of the defense in this case, defense counsel may make a written request explaining the need for the visit. Such requests will be reviewed on a case-by-case basis by the Warden. If approved, any such visit will take place in a non-contact social visiting room in the SHU.

The Government has also consulted with the MCC Legal Department since the August 21, 2019 conference. Based on those communications, the Government understands that upon completion of the defendant's disciplinary sanction in the SHU on September 14, 2019, the MCC is prepared to place the defendant in a general population unit because the MCC has identified a unit that it views as a safe housing option for the defendant. The MCC Legal Department has further indicated that should the defendant remain at the MCC, they will continue to work with defense counsel and the Government to address any concerns that arise regarding legal visits and the conditions of confinement.

The Government has informed defense counsel, Bruce Barket, Esq., of the positions of the MDC and the MCC. In response, Mr. Barket has indicated that he would like additional time to discuss these matters with the defendant, the defense team, the Government, and the Legal Departments of the MCC and MDC. Following those discussions, the defense will indicate whether they continue to request that the defendant be transferred to the MDC or whether they would prefer to forego a transfer at this time. Should the Court have any questions or require any additional information regarding these matters, the Government will promptly provide additional updates.

August 23, 2019
Page 4 of 4

Because this letter provides details regarding the transfer and movements of inmates within the BOP, the Government respectfully requests that this letter be filed under seal to ensure the continued security of BOP operations. The Government has consulted with Mr. Barket, who indicated he consents to this request for sealing.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: /s/ Maurene Comey
Maurene Comey
Jason Swergold
Assistant United States Attorneys

Cc: Counsel of record (by email)
Adam Johnson, Esq. (by email)
Stephanie Scannell, Esq. (by email)
Nicole McFarland, Esq. (by email)
Holly Pratesi, Esq. (by email)
Supervisory Deputy U.S. Marshal Stuart Smith (by email)

The Clerk of Court is directed to temporarily file this letter under seal. The government is directed to file a letter, by 8/29/2019, explaining its reasons why this letter should permanently remain under seal. To the extent possible, the government should analogize to relevant case law.

So ordered.

SO ORDERED
KENNETH M. KARAS U.S.D.J.
8/26/2019