

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

August 29, 2019

**BY ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    *United States v. Nicholas Tartaglione*, S4 16 Cr. 832 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter in support of its application to seal its August 23, 2019 letter (the "Letter") regarding the above-referenced defendant's housing within the Bureau of Prisons ("BOP"). Based on its conferrals with BOP legal counsel, who have requested that the Letter be filed under seal in its entirety, the Government respectfully requests that the Letter be maintained under seal because it does not qualify as a judicial document as that term has been defined in the relevant case law. Should the Court determine that the Letter is a judicial document, however, the Government respectfully requests that certain portions be redacted on the public docket.

      "In determining whether a document should be publicly accessible, a court should: (i) determine if it is a judicial document; (ii) determine the weight of the presumption of access attached to it, and (iii) balance the countervailing interests against the presumption of access." *United States v. Smith*, 985 F. Supp. 2d 506, 518 (S.D.N.Y. 2013) (Karas, J.). "To qualify as a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Ello v. Singh*, 531 F. Supp. 2d 552, 583 (S.D.N.Y. 2007) (Karas, J.) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 119 (2d Cir. 2006)). The "mere filing" of a letter with the court "is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F. 3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")

      The Government respectfully submits that the Letter does not qualify as a judicial document because it has no bearing on the charges contained in the pending indictment. Rather, the Government filed the Letter in response to a request by defense counsel that the defendant be transferred from MCC New York to MDC Brooklyn. The location where the defendant is to be detained pending trial is ancillary to his criminal prosecution, which is the case and controversy

before the Court.  The Letter does not discuss the facts or the law related to the pending charges; rather, it simply provides a status report to the Court regarding internal determinations by the Bureau of Prisons.  Accordingly, the entirety of the Letter does not qualify as a judicial document entitled to a presumption of public access.

Should the Court determine that the Letter qualifies as a judicial document, however, redaction of certain paragraphs within the Letter is nevertheless warranted.  In particular, the BOP has requested that the first three paragraphs on page two of the Letter, as well as all but the first sentence of the first full paragraph on page three of the Letter (the "Paragraphs") be redacted.  The BOP maintains that the public filing of those Paragraphs would jeopardize its law enforcement functions and inappropriately hamper its internal deliberative processes if made publicly available.

"The presumption of access is based on the need for federal courts, although independent . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*").  However, "an abundance of statements and documents generated in federal litigation actually have little or no bearing on the exercise of Article III judicial power." *Id.*  The Second Circuit has emphasized that "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 1049.

Given its focus on a purely ancillary matter to the criminal charges, the Letter is not analogous to a filing with direct bearing on a litigant's rights, such as a motion for summary judgment, suppression motion, or motion in limine.  *See Amodeo II*, 71 F. 3d at 1049 (a strong presumption attaches to "documents used to determine litigants' substantive legal rights").  Rather, the Letter informs the Court of the internal deliberations of the BOP regarding the location where a defendant may be housed pending trial.  Because "[a] pre-trial detainee does not have the right to be housed at the facility of his choice," the request of defense counsel that the defendant be transferred does not directly affect the adjudication of this criminal case. *Falcon v. U.S. Bureau of Prisons*, 852 F. Supp. 1413, 1420 (S.D. Ill. 1994), *aff'd*, 52 F.3d 137 (7th Cir. 1995).  Accordingly, any presumption of public access in this case should be afforded little weight.

Meanwhile, the competing considerations of the BOP merit substantial weight, and counsel in favor of redacting the Paragraphs.  "[N]either the First Amendment nor the common law right of access is absolute." *Smith*, 985 F. Supp. 2d at 518 (citing *Waller v. Georgia*, 467 U.S. 39, 45 (1984)).  Accordingly, "that access may be denied 'where court files might . . . become a vehicle for improper purposes,' such as 'to gratify private spite or promote public scandal.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 603 (1978)).  In addition, "the Second Circuit has held that the qualified right of access may yield to, among other things, the 'privacy interests of innocent third parties' and 'the danger of impairing law enforcement.'" *Id.* at 519 (quoting *Amodeo II*, 71 F. 3d at 1050).

The BOP's role in detaining pretrial defendants, including defendants charged with violent crimes, involves the protection of the public in a manner similar to that of law

enforcement agencies investigating criminal activity. *See Clark v. United States*, No. 1:09-CV-1401-SCJ, 2012 WL 13072110, at *1 (N.D. Ga. May 17, 2012) (sealing prison policy documents and summary judgment arguments based on those policies to "ensure the safety of inmates and staff at federal penitentiaries"). The public filing of the Paragraphs would hinder the internal deliberative processes of the MDC and thereby jeopardize the BOP's ability to carry out its function of securing pretrial defendants. This concern finds analogous support in the context of the deliberative process privilege outlined in the context of Freedom of Information Act ("FOIA") requests pertaining to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Tigue v. U.S. Dept. of Justice*, 312 F. 3d 70, 76 (2d Cir. 2002) (internal citations omitted). The Paragraphs detail and enumerate considerations taken into account in order to make an appropriate housing decision for a defendant charged with multiple murders. The public filing of such deliberations would hamper the ability and confidence of MDC officials to "communicate candidly among themselves." *Id.* By contrast, maintaining such deliberations under seal enhance the quality of future agency decisions "by protecting open and frank discussion among those who make [decisions] within the Government." *Id.*

Further, disclosure of this information could risk circumvention of the law, a concern that finds parallels in an exemption under FOIA. *See* 5 U.S.C. § 552(b)(7)(E). The public revelation of internal deliberations concerning a defendant's appropriate placement within the inmate population (whether generally, or more specifically to an individual housing unit), would enable other inmates to alter their behavior and manipulate their housing assignments to cause harm to others or engage in illicit behavior. BOP has expressed concerns that such information could open the floodgates to all pre-trial detainees to attempt to dictate in what facility and under what conditions they should be detained. Relatedly, the paragraph on page 3 reveals the MDC's willingness to make an exception to its policies and procedures given the exceptional nature of the defendant's proceedings and the necessity to ensure the defendant be able to properly prepare his criminal defense. BOP has expressed concerns that the release of this information will lead to other inmates seeking to take advantage of similar accommodations, not to ensure the preparation of their legal defense, but merely to recover visitation privileges with family and friends and subvert the power and effect of disciplinary sanctions imposed to deter future misconduct in the institution.

August 29, 2019
Page 4 of 4

      Accordingly, the Government respectfully requests that the Letter be maintained under seal. Should the Court deny that request, however, the Government respectfully requests that the Paragraphs identified by BOP be redacted in any public filings.

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                      United States Attorney

                           By:      /s/
                                      Maurene Comey
                                      Jason Swergold
                                      Assistant United States Attorneys

Cc:     Counsel of record (by ECF)
        Adam Johnson, Esq. (by email)
        Stephanie Scannell, Esq. (by email)
        Nicole McFarland, Esq. (by email)
        Holly Pratesi, Esq. (by email)
        Supervisory Deputy U.S. Marshal Stuart Smith (by email)