

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

September 11, 2019

**BY ECF**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

     Re: *United States v. Nicholas Tartaglione*, S4 16 Cr. 832 (KMK)

Dear Judge Karas:

  The Government respectfully submits this letter in response to the September 6, 2019 and September 10, 2019 letters from members of the press regarding the sealing of its August 23, 2019 letter (the "Letter") and the August 28, 2019 letter from defense counsel (the "Defense Letter," and collectively, the "Letters") regarding the above-referenced defendant's housing within the Bureau of Prisons ("BOP"). Based on its conferrals with BOP legal counsel, who have continued in their request that the Letters be filed under seal in their entirety, the Government respectfully submits that both documents should remain under seal, or, in the alternative, be redacted.

  As set forth in its prior filings, the Government respectfully submits that the Letters are not judicial documents. The Government filed its Letter in response to a directive by the Court that the Government consult with the BOP to determine whether the Metropolitan Detention Center ("MDC") would accept the defendant as an inmate. Consistent with that directive, the Government consulted with BOP legal counsel and then drafted the Letter setting forth the BOP's position regarding the conditions under which such a transfer would be possible. In other words, the Letter set forth the defendant's possible housing options. The Letter did *not* oppose a defense request for a transfer or seek any particular ruling from the Court. Rather, the Letter described the defendant's housing options and informed the Court that the defense had indicated to the Government that the defendant wished to consider those options before deciding whether to continue in his request to be transferred.[1] Similarly, the Defense Letter reported that the parties were attempting to reach a resolution regarding the defendant's housing within BOP. The defense further indicated that the

---

[1] The Letter also included a request for sealing. The Court subsequently directed the Government to file a letter in support of its request for sealing by August 29, 2019. Accordingly, the New York Times is mistaken when it suggests that the Government "belatedly" submitted its sealing request. (Dkt. No. 156 at 2.)

September 11, 2019
Page 2 of 2

parties would inform the Court once the parties either reached a resolution or elected to seek intervention by the Court.

The classification of a filing as a judicial document hinges on whether "the document was submitted to the Court for purposes of seeking or opposing an adjudication." *United States v. Saltar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006). Because the Letters simply delineate internal deliberations of the BOP regarding the housing options for a pretrial detainee and relay the parties' intentions to seek a resolution, they do not fall within the category of documents submitted to a Court seeking a ruling on a motion or other application. Accordingly, the Government respectfully submits that the Letters do not constitute judicial documents subject to the right of public access.

Should the Court determine that the Letters are judicial documents, however, BOP still seeks redaction of the portions identified in the Government's prior filings to protect its internal deliberative process and law enforcement function. As set forth in the Government's prior submissions, it is the BOP's judgment that disclosure of those portions of the Letters would indeed chill the BOP deliberative process and would risk the circumvention of the law by inmates. Accordingly, to protect its law enforcement function in maintaining the secure detention of inmates charged with federal crimes—including this defendant, who is charged with four murders—the BOP has asked that if the Letters are deemed judicial documents, that the identified portions be redacted on the public docket.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Maurene Comey & Jason Swergold
Assistant United States Attorneys

Cc: Counsel of record (by ECF)
Adam Johnson, Esq. (by email)
Stephanie Scannell-Vessella, Esq. (by email)
Nicole McFarland, Esq. (by email)
Holly Pratesi, Esq. (by email)
Supervisory Deputy U.S. Marshal Stuart Smith (by email)