

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

January 16, 2020

**BY ECF**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

<span style="color:red">**MEMO ENDORSED**</span>

Re:     *United States v. Nicholas Tartaglione*, S4 16 Cr. 832 (KMK)

Dear Judge Karas:

The Government respectfully submits this letter in opposition to the defense motion dated January 13, 2020 (the "Motion" or "Mot."), in which the defense requests an evidentiary hearing regarding the Metropolitan Correctional Center's ("MCC") failure to preserve video footage from outside of the defendant's cell on July 22 and July 23, 2019.[1]  In the Motion, the defense argues that the missing video footage would have provided mitigating evidence for a potential penalty phase of his trial (Mot. at 2-3), and that a hearing is necessary to determine the circumstances of the loss of the video, and whether sanctions are appropriate.  (Mot. at 2).  As discussed in detail below, the defendant's motion should be denied because he can obtain comparable evidence by other reasonably available means.  In particular, the Government does not intend to dispute the defense's assertion that the defendant called MCC staff to the cell that he shared at the time with Jeffrey Epstein, and multiple witnesses are available to testify to that fact.  As such, the unavailability of video to confirm this undisputed fact is immaterial to the defense, and no hearing is necessary.

I.     **Applicable Law**

Spoliation "'is the destruction or significant alteration of evidence, or failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 457 (2d Cir. 2007) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).  In a criminal context, spoliation of evidence implicates the Due Process Clause only if both the missing evidence "would play a

---

[1] No employee of the United States Attorney's Office was copied on either defense counsel's July 25, 2019 e-mail to MCC requesting that certain video footage be preserved, or MCC's response later that day.  The undersigned Assistant United States Attorneys first learned of defense counsel's preservation request to MCC on December 17, 2019, when defense counsel forwarded the July 25, 2019 email exchange.

Case 7:16-cr-00832-KMK   Document 189   Filed 01/16/20   Page 2 of 3
Case 7:16-cr-00832-KMK   Document 191   Filed 01/17/20   Page 2 of 3

January 16, 2020
Page 2 of 3

significant role in his defense and was thus 'material'" under "the two-pronged materiality standard established in *California v. Trombetta*, 467 U.S. 479 (1984)," and "the government acted in bad faith." *United States v. Barnes*, 411 Fed. Appx. 365, 368-69 (2d Cir. 2011). Under *Trombetta*, missing evidence is not material unless (i) it possesses "an exculpatory value that is apparent before the evidence was destroyed," and (ii) the missing evidence is "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." 467 U.S. at 489. Importantly, "[u]nless a criminal defendant can show bad faith on the part of [law enforcement], failure to preserve potentially useful evidence does not constitute a denial of due process of law." *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Moreover, where comparable evidence, such as witness testimony, is reasonably available to prove the same fact as would be proven by the missing evidence, then there is no due process violation. *See United States v. Rastelli*, 870 F.2d 822, 833 (2d Cir. 1989) (finding defendant could have obtained comparable evidence to discarded tapes of his conversations by "us[ing] contemporaneously prepared F.B.I. summaries of the tape-recorded conversations" or "call[ing] as a witness F.B.I. agent [ ] who monitored the taped conversations").

## II.     Discussion

In the Motion, the defense argues that the missing video would have shown "efforts made by [the defendant] to alert BOP staff that Mr. Epstein was in distress, and to secure assistance for Epstein." (Mot. at 4-5). The defense argues that this video would have been "material and relevant to rebut any aggravating evidence offered by the Government during penalty proceedings that Mr. Tartaglione was likely to be a danger in prison." (Mot. at 3). As the Government's Notice of Intent makes clear, though, the Government does not intend to argue future dangerousness as an aggravating factor at any penalty phase in this case. To the extent the defense chooses to present evidence during a potential penalty phase regarding his conduct in prison, the Government may seek to rebut such evidence with instances of the defendant's misconduct while detained pending trial, but those instances would not include any of the events of July 22 and 23, 2019 involving Jeffrey Epstein.

In any event, even if the July incident were material to a potential penalty phase, a hearing is not necessary because the defendant can obtain comparable evidence that he called for MCC staff by other reasonably available means. The camera on the defendant's tier would have shown only the hallway, was not pointed into any cell, and did not have audio. The missing video, therefore, would have shown nothing more than MCC staff responding to and going in to the defendant's cell, without any context for their actions. At a potential penalty phase, the defendant may call as witnesses one or more MCC staff members who responded to the defendant's cell. In fact, the Government has already shared with defense counsel witness statements from certain staff members who responded to the cell in response to the defendant's attempts to get their attention. Were the defense to call these staff members as witnesses at any potential penalty phase, the Government does not intend to challenge this portion of their recollection, and is prepared to stipulate to these facts. Accordingly, the defendant will be able to demonstrate through other evidence at a penalty phase all of the facts that he wished to glean from the missing video. Given the availability of other comparable evidence, the loss of the video does not violate the Due Process Clause, regardless of the circumstances surrounding the failure to preserve the evidence, and a hearing is therefore not warranted. *See Trombetta*, 467 U.S. at 489; *Rastelli*, 870 F.2d at 833.

Case 7:16-cr-00832-KMK   Document 189   Filed 01/16/20   Page 3 of 3

January 16, 2020
Page 3 of 3

For the foregoing reasons, the Court should deny the Motion in its entirety.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Maurene Comey & Jason Swergold
Assistant United States Attorneys

Cc:     Counsel of record (by ECF)

The Court will address the issues discussed in Mr. Barket's 1/13/20 ~~and~~ letter and this letter at the next conference.

So Ordered.

1/14/20