

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

April 1, 2021

**BY ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:    *United States v. Nicholas Tartaglione*, S4 16 Cr. 832 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter to provide the Court with additional authority in further opposition to the defendant's motion to suppress cell site evidence. As set forth in the Government's opposition brief, the defendant's motion should be denied, among other reasons, because law enforcement acted in good faith when obtaining the challenged cell site records in June 2016 pursuant to the Stored Communications Act ("SCA"), which at the time allowed the Government to obtain cell site records through a judicial order rather than a warrant supported by probable cause. (Dkt. No. 163 at 12-18). At the time that the records were obtained, the SCA was still constitutional and every Circuit court to have considered the issue had held that a warrant was not required to obtain historical cell site information. (Dkt. No. 163 at 13-14).

      On March 31, 2021, the United States Court of Appeals for the Second Circuit issued a "precedential opinion" in *United States v. Felder*, No. 19-897 (2d Cir. Mar. 31, 2021), reaffirming the application of the good faith exception to cell site data obtained pursuant to the SCA prior to the Supreme Court's decision in *United States v. Carpenter*, 138 S. Ct. 2206 (2018). As the court in *Felder* made clear, the SCA was not "clearly unconstitutional" pre-*Carpenter*, and "was, in fact, wholly consistent with the third-party doctrine, which deems a person to have "no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Felder* Slip Op. at 33-34. Moreover, the *Felder* panel explained that "all five courts of appeals to have considered the question relied on [the good faith] doctrine in holding that government acquisition of historical cell-site location information from third parties was not subject to the Fourth Amendment's warrant requirement," and concluded that "[d]eterrence is not served by suppressing evidence obtained in reasonable reliance on binding precedent." *Id.* at 34 (internal quotations omitted). Accordingly, the Court held that the district court in *Felder* "did not err in relying on the good-faith exception to the exclusionary rule in admitting historical cell-site location information obtained through a judicial order issued under the Stored Communications Act rather than a warrant supported by probable cause." *Id.* at 36.

April 1, 2021
Page 2 of 2

A copy of the Second Circuit's decision in *Felder* is enclosed with this letter.

                                                  Respectfully submitted,

                                                  AUDREY STRAUSS
                                                  United States Attorney

By:       /s/
             Maurene Comey & Jason Swergold
             Assistant United States Attorneys
             (212) 637-2324
             (914) 993-1963

cc:     All counsel of record (by ECF)