UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NICHOLAS TARTAGLIONE,<br><br>Defendant. | ORDER<br><br>16 Cr. 832 (KMK) |

WHEREAS, the Court and the parties seek to ensure that defendant Nicholas Tartaglione has meaningful access to review his discovery materials and other case materials while detained at the Metropolitan Detention Center, Brooklyn ("MDC Brooklyn"); and

WHEREAS, the Court seeks to ensure that such discovery access does not jeopardize the security and operational interests of the MDC;

IT IS HEREBY ORDERED that:

1. Nicholas Tartaglione may have access to his own "air-gapped" laptop computer (the "Laptop") that is disabled from accessing the internet, local area networks, or other electronic devices;

2. CJA counsel is authorized to procure with CJA funds a laptop computer that meets specifications to be provided by the Government;

3. Upon receipt of an acceptable laptop computer from counsel for the defendant, the Government shall (a) ensure that the Laptop is appropriately "air gapped" and compatible with the MDC Brooklyn's security requirements; and (b) deliver the Laptop to the proper authorities at the MDC Brooklyn;

4. The Laptop shall be password-protected and maintained in a location acceptable to Bureau of Prisons personnel;

5. Bureau of Prisons personnel will provide the defendant with access to the Laptop each weekday in the visiting room, and shall permit the defendant to bring his external hard drive containing his discovery materials with him to the visiting room to review on the Laptop;

6. Within forty-eight hours of MDC Brooklyn's receipt of the Laptop from the Government, the defendant shall receive access to the Laptop subject to the following conditions:

   a. Upon request to his unit, the defendant (along with his external hard drive containing his discovery) will be brought to the visiting room during the weekday, with an effort to provide access on a daily basis if requested; and

   b. The defendant shall not have possession of any charging apparatus or cord that connects to the Laptop.

7. The defendant shall execute an agreement setting forth his understanding that (a) he may use the Laptop for the sole purpose of reviewing discovery and legal materials that relate to his criminal case; (b) he shall not share the Laptop with other inmates or with any attorney not appointed to this case without an order of this Court; (c) he will not access or attempt to access the internet or any form of wireless communication; (d) he will at all times abide by the terms of the Protective Order governing the discovery materials in this case; and (e) he will forfeit his right under this Order to use the Laptop, and he may expose himself to criminal prosecution for possessing or distributing a "prohibited object" as that term is defined in 18 U.S.C. § 1791(d) in the future, should he violate any of these understandings.

8. This Order remains in effect until the trial in this matter is completed, and a copy of this Order shall be made available to any unit where the defendant is housed.

SO ORDERED.

Dated: New York, New York
       February 28, 2022

                                        Hon. Kenneth M. Karas
                                        United States District Judge
                                        Southern District of New York