UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                          :         S4 16 Cr. 832 (KMK)
           - v. -         :
                           :
NICHOLAS TARTAGLIONE,              :
                           :
          Defendant.          :
-------------------------------------------------------x

# MEMORANDUM OF LAW OF THE UNITED STATES
# IN OPPOSITION TO THE DEFENDANT'S MOTION FOR BILL OF PARTICULARS

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

MAURENE COMEY
JASON SWERGOLD
JACOB R. FIDDELMAN
Assistant United States Attorneys
- Of Counsel –

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

    A.  Applicable Law ........................................................................................... 2

    B.  Discussion .................................................................................................... 6

CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

**Federal Cases**

*United States v. Battle*, 173 F.3d 1343 (11th Cir. 1999)..................................................................5

*United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) ..............................................................3

*United States v. Calvente*, No. S3 12 Cr. 732 (WHP), 2013 WL 4038952

   (S.D.N.Y. July 26, 2013)................................................................................................................9

*United States v. Chambers*, No. 17 Cr. 396 (WHP), 2018 WL 1726239,

   (S.D.N.Y. Apr. 9, 2018) ................................................................................................................3

*United States v. Cohen*, 518 F.2d 727 (2d Cir. 1975)......................................................................4

*United States v. Cruz*, No. 94 Cr. 313 (CSH), 1995 WL 617220

   (S.D.N.Y. Oct. 20, 1995).......................................................................................................... 7, 9

*United States v. Guerrerio*, 670 F. Supp. 1215 (S.D.N.Y. 1987) ...................................................3

*United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003).....................................................................5

*United States v. Jimenez*, 824 F. Supp. 351 (S.D.N.Y. 1993) ........................................................4

*United States v. Kaczynski*, No. CR S-96-259, 1997 WL 34626785

   (E.D. Cal. Nov. 7, 1997) ...............................................................................................................5

*United States v. Lee*, 274 F.3d 485 (8th Cir. 2001) ........................................................................5

*United States v. Llera Plaza*, 179 F. Supp. 2d 464 (E.D. Pa. 2001) ..............................................5

*United States v. Lujan*, 530 F. Supp. 2d 1224 (D.N.M. 2008)................................................ 10, 11

*United States v. Mahabub*, No. 13 Cr. 908 (AJN), 2014 WL 4243657

   (S.D.N.Y. Aug. 26, 2014) .............................................................................................................3

*United States v. Mandell*, 710 F. Supp. 2d 368 (S.D.N.Y. 2010)...................................................7

*United States v. Mason*, No. S1 06 Cr. 80 (NRB), 2007 WL 541653

   (S.D.N.Y. Feb. 16, 2007) .............................................................................................................7

*United States v. Maxwell*, 534 F. Supp. 3d 299 (S.D.N.Y. 2021) .................................................. 7

*United States v. Muyet*, 945 F. Supp. 586 (S.D.N.Y. 1996). ..................................................... 4, 10

*United States v. Pacheco*, 902 F. Supp. 469 (S.D.N.Y. 1995) ....................................................... 4

*United States v. Payden*, 613 F. Supp. 800 (S.D.N.Y. 1985) ........................................................ 3

*United States v. Salazar*, 485 F.2d 1272 (2d Cir. 1973) ................................................................ 3

*United States v. Skelos*, No. 15 Cr. 317 (KMW), 2015 WL 6159326

   (S.D.N.Y. Oct. 20, 2015) ............................................................................................................ 3, 9

*United States v. Torres*, 901 F.2d 205 (2d Cir. 1990) ................................................................ 3, 9

*United States v. Vaughn*, No. 10 Cr. 233 (CM), 2010 WL 3025648 (S.D.N.Y. July 27, 2010) ..... 4

*United States v. Walsh*, 194 F.3d 37 (2d Cir. 1999) ................................................................... 3, 4

*United States v. Williams*, No. 13 Cr. 764 (WHO), 2015 WL 3830515,

   (N.D. Cal. June 19, 2015) .......................................................................................................... 3, 4

*Wong Tai v. United States*, 273 U.S. 77 (1927) ............................................................................ 2

**Federal Statutes and Rules**

18 U.S.C. § 3593(a) .................................................................................................................. 5, 10

Fed. Rule Crim. Pro. 7(f) ................................................................................................................ 2

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to the motion filed by the defendant, Nicholas Tartaglione, seeking a bill of particulars. For the reasons set forth below, the defendant's motion should be denied in its entirety.

## RELEVANT BACKGROUND[1]

On or about September 12, 2019, the defense sent the Government a letter request, pursuant to Federal Rule of Criminal Procedure 7(f), for a bill of particulars and/or informative outline of the Government's Notice of Intent to Seek the Death Penalty, "so that the defendant may identify with sufficient particularity the nature of the statutory and non-statutory aggravating factors alleged in the Government's Notice of Intent."[2] Counsel further stated that such information was "necessary so that we may effectively prepare for the liability and penalty phases of the defendant's trial." On January 28, 2020, the Government responded to the defendant, noting that the defendant was not entitled to a bill of particulars, but, nevertheless, acting in its discretion and in the interests of justice, providing the defendant with an informative outline regarding the aggravating factors identified in the defendant's letter.[3] Additionally, at various points throughout the pendency of this case, the Government has met and conferred with defense counsel to provide a summary of its theory of the case, both orally and in writing. The Government has also made extensive discovery productions in this case, and the defense has had access to those productions for multiple years. Following the appointment of new capital

---

[1] In its opposition to the defendant's pretrial motions, the Government previously set forth the charges against the defendant and a summary of what the Government's evidence will establish at trial. (*See* Dkt. No. 163 at 1-3).

[2] A copy of the defendant's September 12, 2019 letter is attached as Exhibit A.

[3] The Government's January 28, 2020 letter is attached as Exhibit B.

1

counsel, the Government again met and conferred with the defense. During those recent conferrals, the defense did not request additional particulars as to the crimes charged in the Indictment or any other guilt-phase issue in the case.[4]

## ARGUMENT

**I.     The Defendant's Motion for a Bill of Particulars Should Be Denied**

The defendant asks the Court to order the Government to provide a bill of particulars under Rule 7(f) as to both the charges contained in the Indictment, and the special findings listed in the Indictment as to the death penalty. The defendant's demand is without merit and should be denied because the Government has already provided the defendant more than sufficient information through the Indictment, discovery, disclosures, and an informative outline to allow him to meaningfully prepare for his defense. Indeed, the Government has repeatedly endeavored to provide the defendant with specific details about its theory of the case and the facts it expects to prove at trial. In so doing, the Government has well exceeded its obligations under the Federal Rules of Criminal Procedure.

**A.     Applicable Law**

A court "may direct the government to file a bill of particulars," Fed. R. Crim. P. 7(f), but case law is clear that the sole legitimate purpose of a bill of particulars is to furnish facts that are necessary to apprise a defendant of the charges against him with sufficient precision to (i) enable him to prepare his defense, (ii) avoid unfair surprise at trial, and (iii) preclude a second prosecution for the same offense. *See Wong Tai v. United States*, 273 U.S. 77, 80-82 (1927);

---

[4] Prior to filing the instant motion, the defense proposed that prior discussions regarding a bill of particulars (which, as set forth above, were limited to capital aggravating factors) were sufficient to satisfy Local Rule 16.1 obligations. The instant motion, however, is substantially broader than those prior meet-and-confer discussions.

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); *United States v. Salazar*, 485 F.2d 1272, 1278 (2d Cir. 1973). A bill of particulars cannot be used as a general investigative tool or as a means to gather additional detail about the Government's case. *See Torres*, 901 F.2d at 234 ("Acquisition of evidentiary detail is not the function of the bill of particulars."); *United States v. Chambers*, No. 17 Cr. 396 (WHP), 2018 WL 1726239, at *2 (S.D.N.Y. Apr. 9, 2018); *United States v. Skelos*, No. 15 Cr. 317 (KMW), 2015 WL 6159326, at *13 (S.D.N.Y. Oct. 20, 2015) ("[A] defendant is not entitled to disclosure of the manner in which the government will attempt to prove the charge, the precise manner in which the government will allege the defendant committed the crimes charged, or a preview of the government's evidence or legal theories."); *United States v. Guerrerio*, 670 F. Supp. 1215, 1225 (S.D.N.Y. 1987) (explaining that a bill of particulars "is not a discovery tool and is not intended to allow defendants a preview of the evidence or the theory of the government's case."); *United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) ("It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case."). Indeed, bills of particulars are generally disfavored because they "confine[] the government's evidence at trial to the particulars furnished." *Payden*, 613 F. Supp. at 816. Accordingly, "[a] bill of particulars is required 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (quoting *Torres*, 901 F.2d at 234); *see also United States v. Mahabub*, No. 13 Cr. 908 (AJN), 2014 WL 4243657, at *2 (S.D.N.Y. Aug. 26, 2014) ("The purpose of a bill of particulars is to ensure that a defendant has

3

the information necessary to prepare a defense, not to turn over all information that would aid the defendant.").

Where, as here, the defendant is charged with criminal conspiracy, the Government is not required to provide a bill of particulars setting forth details regarding the conspiracy. As the Second Circuit has stated, "[t]he Government need not, when charging conspiracy, set out with precision each and every act committed by the conspirators in the furtherance of the conspiracy." *United States v. Cohen*, 518 F.2d 727, 733 (2d Cir. 1975). A defendant in a conspiracy case is "not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding the . . . conspiracy." *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996). Nor is a defendant entitled to a bill of particulars setting forth "how or when the conspiracy was formed or how or when defendants joined the conspiracy." *United States v. Pacheco*, 902 F. Supp. 469, 474 (S.D.N.Y. 1995). Nor is a bill of particulars appropriate where a defendant seeks information regarding all of the overt acts in furtherance of the conspiracy or an accounting of the particular acts that a specific defendant participated in, had knowledge of, or for which he is being held responsible. *See United States v. Jimenez*, 824 F. Supp. 351, 363 (S.D.N.Y. 1993) (denying a motion for a bill of particulars in which defendants sought "further specifics of the particular acts they are alleged to have participated in or for which they are being held responsible"). Indeed, "[p]retrial motions for such information are routinely denied," *Jimenez*, 824 F. Supp. at 363.

A bill of particulars, moreover, is unnecessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means, such as through discovery or in discussions with counsel. *See Walsh*, 194 F.3d at 47 (finding defendant adequately informed of nature of charges through discovery); *United States v. Vaughn*, No. 10 Cr. 233 (CM), 2010

4

WL 3025648, at *2 (S.D.N.Y. July 27, 2010) ("[I]f the information the defendant seeks is provided in the indictment or in some acceptable alternate form, such as discovery, no bill of particulars is required" (quotation marks and citation omitted)).  For this reason, the Court must consider all of the information available to the defendant, through whatever means, before imposing the obligation to issue a bill of particulars.

The capital nature of a case does not provide an independent basis for a bill of particulars. The Federal Death Penalty Act ("FDPA"), which requires the Government to provide notice of its intent to seek the death penalty, does not mandate notice of evidentiary detail.  *See* 18 U.S.C. § 3593(a); *see also United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003) ("[T]he FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor . . . not notice of the specific evidence that will be used to support it"); *United States v. Lee*, 274 F.3d 485, 495-96 (8th Cir. 2001) (holding that the defendant had "no right to advance notice of the specific evidence the government would use to prove [the aggravating] factors"); *United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999) ("The Government is not required to provide specific evidence in its Notice of Intent").  Rather, the FDPA requires the Government, at a reasonable time before trial, to provide "a notice . . . stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified under this chapter and the government will seek death."  *Id.* at § 3593(a)(1).  In addition, the statute requires the notice to "set[] forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." *Id*. at § 3593(a)(2).  Moreover, "Rule 7 is not applicable to [notices of intent] submitted to satisfy FDPA requirements."  *See United States v. Llera Plaza*, 179 F. Supp. 2d 464, 472 (E.D. Pa. 2001); *see also United States v. Kaczynski*, No. CR S-96-259, 1997 WL 34626785, at *17 (E.D.

5

Cal. Nov. 7, 1997) ("By its express language, Fed. R. Crim. P. 7 applies only to informations and indictments. Since aggravating factors are neither offenses nor elements of substantive offense that must be alleged by indictment, Fed. R. Crim. P. 7 does not govern the nature or specificity of notice required under § 3593(a).").

### B. Discussion

In his motion, the defendant makes multiple demands for the "wheres," "whens," and "with whoms" of the charged offenses, including: (1) the dates and locations that the defendant engaged in the narcotics conspiracy charged in Count One, and the locations of the kidnapping conspiracy charged in Count Nine, the kidnappings resulting in death charged in Counts Ten through Thirteen, and the Travel Act murders charged in Counts Fourteen through Seventeen; and (2) the identities of co-conspirators in Counts One and Nine through Seventeen. The balance of the defendant's requests as to Counts Two through Seventeen improperly seek "the precise manner in which the government will allege the defendant committed the crimes charged," *see Skelos*, 2015 WL 6159326, at *13, including, among other things, the defendant's specific role in the four murders, the identities of individuals who used and carried a firearm, the defendant's specific acts in furtherance of kidnapping the victims, the specific roles played by co-conspirators, and the precise facility of interstate commerce used to commit the kidnapping conspiracy. The charges in the Indictment, the extensive discovery provided by the Government, and the other information that the Government has already provided to the defense—including the facts set forth in the Government's opposition to the defendant's other pretrial motions—are *far* more than enough to give the defendant notice of the charges against him. Those sources of information ensure that the defendant can prepare a defense, avoid surprise at trial, and raise a double jeopardy argument in the event of future prosecution.

6

First, the Indictment provides the dates of the period in which the defendant participated in the narcotics and kidnapping conspiracies, as well as the various locations where the victims were kidnapped and killed. *See United States v. Cruz*, No. 94 Cr. 313 (CSH), 1995 WL 617220, at *2 (S.D.N.Y. Oct. 20, 1995) ("The superseding indictment specifies the approximate beginning and end dates of the narcotics conspiracy and the corresponding time frame of the defendant's possession and use of a firearm. It also supplies the general vicinity and mechanics of the operation of the narcotics conspiracy of which he is alleged to have been a member."); *see also United States v. Maxwell*, 534 F. Supp. 3d 299, 318 (S.D.N.Y. 2021) (denying motion for bill of particulars because, *inter alia*, "the Government need only describe the time and place of charged conduct 'in approximate terms'" (quoting *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975))).

Second, the extensive discovery and disclosures made in this case also provide the defendant with more than sufficient information about the charges against him. *See United States v. Mason*, No. S1 06CR.80 (NRB), 2007 WL 541653, at *5 (S.D.N.Y. Feb. 16, 2007) ("It is appropriate in ruling on a motion for a bill of particulars to consider whether the information sought has been provided in another way."); *see also United States v. Mandell*, 710 F. Supp. 2d 368, 385 (S.D.N.Y. 2010) (denying request for bill of particulars where Government had provided voluminous, organized discovery). The discovery includes, among other things, phone records, extractions from phones used by the defendant's co-conspirators, surveillance videos, hotel records, vehicle records, property records, bank records, law enforcement reports, autopsy reports, forensic reports, photographs from search warrants, and copies of legal process that the Government obtained and executed as part of its investigation, the latter of which contain discussions of the case and evidence. Together with the disclosures the Government has made

7

regarding its theory of the case, this extensive discovery has provided the defendant with ample notice of the facts of the case.

For example, the defendant seeks a bill of particulars as to specific facts regarding the narcotics conspiracy charged in Count One, as well as information related to the narcotics activity underlying the murders charged in Counts Two through Five. But cell site and search warrant applications produced in discovery in this case detail the dates in which the defendant entered into a narcotics conspiracy, certain actions taken by the defendant and co-conspirators in furtherance of that conspiracy, and locations where the conspiracy purchased cocaine and transported the cocaine to ultimately be sold. In other words, the defendant already has some of the very information he now seeks through a bill of particulars. Similarly, the Government has made separate disclosures to the defense about its theory of the case and the facts it expects to prove at trial, which provide the defendant ample notice about the charges he faces. Indeed, the defendant in his motion quotes verbatim the factual recitation provided by the Government in its opposition to the defendant's pretrial motions, which spells out the manner in which the defendant killed Martin Luna, how the other three victims along with Luna were lured to the Likquid Lounge under false pretenses and then physically restrained upon arrival, and how the defendant personally executed one of the three remaining victims after his co-conspirators had transported the victims alive and still bound to the defendant's property.

Critically, the defendant's request for a bill of particulars ignores the disclosure provided to the defendant on April 5, 2018, which sets forth in detail the circumstances of the murders, including the roles played by the defendant and other co-conspirators, some of whom are

specifically named in the letter.[5]  The defendant is therefore wrong when he claims that "to date, the Government has disclosed few or no details as to several of the essential elements of the charged offenses."  (Mot. at 3).  In light of all of the information available to the defendant, the defendant's current demand for a bill of particulars is nothing more than an attempt to obtain "evidentiary detail" and a roadmap to the "the precise manner in which the government will allege the defendant committed the crimes charged," neither of which is the appropriate function of a bill of particulars.  *See Torres*, 901 F.2d at 234; *Skelos*, 2015 WL 6159326 at *13; *Cruz*, 1995 WL 617220, at *2 ("Although this information does not expose every detail of the crimes alleged to have been committed, the government is not obligated to particularize all of its evidence before trial"); *United States v. Calvente*, No. S3 12 Cr. 732 (WHP), 2013 WL 4038952, at *2 (S.D.N.Y. July 26, 2013) (denying motion for bill of particulars where "Government has already provided much, if not all, Rule 16 discovery, and this Court will require it to provide Jencks Act material in advance of trial to apprise the Defendants of the essential facts").[6]  Were the Court to grant the defendant's request for particulars, "it might preclude the Government

---

[5] A copy of the Government's April 5, 2018 letter, which the Government had designated as Sensitive Disclosure Material under the protective order in this case, is attached as Exhibit C.  The Government respectfully requests that the letter be filed under seal because it includes sensitive and nonpublic material, including information from witness statements, details regarding the victims' deaths, and the identity of an uncharged co-conspirator.  The Government notes that in April 2018, the Government submitted this letter to the Court under seal, the defense consented to the letter being sealed, and the Court has since maintained it under seal.

[6] Consistent with its repeated representations to the Court and the defense, the Government agreed in connection with the scheduling order in this case to produce Jencks Act material for incarcerated cooperating witnesses, law enforcement witnesses, and expert witnesses three months in advance of trial, and Jencks Act material for non-incarcerated civilian witnesses one month in advance of trial.  Such disclosures will provide the defendant with far more time than is legally required or than is the practice in this District to review the anticipated testimony of Government witnesses.

from using proof it may develop as the trial approaches," which "would unduly restrict the Government's ability to present its case." *See Muyet*, 945 F. Supp. at 601.

Unable to credibly demonstrate a basis for a bill of particulars, the defendant invokes the capital nature of this case as purported support for his requests. He is incorrect. As discussed above, the FDPA does not mandate notice of evidentiary detail, and instead requires "a notice . . . stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified under this chapter and the government will seek death," which must also "set[] forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." 18 U.S.C. § 3593(a)(1), (2). The Government has already provided such notice. (*See* Dkt. No. 121 (Notice of Intent to Seek the Death Penalty)).

The two cases cited by the defendant either support the Government's position or are inapposite. In *United States v. Lujan*, cited at page 4 of the defendant's motion, the district court rejected capital defendants' request for a bill of particulars as to the underlying charges and the aggravating factors. 530 F. Supp. 2d 1224, 1242-43 (D.N.M. 2008). In particular, the court concluded that the indictment in that case "cite[d] the particular statutes for the charged crimes and generally track[ed] the language of the respective statutes," and "include[d] the dates of the illegal activity, the places where the crimes occurred, and the name of the victim," all of which "sufficiently provide[d] the elements of the alleged offense and apprise[d] Defendants of the charges." *Id.* In addition, the *Lujan* court also held that Rule 7 did not apply to aggravating factors contained in special findings and notices of intent.[7] *Id.* at 1243.

---

[7] Although the *Lujan* court rejected a request for a bill if particulars, it did, in its discretion, order the Government to provide an informative outline as to certain threshold intent requirements and aggravating factors. 530 F. Supp. 2d at 1270. However, the Court made clear that the

10

In *United States v. Williams*, cited at page 5 of the defendant's motion, the district court ordered the Government to provide a bill of particulars as to the capital defendants' roles in two charged murder because the indictment "provide[d] no factual allegations regarding the murders," and the Government did not dispute that the discovery produced in the case "[did] not shed meaningful light on their alleged involvement in the murders, including whether they are charged as principal or aider or abettor; whether they are alleged to have been a shooter or an accomplice; and whether they are alleged to have personally possessed, brandished, or used a firearm in connection with the charged offenses." No. 13 Cr. 764 (WHO), 2015 WL 3830515, at *2 (N.D. Cal. June 19, 2015). But unlike in *Williams*, the discovery in this case, and in particular, the April 5, 2018 letter, provides specific details about the roles that the defendant (and his co-conspirators) played in the charged offenses.

Despite the lack of statutory and constitutional authority for pretrial discovery rights related to the death penalty, some courts have "used their inherent powers to order the government to provide additional information on certain aggravating factors in order to ensure a meaningful opportunity to prepare a defense." *Lujan*, 530 F. Supp. 2d at 1269. The Court need not do so here. For starters, in response to a prior request, the Government has already provided the defendant with an informative outline, a fact omitted in the defendant's motion. That outline addresses "the general nature of the information [the Government] will introduce to prove" two of the aggravating factors identified in the defendant's motion (heinous, cruel, and depraved manner of committing the offense; substantial planning and premeditation), *see Lujan*, 530 F.

---

"document need not reveal evidentiary detail but should address the general nature of the information it will introduce to prove the following statutory threshold findings and aggravating factors." *Id.* As discussed, the Government has already provided such information to the defendant through an informative outline, discovery, and disclosures in this case.

11

Supp. at 1270, as well as two non-statutory aggravating factors for which the defendant does not seek additional information. Moreover, the informative outline, taken together with the April 5, 2018 letter and the discovery in this case, provides the defendant with a meaningful opportunity to prepare a defense to the charges against him and the threshold and aggravating factors that the Government will seek to prove in a penalty phase. The Government has gone above and beyond its discovery obligations in this case through extensive productions and disclosures to the defense. Throughout this case, the Government has made itself available to confer with the defense, including to discuss questions about its theory and the discovery. Nothing more is required, and the defendant's requests for additional evidentiary detail should be rejected.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny the defendant's motion for a bill of particulars.

Dated: White Plains, New York
March 15, 2022

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    /s/                             .
Maurene Comey
Jason Swergold
Jacob R. Fiddelman
Assistant United States Attorneys
(212) 637-2324
(914) 993-1963
(212) 637-1024

cc: *All Counsel of Record (by ECF)*