**MIELE & RYMSZA, P.C.**
ATTORNEYS AT LAW
125 EAST THIRD STREET
WILLIAMSPORT, PENNSYLVANIA 17701

TELEPHONE: (570) 322-2113
FACSIMILE: (570) 322-8813
WWW.MIELERYMSZA.COM

February 1, 2023

**BY ECF**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:  *United States v. Nicholas Tartaglione*, No.7:16-CR-832

Dear Judge Karas:

We write to set forth Mr. Tartaglione's request for proposed jury instructions in this case. Pursuant to the amended Scheduling Order entered by the Court on December 16, 2022, the Fifth and Sixth Amendments of the United States Constitution, Rule 30 of the Federal Rules of Criminal Procedure, and *Mathews v. United States*, 485 U.S. 58 (1988)[1] and its progeny, in addition to the Court's standard jury instructions and the substantive charges alleged in the Indictment, respectfully requests the Court to give the following jury instructions in the above-captioned matter. Mr. Tartaglione respectfully reserves the right to supplement, modify, or withdraw these requests based upon the evidence presented at trial.

1. *Modern Federal Jury Instructions*, Sand, Siffert, Loughlin, Reiss, Allen Rakoff, Epstein (2022) ("Sand"):

    | | |
    |---|---|
    | Instruction 2-4 | Juror Obligations |
    | Instruction 2-5 | Government as a Party |
    | Instruction 2-8 | Conduct of Counsel |
    | Instruction 3-1 | Indictment is Not Evidence |
    | Instruction 4-1 | Presumption of Innocence and Burden of Proof |
    | Instruction 4-2 | Reasonable Doubt |

    a. Including the language that reasonable doubt "may arise from a careful and impartial consideration of all the evidence, or from lack of evidence." *Sand* citing Ninth Circuit Model Criminal Jury Instruction 3.5.

---

[1] *See also United States v. Durham*, 825 F.2d 716, 718-19 (2d Cir. 1987) ("a criminal defendant is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible, that evidence may be.").

| | |
|---|---|
| Instruction 4-4 | Specific Investigative Techniques<br>    a. Including the following language: "If you find that any omissions in the investigation were significant and not reasonably explained, you may consider whether the omissions tend to affect the quality, reliability, or credibility of evidence presented by the government to prove beyond a reasonable doubt that the defendant is guilty of the counts charged in the indictment." *See CT Criminal Jury Instructions* 2.6-14 Adequacy of Police Investigation. |
| Instruction 5-9 | Transcripts of Tape Recordings (transcripts not evidence) |
| Instruction 5-19 | Admission of Defendant |
| Instruction 5-21 | Improper Consideration of Defendant's Right Not to Testify<br>    a. The defense proposes including the language from other circuits that a defendant need not prove his/her innocence, present any evidence or call any witnesses. *See Sand* citing Pattern Federal Criminal Jury Instructions of the Seventh Circuit 2.05; Third Circuit Model Criminal Jury Instructions 4.27. |
| Instruction 5-25 | Similar Acts<br><br>    a. The defense requests that if the Government admits proof of prior bad acts or uncharged crimes, a contemporaneous limiting instruction be submitted to the jury at the time the evidence is admitted. *See United States v. Pitre*, 960 F.2d 1112 (2d Cir. 1992); *United States v. Ramirez*, 894 F.2d 565 (2d Cir. 1990). |
| Instruction 6-3 | Impermissible to Infer Participation from Mere Presence |
| Instruction 6-4 | Impermissible to Infer Participation from Association |
| Instruction 7-2 | Bias and Hostility |
| Instruction 7-3 | Interest in Outcome |
| Instruction 7-5 | Accomplices Called by the Government |
| Instruction 7-7 | Unindicted co-conspirator as Government Witness |
| Instruction 7-10 | Government Witness-Not Proper to Consider Guilty Plea |
| Instruction 7-11 | Co-defendant's Plea Agreement |
| Instruction 7-12 | Impeachment by Felony Conviction-Non-Defendant |
| Instruction 7-16 | Law Enforcement Witness |
| Instruction 7-19 | Impeachment by Prior Inconsistent Statement |
| Instruction 7-21 | Expert Witness (Generally) |
| Instruction 7-23 | Conflicting Expert Testimony |
| Instruction 7-24 | Testimony as Both Expert and Lay Witness |

2. Third Circuit Model of Criminal Jury Instructions

   Instruction 4.26   False in One, False in All (*Falsus in Uno, Falsus in Omnibus*)

   "If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves."

3. New York State Criminal Jury Instructions

   Confessions – Failure to Record Statement (effective Apr. 1, 2018)

   "[W]here a person is subject to custodial interrogation by a [law enforcement officer] [] the entire custodial interrogation, including the giving of any required advice of the rights of the individual being questioned, and the waiver of any rights by the individual, shall be recorded by an appropriate [] recording device. As you are aware the [government] did not do so. The [government's] failure to record the statements may be weighed by you as a factor, but not as the sole factor, in determining whether such statements were made, and if so, whether they were made voluntarily."

                                        Respectfully,

                                        s/Edward J. Rymsza, Esq.
                                        s/Bruce A. Barket, Esq.
                                        s/Aida Leisenring, Esq.
                                        s/Oliver W. Loewy, Esq.

3