

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

March 29, 2023

**BY ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Nicholas Tartaglione*, S4 16 Cr. 832 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter to set forth the legal standards governing use of suppressed evidence for impeachment purposes should the defendant elect to testify in his own defense.

      Evidence that is suppressed from the Government's case-in-chief may be admitted to impeach testimony given by the defendant.[1] *See Kansas v. Ventris*, 556 U.S. 586, 594 (2009) (statements deliberately elicited from defendant in violation of Sixth Amendment right to counsel); *Oregon v. Hass*, 420 U.S. 714, 722-24 (1975) (statements taken in violation of *Miranda*); *Harris v. New York*, 401 U.S. 222, 224-26 (1971) (same); *United States v. Douglas*, 525 F.3d 225, 248 (2d Cir. 2008) (same); *Walder v. United States*, 347 U.S. 62, 65-66 (1954) (evidence seized in violation of the Fourth Amendment). This rule applies to testimony given by the defendant both on direct examination and on cross examination. *See United States v. Havens*, 446 U.S. 620, 627-28 (1980); *accord United States v. Atherton*, 936 F.2d 728, 734 (2d Cir. 1991) (permitting introduction of suppressed evidence in Government's rebuttal case for impeachment purposes).

      In accordance with the above case law, the Government respectfully submits that it should be permitted to cross-examine the defendant about statements he made to law enforcement on December 19, 2016 to the extent those statements impeach the defendant's credibility—because they either contradict his trial testimony or otherwise undermine his credibility (*e.g.*, they constitute demonstrably false statements to law enforcement). To the extent a proper foundation is laid, the Government may also seek to directly introduce any such impeachment evidence. In both cases, the Government consents to a limiting instruction that the defendant's December 19, 2016

---

[1] Statements that were given involuntarily in violation of the Due Process Clause cannot be used for impeachment, *see Mincey v. Arizona*, 437 U.S. 385 (1978), but that is not this case.

statements are being admitted solely for impeachment purposes and not for their truth (except as to the two spontaneous statements falling outside the ambit of the Court's suppression ruling).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Maurene Comey
Jason Swergold
Jacob R. Fiddelman
Assistant United States Attorneys
(212) 637-1024

cc:     All counsel of record