

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

June 27, 2023

**BY ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Nicholas Tartaglione*, S4 16 Cr. 832 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter in opposition to defendant Nicholas Tartaglione's requests for the Government to obtain evidence regarding, and for this Court to adjudicate the merits of, the defendant's recent possession of a contraband cellphone in the Metropolitan Detention Center ("MDC"). (Dkt. 494). The requests should be denied, as there is no basis for U.S. Attorney's Office or Court involvement in this administrative matter. The Government wrote its June 22, 2023 letter (Dkt. 493) regarding this matter simply to inform the Court and the defense that it did not intend to search the phone at issue.

      As is the case in any disciplinary matters involving federal inmates, the defendant's possession of a cellphone is currently the subject of administrative proceedings within the Bureau of Prisons ("BOP"). Those proceedings include a full administrative process through which the defendant can contest whether he in fact committed the alleged violation of prison regulations. *See generally* 28 C.F.R. parts 541 and 542. Moreover, under the Prison Litigation Reform Act, full exhaustion of administrative remedies is required before the defendant can seek federal court intervention, and this Court would likely not be the proper venue for such litigation in any event. *See, e.g.*, 42 U.S.C. § 1997e(a). Similarly, the U.S. Attorney's Office does not currently have any pending criminal investigation into whether the defendant possessed prison contraband; as a result, it has no basis to issue a grand jury or other subpoena to the BOP (which the BOP has advised is required) to obtain the surveillance video requested by the defendant. Accordingly, there are no grounds for this Court or the U.S. Attorney's Office to become involved in this pending BOP administrative matter.

      To the extent that the defendant's request is premised on the fact that "the Government has raised the issue with the Court," (Dkt. 494 at 1), that fact is of no consequence. The Government wrote to the Court in light of the history in this case of complications arising from the defendant's prior possession of a contraband prison cellphone—when defense counsel's assertion that that prior device contained privileged communications contributed to the need for extended *Curcio* proceedings in this case. The purpose of the Government's letter was to inform defense counsel and the Court that it was electing *not* to search the most recent such device. The defendant's

assertion that the Government's decision was reached because it is not the defendant's phone is backwards; it is precisely because the Government understands that the device *is* the defendant's phone that the Government informed the Court and the parties of the decision not to search it.

      Nevertheless, the Government has inquired with the MDC Legal Department as to the status of the defendant's request for the preservation of any surveillance video of the incident. The Government has spoken with a member of the MDC's Special Investigative Services ("SIS") who has reviewed the surveillance video in question and is taking the necessary steps to preserve it in SIS custody. Although the Government has not seen the surveillance video and does not intend to do so, that SIS member has informed the Government that the surveillance video shows precisely what the original BOP incident report alleged: upon leaving a computer area within the MDC, the defendant picked up a cellphone and put it among his papers, but it fell out of his folder onto the ground as he was walking away and was observed by corrections officers. As set forth above, however, to the extent the defendant intends to contest this matter, the appropriate avenue is through the BOP disciplinary process, not an ad hoc hearing before this Court. Accordingly, the defense motion seeking an inquest into an administrative matter within the BOP should be denied.

      Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Maurene Comey
Jacob R. Fiddelman
Assistant United States Attorneys
(212) 637-2324 / -1024

cc: All counsel of record