

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

July 7, 2023

**BY ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Nicholas Tartaglione*, S4 16 Cr. 832 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter in opposition to defendant Nicholas Tartaglione's motion for reconsideration (Dkt. 495) of this Court's order denying his request for continued laptop access (Dkt. 478). As set forth below, this Court overlooked no relevant facts or law in reaching its initial decision. The defendant's motion merely reasserts the same arguments contained in the defendant's original request. There is no basis for reconsideration, and in any event the Court's decision remains correct for the reasons stated by the Court and in the Government's opposition letter (Dkt. 474). The motion for reconsideration should be denied.

      A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). "The standard for granting [a motion for reconsideration] is strict." *Id.* A motion will be granted "only where the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Brown*, No. 21-122, 2021 WL 5872940, at *1 (2d Cir. Dec. 13, 2021).

      Here, nothing underlying the Court's conclusions needs to be "clarif[ied]" or "correct[ed]" (Dkt. 495 at 1). To the contrary, it is the defense that misunderstands the Court's ruling and presents a contorted view of the issues. The defense is incorrect in framing the Court's ruling as denying "special access" to the defendant's laptop. Rather, it is *any* access to a dedicated personal laptop *at all* that constitutes the special access that the Court denied. The defense's observation that the defendant currently has no access to the individual laptop is correct and is precisely the result that this Court intended. On its terms, the Court's original February 2022 order permitting the defendant access to a dedicated laptop expired when trial concluded, and this Court then denied the defendant's request for continued laptop privileges. The defendant is now being treated like every other inmate without special privileges: he can use the desktop computers in his housing unit and in the law library to review the non-Sensitive discovery in this case on external hard drives. Critically, the defendant's motion ignores the primary method by which all defendants can and do routinely review discovery, including videos and materials marked Sensitive under the Protective

Order: in-person visits from defense attorneys or their staff. The defendant has numerous attorneys, and they in turn have paralegals and investigators. If the defendant wants to review Section 3500 material that is marked Sensitive, counsel can visit him and show him the material—just as other defense teams do.

The defendant's arguments about when he gained access to discovery are equally unpersuasive. The Court was correct in observing that the defendant has had many years to review the Rule 16 discovery material. Although the order authorizing a dedicated laptop for the defendant was only signed in February 2022, the defendant's argument that he therefore "has had just over a year to review" the materials is wrong. Prior to that date, he could review discovery just like every other inmate: on the unit computers, on the law library computers, and during in-person attorney visits.

The defendant's observation that, in January 2023, the Government consented to load certain Section 3500 materials onto the dedicated laptop is of no relevance. There is nothing that is "only on Mr. Tartaglione's laptop." (Dkt. 495 at 2). The dates that the defendant personally received copies of certain materials on his dedicated laptop in the jail is not the relevant metric, as defense counsel has had all the discovery materials in the case on the schedule agreed to by the parties. Going forward (as before), any materials that are not marked Sensitive can be provided to the defendant in hard copy by defense counsel, or counsel can request that the Government load the materials onto an external hard drive for the defendant to use with the unit computers or law library computers. Under the terms of the Protective order, material that is designated "Sensitive," by contrast, must remain in defense counsel's possession and can be showed to the defendant only in the presence of counsel during in-person visits—just as other defense teams do. The Government consented to load that material onto the dedicated laptop prior to trial (which could only be used in the visiting room and therefore presented no risk of the material being shown to other inmates), but now that the defendant's dedicated laptop access has been terminated, that special arrangement has expired.

The defendant's motion for reconsideration should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Maurene Comey
Jacob R. Fiddelman
Assistant United States Attorneys
(212) 637-2324/-1024

cc:   All counsel of record