Case 7:16-cr-00832-KMK   Document 537   Filed 10/30/23   Page 1 of 3

**INGA L. PARSONS** MEMO ENDORSED
**CHRISTIAN URBANO**
(of Counsel - MA)
Attorneys at Law
3 Bessom St. No. 234
Marblehead, MA  01945

Admissions in MA NY WY
Federal Courts
U.S. Supreme Court

Tel: 781-581-2262
Fax: 888-406-9538
Cell: 781-910-1523

Inga@IngaParsonsLaw.com                                    Christian@IngaParsonsLaw.com

October 30, 2023

BY ECF FILING

Honorable Kenneth M. Karas
United States District Judge
United State District Court
300 Quarropas Street
White Plains, NY 10601

Re:  *United States v. Nicholas Tartaglione* 16-cr-832 (KMK)

Dear Judge Karas:

  Once again, we very much appreciate the additional time Your Honor has given us to file Mr. Tartaglione's post-trial motions. Be assured that present counsel has been working diligently but, given certain unforeseen and complicating circumstances discussed below, we must, however, ask for the Court's indulgence, for what we hope will be the last time, to grant us an additional week to November 7, 2023 with government's response continued to December 7, 2023. The government, by AUSA Maurene Comey, has no objection provided the government receives the same length of extension.

  Ms. Parsons was scheduled to see Mr. Tartaglione in person at the MDC on Thursday, October 26, 2023, but the MDC cancelled all in person, video and phone interviews due to a systems error. Ms. Parsons had set up a video conference on Friday, October 27, 2023 (30 business hours advance notice are required to set up a skedda call and no phone calls or video calls occur over the weekend and if there are already 5 hours scheduled by other attorneys on the unit no additional calls are allowed). The purpose in setting up the visit on Thursday and the video conference on Friday was to do provide Mr. Tartaglione with the PSR and Rule 33 arguments, as well as discovery and 3500 material that we believe had not been reviewed with Mr. Tartaglione as discussed in more detail below, and to go over them further with Ms. Parsons at the video conference.

  Due to the fact that the MDC cancelled all means of communication on October 26th, Ms. Parsons had to alter her schedule and go in person to the MDC on Friday October 27, 2023, but then had to be out of town for family commitments and is currently out of town. (Ms. Parsons' mother passed away the previous week),

Case 7:16-cr-00832-KMK   Document 536   Filed 10/30/23   Page 2 of 3
Case 7:16-cr-00832-KMK   Document 537   Filed 10/30/23   Page 2 of 3

Wyoming WWAMI Committee                                    December 1, 2022
*Dr. Rork WAMMI Loan Forgiveness*                          Page 2 of 3

Compounding the challenges new counsel has faced, Ms. Wolfe had requested prior counsel's case files repeatedly. Despite promises that he would cooperate as soon as he was "off trial," we never received a single file or piece of information directly from Mr. Barket. As Ms. Wolfe can attest, he sidestepped email after email, as well as phone calls; he sent us down blind allies and ignored the hard drive we sent him to load the files onto and ignored our offer to send him a prepaid mailing label. In addition to requesting all of the case files, Ms. Wolfe made ongoing requests for specific files and documents, but did not receive them.

Not until three months after our first request and after prior counsel represented that he was in the process of collecting everything we requested did he disclose that the case material was on some system "like dropbox," which we could obtain access to through their trial paralegal. A week later we received access to the database, but we have never been able to navigate it through searches; instead, we have had to look file by file, sometimes document by document and it is internet based which makes it impossible to review at the MDC or do searches without downloading the documents which can take hours. From the files and documents in this database, to which we obtained access in mid-September, we gradually discovered the volume of materials Mr. Tartaglione had not received or been shown by prior defense counsel and also discovered critical interview disks.

When Ms. Parsons met Mr. Tartaglione after she was retained she obtained a copy of all of the discovery he had in his possession (he still had his laptop at the time) including the discovery and 3500 materials provided by the government and whatever he had from then defense counsel. During the course of double checking the record and cross checking it for the Rule 33 motion, it was determined that Mr. Tartaglione (and Ms. Parsons) did not have copies of the Marcos interview (it was presumed to be in Spanish and, presumably, prior counsel looked to the government's transcript for the translation).

In communications with AUSA Comey, Ms. Parsons was advised that the videos were too large to copy on Mr. Tartaglione's computer and that Ms. Comey had advised former counsel of this fact and that trial counsel would have to review them with Mr. Tartaglione which apparently was never done by former defense counsel. Also, in reviewing the trial transcripts while cross checking and finalizing the Rule 33 motion, present defense counsel saw that the government had indicated that the Marcos transcript did not include every statement.

Present counsel discovered that former counsel's file (referred to herein as "Barket's file") included 9 disks of Marcos interviews. Present counsel has sent the disks of the Marcos interviews to an interpreter as they were believed to be mostly in Spanish to review and compare with the government's transcript. Although the interpreter has not had enough time to go through all of the disks, preliminary review reveals there are some grave problems with the translation that the government gave to the defense. The interpreter needs additional time to get through the 9 recordings and formally check them against the government's transcript.

Case 7:16-cr-00832-KMK   Document 536   Filed 10/30/23   Page 3 of 3
Case 7:16-cr-00832-KMK   Document 537   Filed 10/30/23   Page 3 of 3

Wyoming WWAMI Committee                                     December 1, 2022
*Dr. Rork WAMMI Loan Forgiveness*                           Page 3 of 3

In addition, during the course of going through the trial transcripts to cross-check our arguments, we discovered that there were sealed portions of the record that had not been transcribed. We sought orders for those portions which the Court granted. Unfortunately, the court reporter has been extremely ill but did her best and provided one of the transcripts to us this past Friday. Despite her illness, the court reporter endeavored to get the second one to us last night -- Sunday night.

Based on the transcripts received it is evident that present counsel needs to review areas of the Rule 33 motion with Mr. Tartaglione and wants to do this in person and go over the transcripts. Ms. Parsons will be back in NYC October 31, 2023, and will be able to get to the MDC in person on November 1, 2023. Present counsel also wants to speak with former counsel regarding the issues raised in the *ex parte* conferences. We believe the matter is of significant import, especially with respect to the issue of prior counsel's ineffectiveness and his compliance with his ethical obligations.

We therefore respectfully request that Mr. Tartaglione's post-trial motion date be extended to November 7, 2023, as well as any objections to the PSR, with the Government's response extended to December 7, 2023. The sentencing date does not need to be changed so there is no prejudice to the families.

Thank you for your time and consideration.

Respectfully,

s/ *Inga L. Parsons*

Inga L. Parsons

Cc: All counsel by ECF

Application is granted. The Court does not have the slightest doubt about the diligence of Ms. Parsons or Ms. Wolfe.

So Ordered.

10/30/23