# SUSAN C. WOLFE, ESQ.

Law office of Susan C. Wolfe
2400 Johnson Ave, Suite 1G
Bronx, York 10463

Tel: (917) 209-0441
Email: scwolfe@scwolfelaw.com

Diane Fischer,
of counsel

November 11, 2023

Honorable Kenneth M. Karas
United States District Judge
United State District Court
300 Quarropas Street
White Plains, NY 10601

**Re:** *United States v. Nicholas* **Tartaglione** 16-cr-832 (KMK)

Dear Judge Karas:

We are writing to request that the Court accept the late filing, *nunc pro tunc,* of Mr. Tartaglione's Rule 33 Motion, which was transmitted to the Court and the Government approximately seven hours after it was due on November 7, 2023. The declarations of counsel Inga Parsons and Susan Wolfe are attached.

We have conferred with the prosecutors who consent to the late-filling of the Rule 33 motion, with the understanding that defense counsel with file their exhibits under seal by November 17, 2023, and agree to a two-week extension of the government's time to fille its opposition papers.

Under Rule 33 of the Federal Rules of Criminal Procedure, "a defendant must bring a motion for new trial within 14 days of the verdict or finding of guilt." The Rule is subject to an exception if the court finds that the late filing was the product of "excusable neglect." The Supreme Court held in *Eberhart v. United States*, 546 U.S. 12, 19 (2005), that the Rule 33 timing requirements are non-jurisdictional and that:

> Rule 33 must be read in conjunction with Rule 45(B):
> "When an act must or may be done within a specified

Hon. Kenneth M. Karas
November 14, 2023
Page 2

> period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect."

The Court clarified its previous precedent and held that "[w]e break no new ground in firmly classifying Rules 33 and 45 as claim-processing rules, despite the confusion generated by the 'less than meticulous' uses of the term 'jurisdictional' in our earlier cases." *Id.* at 16; *see United States v. Brown*, 623 F.3d 104, 113 n.5 (2d Cir. 2010); *United States v. Robinson*, 430 F.3D 537, 541 (2d cir.2005)

The Supreme Court had previously found, in the context of a different area of the law, that "by empowering the courts to accept late filings . . . Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, (1993); *see United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993) ("nothing in *Pioneer* limits its interpretation of 'excusable neglect' to the Bankruptcy Rules") In *Pioneer*, the Court established a set of relevant factors to be used in determining whether a late filing was the result of "excusable neglect". Those factors have been applied by courts in the Second Circuit and elsewhere to Rule 33:

> A finding of excusable neglect requires consideration of various factors including: (1) "the danger of prejudice to" the government; (2) "the length of the delay and its potential impact upon judicial proceedings"; (3) "the reason for the delay, including whether it was in the reasonable control of the movant"; and (4) "whether the movant acted in good faith."

<u>United States v. Hooper, 9 F.3d at 259; United States v. Pauling, 256 F. Supp. 3d 329, 340 (S.D.N.Y. 2017); United States v. Frederick, 868 F. Supp. 2d 32, 44 (E.D.N.Y. 2012); United States v. Scali, 2018 U.S. Dist. LEXIS 122703, 2018 WL 3536082, at \*2 (S.D.N.Y. July 23, 2018)</u>; (finding excusable neglect and that, under these circumstances, "the adjudication of Defendant's ineffective assistance of counsel claim at this juncture of the case would be the most efficient manner of resolving his claim.").

Hon. Kenneth M. Karas
November 14, 2023
Page 3

Ultimately, "excusable neglect is a flexible concept . . . Its parameters are informed by, and roughly congruent with, the interests of justice." *United States v. Stein*, 440 F. Supp. 2d 315, 325 (S.D.N.Y. 2006) (quoting *United States v. Roberts*, 978 F.2d 17, 21 (1st Cir. 1992). The determination of "'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Pioneer Inv. Servs. Co.*, 507 U.S. at 395) (attributions omitted).

Applying the *Pioneer* factors to this case – it is hard to imagine how the government would be prejudiced by a 7-hour delay during non-business hours. Likewise, the delay during non-business hours, and the service of the Motion before the Courthouse opened, had no impact upon the judicial proceedings. *See United States v. Frederick*, 868 F.Supp. 2d at 44-45. (finding excusable neglect despite a one-year delay in filing Rule 33 motion after the appointment of new counsel; finding a "lack of prejudice to the government, the minimal disruption of prejudgment proceedings, and the fact that adjudication of defendant's...claim at this juncture would be the most efficient resolution of defendant's claim").

The reasons for the delay in Mr. Tartaglione's case stem from the nature of a Rule 33 motion. The Second Circuit held in *United States v. Sanchez,* 969 F.2d 1409, 1414 (2d Cir. 1993) that the court "must examine the totality of the case. All the facts and circumstances must be taken into account." *Id.* A trial court has broader discretion to grant a new trial pursuant to Rule 33 than it does F.R.Cr.P. 29, where the truth of the prosecution's evidence must be assumed. *Id.* That discretion even includes assessing witness credibility. *Id.* ([i]n exercising the discretion so conferred, the court is entitled to "weigh the evidence and in so doing evaluate for itself the credibility of the witnesses."). The standard is nevertheless a high one, *id.,* necessitating a "deep dive" into all aspects of the case.

Against that legal backdrop, counsel approached the case as if they were preparing it for trial, not only scouring the record and the discovery and 3500 material and correspondence, but also conducting independent investigation. We did not have the assistance of lead trial counsel, from whom we never received what we asked for. With the magnitude of the case came the inevitable technological glitches, such as our inability to access the search function of a proprietary database. Approximately one

Case 7:16-cr-00832-KMK   Document 542   Filed 11/14/23   Page 4 of 4

Hon. Kenneth M. Karas
November 14, 2023
Page 4

hour into November 8th, we emailed a letter explaining the challenges, including logistical issues, we were having in finalizing the brief.

This factor also includes whether the delay in filing "was in the reasonable control of the movant," apparently referring to the defendant himself. Mr. Tartaglione worked tirelessly with counsel to get the motion filed. He retired to his sleeping quarters that night no doubt confident that his motion would be submitted according to whatever rules and requirements apply. He was not dilatory with respect to anything we asked him to do. He was not in control of the time at which the motion was filed.

Finally, the fact that counsel powered through and got the brief out just seven hours past the deadline and before the opening of business the next day shows, we submit, counsel's good faith. Counsel did not purposefully disregard a deadline; we stumbled over the edge of it despite our best efforts.

A further indicia of counsel's good faith is the fact we have proactively brought the matter to the Court's and Government's attention, rather than waiting for the Government to move on it or assuming the Government might not notice.

If the Court determines that these reasons, further described in counsel's declarations, were not "excusable" under the law, then we submit that it should conclude that we were ineffective and that Mr. Tartaglione did not receive the level of competent counsel that he is constitutionally entitled to.

If the Court grants our application to deem the Motion timely filed, we must ask for a further period of time to identify and redact Sensitive Information, provide Bates number cites, assemble exhibits, and to file an oversized brief after making every effort to reduce the current size of the brief.

Respectfully submitted,

/s/

Inga Parsons
Susan Wolfe

> The Court does not break a sweat in finding that there is excusable neglect to justify the late filing, by a mere seven hours, of the Rule 33 Motion. As the Court has previously noted, there is no doubt about the diligence, commitment, or competence of counsel and the record in this case is massive. That trial counsel apparently has not been helpful has only added to the burden to Ms. Parsons and Ms. Wolfe. Application to allow the late filing, nunc pro tunc, is therefore granted. Also granted is the application for additional time to clean up the filing.
>
> So Ordered.
> 11/15/23