# INGA L. PARSONS

**CHRISTIAN J. URBANO***
(of Counsel)

| Admitted to MA* NY WY | Attorneys at Law | Tel: 781-581-2262 |
| Federal Courts | 3 Bessom St. No. 234 | Fax: 888-406-9538 |
| U.S. Supreme Court | Marblehead, MA  01945 | Cell: 781-910-1523 |

Inga@IngaParsonsLaw.com                                       Christian@IngaParsonsLaw.com

BY EMAIL

January 18, 2024

Honorable Kenneth M. Karas
United States District Judge
United State District Court
300 Quarropas Street
White Plains, NY 10601

**Re:**  *United States v. Nicholas* **Tartaglione** 16-cr-832 (KMK)

Dear Judge Karas:

Please accept this letter on behalf of myself and co-counsel Susan Wolfe, as a supplement to Mr. Tartaglione's Rule 33 Motion.

After submitting Mr. Tartaglione's Rule 33 Motion, the defendant and counsel continued to review the telephone records which were extremely voluminous having reviewed the submissions the government and defense referred to at trial for the Rule 33 Motion which were extremely voluminous.

Not until after trial with the assistance of new counsel, did Mr. Tartaglione have full access to sensitive disclosure material including the government's file for the government's cellphone expert Slattery which included 3502-70 which is Marcos' 3500 but was not included in Marcos' 3500 file that had been provided to Mr. Tartaglione which only went up to 3502-66.  (It should be noted that Biggs' phone extractions 3501-68 were included in his 3500 file).

The Marcos phone extractions are labeled 2017 03-02 Slattery – Samsung Galaxy  S5-Extraction Rpt (Cruz) which is such a long label that only the first  part of the label appears in a review of the records on counsel's

computer. It was not apparent to counsel that this was Marcos' extraction of the Marcos Cruz phone marked as sensitive. Present counsel and Mr. Tartaglione has been reviewing the voluminous records, before, through and after the holidays. We recently discovered egregious errors of fact and did a more thorough review of other phone records that would have affected the outcome of the trial, and that were not raised by trial counsel nor did the prosecution correct them and which must be considered by the Court to prevent a manifest injustice.

On January 16, 2024 we notified the government and provided them with a summary and examples of the main issues arising from the phone records that we intended to address in a supplemental submission in an effort to confer on the issue. Defense counsel advised that the defendant has no objection to an extension of the government's time to file their opposition together with their response to our supplemental arguments. The government, by Mr. Fiddleman, declined, indicating that they object to supplementation, but if the Court should allow it, the government would ask for two additional weeks to respond. Defense counsel has no objection to all government responses being due in two weeks.

Of the supplemental points set forth below, the most egregious is the discovery that the phone of Marcos Cruz, taken into custody by Officer Slattery on January 10, 2017, shows that significant modifications and deletions were made thereafter. Ms. Slattery was the government's cellphone expert. It was discovered in one of Ms. Slattery's reports that Investigator Young came and took the phone back from Ms. Slattery on January 17, 2017. The phone was returned to Ms. Slattery on February 10, 2017. In the interim there were more than 200 changes to the phone entries, including additions, modifications, deletions and evidence of access on January 17, 2017, January 18, 2017 and January 20, 2017 during the time Investigator Young was in possession of the phone. The defense has compiled a list showing the date and whether something was created, modified, accessed and/or deleted which is attached as Exhibit A.

The following are the points from review of the phone records which Mr. Tartaglione seeks to submit as a supplement to his Rule 33 motion.

1. Government cellphone expert Slattery took custody of Marcos Cruz' phone on 1/10/2017. (3523-08) Investigator Young took the phone back in the middle of the extraction. (3523-20). In her detailed report

Slattery states that TFO William Young requested the cell phone back. (3523-14 at p. 2). Slattery does not retake custody of the phone until 2/10/2017, three weeks later. *Id.*

Beginning on 1/17/2017 (the date Young takes the phone from Slattery) there are numerous modifications, deletions and creations on that phone.
For example:

    NT_048348-9, a contact, Niki Polis, is created 1/17/17
    NT_048350 Image deleted 1/17/17
    NT_048352 2 more images deleted 1/17/17

It appears that on January 17 2017 over 100 files were deleted, modified or created or changed and additional changes on January 18th and 20th, 2017. Attached is a list of these changes.

In addition, there are pages in the Marcos' extraction that are not searchable: pages 4765 to 4771. They appear to be in a different PDF form or format other than the format for the rest of the the 5639 pages in 5302-70. If you do a search for a term that is clearly in those pages it does not come up. Those pages include the creation of the Niki Polis contact and the time when Young took the phone back from Slattery.

It is of additional importance because at trial it is brought out the numbers for Niki Polis were in the records. Tr. at 2433-35. In addition, on cross-examination, Marco stated that he had put Tartaglione's number in as Nick not as Nicky Police. Tr. at 1506:

```
Q. And I believe it was yesterday the prosecutor asked
you how you had Nick, his contact stored in your
phone, and you
indicated "Nick police," correct?
A. No. She didn't say that yesterday. I was asked how
I had
Nick saved as a contact in my phone.
Q. Okay.
A. All I had him under was "Nick."
Q. Okay. You never had him under as "Nick police"?
A. No.
```

2. Prosecutors show the jury a letter (unsigned) in Tartaglione's phone saying Marcos worked for Hopeful Tails since May 2015. (Tr. 2405-6). Prosecutors asked when the letter was created and the answer was 11/22/16. *Id.* However, in Marcos' phone is a screenshot of the actual letter which is signed by Tartaglione and created on 11/23/16 (a day later) stating that Marcos Cruz worked for Hopeful Tails since January 2016 which is clearly the final version. NT_048357. It also corroborated that the first letter was a draft. The prosecution does not correct the record with respect to how long Tartaglione knew Marcos nor does the defense bring this out and the jury is left with misleading information.

3. The prosecution made much of the fact that Mike Tartaglione stayed at the same hotel as Marcos—the Marriot. However, Marcos had in his phone an ad from the hotel to become a member and get a discount. NT_048491. It is in Marcos phone extracts on 11/17/2015 which is a month before the alleged drug conspiracy began. (3502-70 at 1362) It is in Spanish and says become a member. This would have gone a long way toward explaining why Marcos stayed at the Marriot, and could have been but was not used to undermine Marco's testimony and the prosecution's theory that Tartaglione was the mastermind.

4. According to the extraction report, the extraction of Marcos' phone began on 3/2/2017 at 2:27:40 PM(UTC-5) (3502-70 at 2). However, there are items in the phone that show files created, modified and deleted on 3/2/2017 at or around 5:33pm (UTC + 0) = 12:33 p.m. and other times on that date before extraction was started. (3502-70 at 2309 line 414). This strongly suggests that Marcos Cruz's phone continued to be compromised before the extraction. This was not brought out by the defense. The following are a sampling of the modifications, creations and deletions listed for 3/2/2017 in 3502-70:

> 414 **Name:** f.apk
> **Path:** userdata (ExtX)/Root/data/com.sec.android.soagent/cache/f.apk
> **MD5:** N/A
> **Size (bytes):** 0

**Created:** 12/13/2016 3:35:04 PM(UTC+0)
**Modified:** 3/2/2017 5:32:57 PM(UTC+0)
**Accessed:** 12/13/2016 3:35:04 PM(UTC+0)
**Deleted:** 3/2/2017 5:32:57 PM(UTC+0)
**Source Extraction** Physical

558 **Name:** J94Q7IEvNFWAny1xSiP7JSg_1.jar
**Path:** userdata (ExtX)/Root/data/com.google.android.googlequicksearchbox/files/velour/verified_jars/J94Q7IEvNFWAny1xSiP7JSg_1.jar
**MD5:** N/A
**Size (bytes):** 0
**Created:** 1/17/2017 11:45:02 PM(UTC+0)
**Modified:** 3/2/2017 5:33:44 PM(UTC+0)
**Accessed:** 1/17/2017 11:45:02 PM(UTC+0)
**Deleted:** 3/2/2017 5:33:44 PM(UTC+0)
**Source Extraction** Physical

634 **Name:** JzKW14QqfGjBQ9rVIdx3IMw_2.jar
**Path:** userdata (ExtX)/Root/data/com.google.android.googlequicksearchbox/files/velour/verified_jars/JzKW14QqfGjBQ9rVIdx3IMw_2.jar
**MD5:** N/A
**Size (bytes):** 0
**Created:** 1/20/2017 4:14:42 PM(UTC+0)
**Modified:** 3/2/2017 5:32:52 PM(UTC+0)
**Accessed:** 1/20/2017 4:14:42 PM(UTC+0)
**Deleted:** 3/2/2017 5:32:52 PM(UTC+0)
**Source Extraction** Physical

1984 **Name:** libxplat_lithium_duplex_connection_util.so
**Path:** userdata (ExtX)/Root/data/com.facebook.orca/libxzs/libxplat_lithium_duplex_connection_util.so

**MD5:** N/A  
**Size (bytes):** 0  
**Created:** 3/2/2017 5:32:44 PM(UTC+0)  
**Modified:** 3/2/2017 5:32:44 PM(UTC+0)  
**Accessed:** 3/2/2017 5:32:44 PM(UTC+0)  
**Deleted:** 3/2/2017 5:32:44 PM(UTC+0)  
**Source Extraction** Physical

2093 **Name:** prog-44fe9bdffb610efb3ff2c0e90240ef313dea13a9.dex  
**Path:** userdata (ExtX)/Root/data/com.android.exchange/code_cache/prog-44fe9bdffb610efb3ff2c0e90240ef313dea13a9.dex  
**MD5:** N/A  
**Size (bytes):** 0  
**Created:** 12/5/2016 3:38:11 PM(UTC+0)  
**Modified:** 3/2/2017 5:33:03 PM(UTC+0)  
**Accessed:** 12/5/2016 3:38:11 PM(UTC+0)  
**Deleted:** 3/2/2017 5:33:03 PM(UTC+0)  
**Source Extraction** Physical

2715 **Name:** ttacfg.jar  
**Path:** userdata (ExtX)/Root/data/com.vlingo.midas/files/ttacfg.jar  
**MD5:** 789e20374367483828ec59bb021ff412  
**Size (bytes):** 109022  
**Created:** 1/1/2014 12:03:11 AM(UTC+0)  
**Modified:** 3/2/2017 5:33:32 PM(UTC+0)  
**Accessed:** 1/1/2014 12:03:11 AM(UTC+0)  
**Source Extraction** Physical

12 **Name:** blacklist.conf  
**Path:** userdata (ExtX)/Root/misc/wifi/blacklist.conf  
**MD5:** N/A

     **Size (bytes):** 0
     **Created:** 3/2/2017 5:33:18 PM(UTC+0)
     **Modified:** 3/2/2017 5:33:18 PM(UTC+0)
     **Accessed:** 3/2/2017 5:33:18 PM(UTC+0)
     **Source Extraction** Physical

     13 **Name:** bt_config.conf
     **Path:** userdata (ExtX)/Root/misc/bluedroid/bt_config.conf
     **MD5:** ae96fb9dc3cbd628a8528f5f5062aa10
     **Size (bytes):** 2575
     **Created:** 3/2/2017 5:32:52 PM(UTC+0)
     **Modified:** 3/2/2017 5:32:52 PM(UTC+0)
     **Accessed:** 3/2/2017 5:32:52 PM(UTC+0)
     **Source Extraction** Physical

5. Biggs was arrested on 6/1/17. The 302s on Biggs states:

```
On February 12, 2018 at approximately 2:00 pm, BILL BRENNAN, an
investigator for Defense Attorney, GEORGE GOELTZER, for JOSEPH BIGGS,
turned over an Apple I-Phone 6S, Model Number 6S-A1688, in a black plastic
case, telephone number: 845-721-2442, to FBI Special Agent Jessica Miller
at the White Plains Federal Courthouse, 300 Quarropas Street, White
Plains, New York. The cellphone is owned by JOSEPH BIGGS and has been in
the custody of his attorney since his arrest.
```

Ms. Slattery's report 3523-16 pg 5, shows that Biggs signs permission to search the phone on a form dated 2/12/18 at 2:50 p.m. approximately 50 minutes after the phone is turned over to the government. Ms. Slattery's report shows that Ms. Slattery does not take custody of the phone until 2/27/18, indicating that other law enforcement had the phone for over two weeks before handing it over to Slattery for extraction.

In the phone records, there is a video of driver's license for someone named ▓▓▓▓▓▓▓▓▓▓ which has a recording if you click on the thumbnail of the driver's license and hear a recording background

statement saying something to the effect: I just want my money. Extraction records show this entry was modified after Biggs was in custody (he was arrested 6/1/2017), after the phone was turned over to law enforcement and on the same day Biggs gave permission to search his phone. . 3501-68 at 10446. There are additional modifications on that same date: 2/12/18 pg 9841 (NT_047585); 2/12/18 pg. 9890 (NT_047634).

Biggs executed permission to search the phone on the same date that the ▮▮▮▮▮▮▮▮ recording is modified, which occurs approximately 5 minutes before Biggs signs the release, and 45 minutes after the phone is turned over to law enforcement. (2:45:54). 3523-16.

Biggs' phone records show that the recording attached to the drivers license was also modified on 9/10/2017, 3 months after Biggs is arrested. 3501-68 pages 10439, 10444, 10452.

There are other significant discrepancies in the phone record entries. The records appeared to show, as elicited by the government, that Tartaglione had been texting Biggs in 2005 to demonstrate the length of their relationship. Tr. 3795. Phone extractions show the number 914-355-1332 texting Biggs in 2005. 3501-68; 3708-9. However, Verizon records reveal that Tartaglione got that telephone number in 2011. NT_13624 to 14128. Accordingly, Tartaglione could not have been texting Biggs in 2005 from that number which would call into question the length of their relationship.

There is obviously something wrong and unreliable about these records. For example, in a text dated 4/9/2005 it says "Merry Christmas Biggs to you and your family" which make no sense in April. 3501-68 at 2939.

According to the records, the phones supposedly texting Biggs in 2005 were phones that Tartaglione did not acquire until 2011 (Tr. 1132) or in April 2016. (NT_13624 to 14128). In the second Biggs Phone extraction (3501-68) pg 4384, Tartaglione texts Biggs on 4/23/2016 saying "Hey its Nick. FYI this is the new number for orders," corroborating that this phone number was acquired in 2016.

Also in Biggs phone there are about 40 texts including three that were purportedly sent from Tartaglione's phone, # 914-355-1332 (which Tartaglione acquired in 2011), but the records show all of these texts were received or read by Biggs on 4/9/2005 at exactly 8:54:32. *See* Biggs phone extracts 3501-68 pg 90-91, pg 3794-5, pg 4581 (2150), pg 10431(68), pg 791, pg 1679-80 (8635-48), pg 1681, pg 1683 (1), pg 1685-6 (1).

The above was never brought out to the jury by the defense or corrected by the prosecution. The inconsistencies, impossibilities and discrepancies would not only have undermined the reliability and accuracy of the phone records, but would also have provided a basis to exclude the records in total.

6. Sullivan testified that, after the murders, Tartaglione told him to get a new phone. However, the new phone Sullivan claims he got because Tartaglione told him to show emails sent by Sullivan before April 11, 2017. (3503-09 page 12-17) This was not corrected by the prosecution nor brought out by the defense and is additional impeachment of Sullivan's testimony.

7. The following numbers were in both Biggs and Sullivan's phone (NT_13624 to NT_14128)

    904 743 6694
    907 723 1488
    915 593 0393
    706 820 2070
    765 779 4477
    407 801 7550
    661 748 0240
    856 784 2444

   Trial Counsel failed to discover and use at trial the fact that both Biggs and Sullivan were in contact with the same 8 phone numbers, which would have discredited the claimed lack of connection and prior relationship between Biggs and Sullivan.

Hon. Kenneth M. Karas  January 18, 2024
U.S. v. Tartaglione  Page 10 of 10

These entries call into question the reliability of the phone records and the integrity of the extractions and would have supported a motion to suppress. The above discrepancies and impeachment material further emphasize the prejudice to the defendant of not being able to call their own cell phone data expert, having been precluded because trial counsel did not provide the required notice.

Again, counsel has no objection to the prosecution being permitted to file their entire response, including a response to this supplement in two weeks.

Thank you for your time and consideration.

Respectfully,

/s/ Inga L. Parsons

Inga L. Parsons

Cc:  Government by email