# SUSAN C. WOLFE, ESQ.

Law office of Susan C. Wolfe
2400 Johnson Ave, Suite 1G
Bronx, York 10463

Tel: (917) 209-0441
Email: scwolfe@scwolfelaw.com

Diane Fischer,
of counsel

November 20, 2024

Honorable Kenneth M. Karas
United States District Judge
United State District Court
300 Quarropas Street
White Plains, NY 10601

Re:   *United States v. Nicholas **Tartaglione*** 16-cr-832 (KMK); *24-1852*

Dear Judge Karas:

      We are appellate counsel for Mr. Tartaglione and we write to request that the Court reconsider its recent order regarding our access to sealed documents.

      In order for appellate counsel to review the full record on appeal, Your Honor has required us to do the impossible. Each sealed document or proceeding is referred to on the docket as "SEALED DOCUMENT placed in the vault," with a date and docket number. There are approximately 100 such entries. We do not know what any given "Sealed Document" is or what it relates to. Since we were not trial counsel, we were not privy to the context in which documents were sealed, which might have illuminated their contents. We cannot even match the sealed records we do have to the sealed docket entries because docketing often occurs after the date on the document. Therefore, we cannot make "a proffer on the need to review the sealed filings," as required by the Court's order dated October 3, 2024. ECF #599.

      Moreover, there are sealed documents that do not appear to be reflected on the docket. For example, we have transcripts of proceedings, presumably provided by the government as 3500 materials, which are not noted on the docket. Presumably, there are other sensitive filings, such as those pertaining to cooperators, which are not reflected on the docket. Not only are we ignorant of the content and nature of sealed documents, but we do not know about others that may not have been docketed. It is all a sea of unknowns to us.

Honorable Kenneth Karas
November 20, 2024
Page 2

Undersigned counsel has spoken to Richard Alcantara from the Second Circuit, who handles appellate counsels' requests to review sealed case filings. For cases originating at the 500 Peal Street Courthouse, he sends a memo to the Clerk's Office and the documents are provided to him. The attorney is put in a room to review the documents. There is usually no involvement of a judge and there is no notice to the government (which may be why the government is not aware of the procedure, *see fn. 1*).

Mr. Alcantara's assistance is not available in cases from the White Plains courthouse, where appellate counsel must obtain a court order to review sealed materials. We request that the Court enter an order permitting counsel to review the sealed documents according to the same procedure followed at 500 Pearl Street.

We have contacted the government about reviewing the sealed documents. The government takes the position that it would be too burdensome for it or the Court to conduct a "mass unsealing of the sealed envelopes." The government's full response is contained in the footnote below.[1] It should be

---

[1] The government responded to defense counsel: "We've asked around, including with the Clerk's Office and the Second Circuit, and we do not believe there is a standard practice of unsealing sealed *filings* for review by appellate counsel in the ordinary course (as opposed to sealed *transcripts*, which are routinely made available). We don't think it's appropriate to flip the burden back to us to review all the sealed filings, which would also require a court order. In this case, many of the sealed filings were matters relating to the other three cooperating defendants. The only substantive sealed matters we recall occurring in the case are (1) an ex parte, in camera conference between the Court and the Government in connection with the Court's ex parte review of 3500 material for potential *Brady*, which transcript was already provided to the defense in advance of trial, and (2) the lengthy sealed, firewalled *Curcio* proceedings, which we understand you also already have access to from prior counsel. There could also be whatever *ex parte* filings trial counsel made such as CJA funding requests, Rule 17 subpoena applications, etc. of which we are unaware, but those should also be in prior counsel's file that you received.

Accordingly, we don't see a basis for a mass unsealing of all the sealed envelopes in the Clerk's Office vault in this case, nor would there be any practical way to do that without you asking the judge to review every sealed envelope and decide what to show you and not show you. If, from your conversations with your client and with trial counsel, you identify specific sealed matters that you believe you need to review and that you can't get a copy of from prior counsel's files, please let us know, and we'll give you our position."

noted that the records would remain sealed except to the extent that appellate counsel would have access to them.

Regarding "standard practices," in addition to the information from Mr. Alcantara, both myself and the CJA attorney-liaison for the Second Circuit separately surveyed defense attorneys regarding their access to sealed district court records. The responders reported that they were able to access the sealed docket entries, some more expeditiously than others. It was acknowledged that, with respect to sealed filings pertaining to the government's investigation and cooperators (not otherwise discoverable), a specific showing of good cause would be required. At this time, we do not request access to documents in those categories, but only request that the government give us a general description of them and the basis or sealing.

From the descriptions on the docket ("sealed document placed in the vault"), we cannot identify documents we are entitled to review, or ones that we already have, or whether the absence of our review would deprive Mr. Tartaglione of a fulsome appeal.

A related issue is whether documents may remain sealed when there is no longer any need for sealing.

Sealing requires authorization by statute or rule or permission of a judicial officer. Robert Reagan, *Sealing Court Records and Proceedings: A Pocket Guide,* Federal Judicial Center (2010) at 19, citing *Media Gen. Operations, Inc.v. Buchanan,* 417 F.3d 424, 429 (4th Cir. 2005) ("The decision to seal documents must be made after independent review by a judicial officer, and supported by findings and conclusions specific enough for appellate review."); *see Gannett Media Corp. v. United States,* 2022 U.S. App. LEXIS 35099 at 7; 2022 WL 17818626 (2d Cir. 2022)(unpublished).

Some Circuits require public notice of motions to seal, to give the public, the press, and other interested parties an opportunity to be heard on the matter. Reagan*, supra,* at 20, fn. 76, citing *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir.1991) At a minimum**,** there should be a public record of what is sealed and the reason for sealing, except if the court specifically finds that the nature of the document and the reasons for sealing should be sealed as well. *Id.* at 21, citing *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998) ("Sealing of the

Honorable Kenneth Karas
November 20, 2024
Page 4

entire explanation would indeed be an extraordinary step for a district court to take, given the heavy burden it would place on the Press . . ..").  Similarly, sealing should not be over-inclusive; an entire filing should not be sealed to protect the secrecy of some documents. *Reagan, supra,* at 20*,* citing *SEC v. TheStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001).

     While some of the documents in Mr. Tartaglione's case are accompanied by motions to seal (and to unseal), the majority do not appear to have any corresponding motions.  One of the reasons for creating a public record of why a docket entry is sealed is to create a sufficient record for appellate review.  Reagan, *supra,* at 22.

     Finally, documents are often sealed for time-sensitive reasons, in which case they should be unsealed when the reason for sealing them no longer obtains.  At that point, both parties would be tasked with identifying which of their own documents still need to be kept under seal.

     The government is in a far better position to make a proffer as to any documents it filed under seal that it believes should remain so, as opposed to asking appellate counsel to proffer a need for sealed documents they have no ability to identify.

     The law and logistics favor giving appellate counsel open access to the sealed records.  We ask the Court to enter an order permitting appellate counsel to review the sealed documents in this case.

                                   Respectfully submitted,

                                   Susan C. Wolfe
                                   Inga Parsons
                                   Marsha Taubenhaus