Case 7:16-cr-00832-KMK   Document 602   Filed 12/03/24   Page 1 of 2



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

December 3, 2024

**<u>BY ECF</u>**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   **Re:** *United States v. Nicholas Tartaglione*, S4 16 Cr. 832 (KMK)

Dear Judge Karas:

  The Government respectfully submits this letter in response to defendant Nicholas Tartaglione's recent request that his appellate counsel be given access to all sealed filings in the case. (Dkt. 600).

  In principle, the Government has no objection to appellate counsel reviewing any sealed filing *to which Tartaglione was originally a party*, including filings on which both sides were copied and any *ex parte* defense filings. The Government also has no objection to appellate counsel accessing the only *ex parte* communications the prosecution had with the Court regarding Tartaglione, which took place in the form of an *ex parte* conference on June 13, 2018, the transcript of which the Government produced to Tartaglione in advance of trial. The Government's concern is a practical one. Because this case involved multiple defendants, not every sealed filing on the docket relates to Tartaglione. Rather, there are multiple sealed filings regarding Tartaglione's co-defendants, which appellate counsel has no right or need to access. As the defense has pointed out, however, the docket entries for sealed filings do not identify which defendant each filing concerns, the topic of each filing, or which parties had access to each filing.

  Although the Government has retained copies of all the sealed submissions it filed in the case, the Government has never been informed which docket entry number was assigned to each of its sealed filings. As a result, the Government cannot identify which numbered docket entries are suitable for the Clerk's Office to unseal and permit appellate counsel to inspect and which are not. The Government understands that the Clerk's Office may have an index of sealed filings to which the parties do not have access, but that index may or may not be complete and may or may not be sufficiently detailed to understand the exact nature of each filing.

  To the best of the Government's recollection and understanding, the sealed filings in this case include: (1) the June 13, 2018 *ex parte* conference between the Court and the Government in connection with the Court's *in camera* review of Jencks Act materials for potential *Brady*, the transcript and records of which the Government already provided to the defense in advance of trial; (2) the firewalled *Curcio* proceedings to which the prosecution team does not have access, but to

which the Government understands appellate counsel already has access from trial counsel; (3) any *ex parte* filings that may have been submitted by Tartaglione's trial counsel relating to CJA vouchers, Rule 17 subpoena requests, etc., to which the Government does not have access; and (4) sealed filings relating to other defendants in this case, to which Tartaglione does not and should not have access. Because appellate counsel already has access to categories (1) and (2), and category (4) should not be unsealed, the Government believes that only category (3) remains for appellate counsel to inspect. Because the filings in that category were made by Tartaglione's trial counsel, appellate counsel should be able to review those filings within trial counsel's files. To the extent trial counsel's files do not contain a complete record of sealed filings, the Government is not in a position to assist because it never had access to *ex parte* filings made by Tartaglione's trial counsel.

If appellate counsel requires access to the *ex parte* filings from category (3) within the Clerk's Office, it would appear necessary for the Court's staff to review the Clerk's Office log of sealed filings and/or open all the sealed envelopes to identify which matters relate to Tartaglione and should be shown to defense counsel and which should not. While the Government defers to the Court, as the Government's response to defense counsel indicates (Dkt. 600 at 2 n.1) such a process seems unduly burdensome and likely unnecessary because appellate counsel should obtain any sealed filings in category (3), the only remaining category, from trial counsel.

The Government is not familiar with the process described by defense counsel by which defense counsel claims that sealed envelopes are routinely opened by the Clerk's Office for appellate counsel to review without a court order—particularly in a multi-defendant case in which not every filing on the docket is appropriate for counsel to review. The undersigned has spoken with staff in the Second Circuit Clerk of Court's office who were also unfamiliar with that practice. Indeed, it would be entirely improper for counsel for one defendant to be given unfettered access to sealed filings relating to all co-defendants.

Ultimately, the Government defers to the Court's discretion as to how best to effectuate appellate counsel's review of the appropriate sealed filings (*i.e.*, materials relating to Tartaglione, and not his co-defendants) in light of the information set forth above.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Maurene Comey
Jacob R. Fiddelman
Assistant United States Attorneys
(212) 637-2324/-1024

cc:   All counsel of record (by ECF)