

# MEMO ENDORSED

**The New York Times Company**

Al-Amyn Sumar
Legal Department

T 202 862 7705

al-amyn.sumar@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

May 19, 2026

**VIA EMAIL**

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re:    <u>*United States v. Tartaglione*, 16-cr-832 – Reply in Further Support of
       Unsealing</u>

Dear Judge Karas:

I write on behalf of The New York Times Company and reporters Benjamin
Weiser, Jan Ransom, and Steve Eder (together, "The Times") in further support
of our request to unseal judicial records in the above-captioned case. On Friday,
May 15, the Court docketed a redacted version of a May 4 letter from Mr.
Tartaglione's lawyers responding to The Times's request. In that response, Mr.
Tartaglione correctly concedes that he waived the attorney-client privilege as to
information that he has disclosed to third parties. Dkt. No. 616 at 1. He also
agrees that the portions of the Transcripts and a court order that "pertain[] to the
Note" should be unsealed. *Id.* at 2. But Mr. Tartaglione overstates the scope of
material that may properly remain sealed in two ways. The Times writes briefly
on these two points before the Court renders a decision on the appropriate
redactions to materials still at issue.

*First*, Mr. Tartaglione is wrong to claim that substantial portions of the *Curcio*
Report—those that do not "actually and specifically pertain to the Note and any
references to authenticating it"—may remain sealed. *Id.* at 1. The Court has
already (and correctly) "assum[ed]" that, at a minimum, the common law
presumption of access applies to the Report. Dkt. No. 613 at 12; *see also id.* at 13
(reserving decision on whether the First Amendment right of access applies to the
Report). Like the Note, the Report was "submitted in connection with the *Curcio*
hearing, which involved the exercise of Article III power," and it "was at least
relevant to judicial decision-making, regardless of whether the Court relied on it
in reaching its conclusion." *Id.* at 9.

In arguing the contrary, Mr. Tartaglione analogizes the Report to confidential
presentence reports. Dkt. No. 616 at 2. The case he cites, *United States v. Pena*,

# MEMO ENDORSED

227 F.3d 23 (2d Cir. 2000), does not address the common law or First Amendment rights of access. Even so, the analogy is unpersuasive. The unusual confidential treatment afforded to presentence reports is based on, among other things, the potential chilling effect of disclosure on individuals who contribute to such reports and the statutory confidentiality protections for those documents. *See, e.g.*, *United States v. Gotti*, 322 F. Supp. 2d 230, 245-46, 249 (E.D.N.Y. 2004); *In re Civil Contempt by Doe*, No. 12-mc-0557 (BMC), 2016 U.S. Dist. LEXIS 80882, at *13 (E.D.N.Y. June 20, 2016). And, critically, these reports "are prepared by the court's own probation services system," making them "internal court document[s]." *United States v. Sater*, No. 98-cr-1101(ILG), 2019 U.S. Dist. LEXIS 121749, at *5 n.3 (E.D.N.Y. July 22, 2019). They thus bear little resemblance to the Report: a document produced by a Court-appointed lawyer (and outside party) that, apparently, contains both facts and legal analysis intended to aid the Court's resolution of the *Curcio* inquiry. In other words, the Report is an external document directly relevant to the performance of an important judicial function. *See United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995) (applying the common law presumption of access to a report prepared by a court-appointed officer). A substantial presumption of access applies to it for reasons The Times has already explained, and continued sealing is justified only to the extent Mr. Tartaglione demonstrates that it contains information still covered by the attorney-client privilege.

*Second,* and relatedly, there is no basis for treating "arguments about the Note" differently from strictly factual material, whether those arguments or related analysis are contained in the Report, Transcripts, or court orders. Dkt. No. 616 at 4. Again, where those arguments incorporate still-privileged material, targeted redactions may be warranted. But in cases where legal arguments and analysis can be separated from privileged facts, the former must be released. Mr. Tartaglione's claim that disclosure of such material "would prejudice [him] in the event of a retrial," Dkt. No. 616 at 3, is unsubstantiated, at least in the unredacted portions of his letter. But even if he is right, the remedy for that potential prejudice is to exclude such evidence from trial and to conduct a robust voir dire process, not to deny access to judicial documents that contain information of considerable public interest.[1]

We thank the Court for its consideration.

---

[1] The Times takes no position on Mr. Tartaglione's request for a court order barring the government from using information revealed during the *Curcio* proceedings in the future. Dkt. No. 616 at 2.

MEMO ENDORSED

Respectfully submitted,

Al-Amyn Sumar

cc:     All counsel of record (via email)

The Clerk of Court is respectfully directed to docket this letter.  So Ordered.

May 19, 2026