

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 20, 2026

**<u>BY ECF</u>**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      **Re:**    ***United States v. Nicholas Tartaglione*, 16 Cr. 832 (KMK)**

Dear Judge Karas:

      The Government respectfully submits this letter to clarify a point raised by Tartaglione in his May 4, 2026, letter, which was initially filed under seal inside the firewall but was publicly docketed with redactions (and therefore became accessible to the undersigned) on May 15, 2026. (Dkt. 616). In that letter, Tartaglione's counsel stated: "In connection with the appeal, defense counsel suggested to the prosecutors a stipulation that nothing from the *Curcio* proceedings may be used against Tartaglione, as an alternative to litigating a sealed appeal on a sealed record. The prosecutors declined." (*Id.* at 2). The defense's proposal was made to the Government's primary counsel in the case, who lacks any knowledge of the contents of the *Curcio* proceedings. Tartaglione's description of the Government's response to the proposal omits important detail.

      Counsel's suggestion was to unseal the *Curcio* proceedings only if the Government agreed that: (1) Tartaglione's attorney-client privilege would nevertheless remain intact, and (2) the Government would not use any of Tartaglione's or his attorneys' statements in the *Curcio* proceeding—*or any other evidence derived from those statements*—against Tartaglione in any way. Although the Government is not aware of the contents of the *Curcio* proceedings due to the firewall, that proposal was not workable for two reasons. First, by definition, publicly unsealing the proceedings while maintaining attorney-client privilege over them is not legally possible. Second, the Government cannot agree to subject all future evidence and all future strategic decisions in unforeseen contexts to possible challenge as fruit of the poisonous tree or subject to a *Kastigar*-like inquiry. The Government informed Tartaglione's counsel that, if Tartaglione is prepared to waive privilege over the *Curcio* proceedings and agree to wholesale unsealing, the Government *is* willing to agree not to directly introduce any of Tartaglione's and his attorneys' statements from the *Curcio* proceedings against Tartaglione in any court proceeding. It is only the prohibition on *derivative use* to which the Government cannot agree due to the practical impact such an agreement would have. Because Tartaglione's counsel insisted on a derivative-use prohibition before agreeing to unsealing, no agreement was reached. The Government remains

willing to enter the narrower direct-use agreement if that will render Tartaglione willing to waive his privilege over the *Curcio* proceedings.[1]

Respectfully submitted,

JAY CLAYTON
United States Attorney

by:    /s/ Sean S. Buckley
Sean S. Buckley
Deputy United States Attorney
Jacob R. Fiddelman
Assistant United States Attorney

CC:    Susan Wolfe, Esq. and Inga Parsons, Esq., counsel for Nicholas Tartaglione (by ECF)
Al-Amyn Sumar, Esq., counsel for The New York Times (by email)

---

[1] Tartaglione has requested an order barring the Government's use of unsealed materials only in the event the Court intends to unseal matters beyond those over which Tartaglione has waived privilege. (Dkt. 616 at 2). The Government does not understand the Court to be contemplating such action at this time, such that the Government need not address this request. The Government respectfully requests notice and an opportunity to be heard if the Court contemplates issuing any such order.