# *INDEX*

*Ex. A – Curcio Report Redacted…………………………………NT-1*

*Ex. B – Barket Ruling (5/19/2021)…………………………….NT-17*

*Ex. C – Wieder Oral Ruling Redacted (2/22/2021)…………...NT-21*

*Ex. D – Wieder Written Order (3/1/2021)……………………...NT-44*

*Ex. E – Order for Sealing (5/17/2021)………………………...NT-45*

*Ex. F – Order re Hearing Redacted (6/12/2020)……………...NT-46*

# Exhibit A

NT-1

bc@sternheimlaw.com



Throughout the course of this capital case, Attorney Barket has made numerous statements to the media which have been widely reported in print and broadcast via television and Internet sites. The subject of his statements include but are not limited to: conditions at the Metropolitan Correctional Center ("MCC"), threats made by MCC personal against Mr. Tartaglione, denial of allegations that Mr. Tartaglione assaulted Jeffrey Epstein, mention of the amicable relationship

NT-3

between Mr. Tartaglione and Epstein while cellmates, and assertion that Mr. Tartaglione . has information pertinent to ongoing investigations concerning Epstein's attempted suicide on July 23, 2019 and death on August 10th.



**NT-4**



Attorney Barket's statements to the media While the majority take issue with deplorable conditions in the MCC, a few target Mr. Tartaglione's knowledge of circumstances pertaining to Jeffrey Epstein. The following two statements in particular give rise to concerns that survive waiver of privilege:

**NT-6**

> '*Nick knows a heck of a lot about what went on*,' *Barket said. 'He was there during the first attempt and he was there when he actually killed himself — he just wasn't in the same cell.*' (underline added).

https://www.nbcnews.com/news/us-news/nearby-inmate-heard-nothing-when-jeffrey-epstein-died-lawyer-says-n1041646.

> '*Whether or not the investigators into the suicide chose to interview Mr. Tartaglione about the attempted suicide to which he was witness or about how the facility is run and the conditions under which the inmates are forced to live, the correction officers know he has information potentially very damaging to the very people now charged with guarding him or their coworkers*' (underline added).

https://www.lohud.com/story/news/crime/2019/08/20/tartaglione-epstein-death/2066257001/.

Attorney Barket had knowledge of a handwritten document allegedly written by Jeffrey Epstein ("Epstein Note"; "Note") that had been removed from the MCC prior to Epstein's death on August 10th. Mr. Tartaglione and Mr. Epstein shared a cell at the time of Epstein's alleged suicide attempt on July 23d. Epstein was removed from the cell but some of his property remained.

During the period after Epstein's attempted suicide but prior to his death, Mr. Tartaglione found the Note in his cell. During a legal visit, he gave it to John Wieder, Esq. Attorney Wieder removed the Note from the MCC.

**NT-7**



*Curcio* counsel later learned that prior to telling Attorney Barket about the Note, Mr. Tartaglione had told an MCC officer about the Note but expressed concerns to the officer that if given to MCC officials, the Note would not be properly safeguarded. The officer tacitly agreed.

**NT-8**

The content of the Note is reprinted from *Curcio* counsel's personal notes. *Curcio* counsel believes the underlined portion, in particular, is relevant to the ongoing investigations regarding Epstein:

> *They investigated me for months – Found nothing!!!*
> *So 15 year old charges resulted.*
> *It is a treat to be able to choose ones time to say goodbye.*
> *Watcha want me to do –*
> *Bust out crying!!!*
> *No fun – Not worth it.*



NT-9

NT-10

NT-11

**NT-12**



NT-13





NT-15



NT-16



# Exhibit B

1

SEALED PROCEEDINGS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES of AMERICA,

        -against-                16cr832(KMK)
                               Status Conference

NICHOLAS TARTAGLIONE,

                Defendant.
------------------------------------x

                           United States Courthouse
                           White Plains, New York
                           May 19, 2021

            THE HONORABLE KENNETH M. KARAS,
                  District Court Judge

AUDREY STRAUSS
    United States Attorney for
        the Southern District of New York
BY:  MARGERY FEINZIG
    ILAN GRAFF
        Assistant United States Attorneys

BRUCE A. BARKET
AIDA F. LEISENRING
DONNA ALDEA (by telephone)
MICHAEL K. BACHRACH
ANTHONY L. RICCO
BRUCE D. KOFFSKY
KENNETH J. MONTGOMERY (by telephone)
JOHN A. DIAZ
    Attorneys for Nicholas Tartaglione

Also Present:
BOBBI C. STERNHEIM, Curcio Counsel (by telephone)
DAVID RUHNKE, Resource Counsel (by telephone)
TANYA GREENE, Resource Counsel (by telephone)
MICHAEL S. ROSS, Special Responsibility Counsel (by telephone)

              PAMELA GRIMALDI, CRR, CLR
                 914.390.4053

SEALED PROCEEDINGS

THE COURT:  Okay.  Ms. Sterhnheim, any other questions that you want me to ask Mr. Tartaglione?

MS. STERNHEIM:  No thank you, Judge.

THE COURT:  Okay.  Ms. Feinzig?

MS. FEINZIG:  No, thank you, your Honor.

THE COURT:  Mr. Barket?

MR. BARKET:  No thank you, Judge.

THE COURT:  All right.  Well, my finding is that, for reasons I've already explained, I think that other than Mr. Wieder's conflicts, the conflicts that have been identified, potential conflicts involving Mr. Barket and Ms. Leisenring and their firm, are potential conflicts, and that even if they were actual conflicts, that they are the type that can be waived, and that Mr. Tartaglione understands the conflicts, he understands how the conflicts could adversely affect him, both at the guilty phase and at the penalty phase, he understands the consequences of waiving the conflicts in terms of his inability to use these potential conflicts to legally challenge any unfavorable judgment that might result from this case, including a potential death sentence, and he has had the opportunity to have the advice of Curcio counsel, Ms. Sterhnheim, who is court-appointed.  And in my view he has knowingly and voluntarily waived the conflicts in this case that, as I said earlier, are waivable.  And so I will accept Mr. Tartaglione's waiver, and the Barket firm can continue

SEALED PROCEEDINGS

representing Mr. Tartaglione in this case.

THE DEFENDANT:  Thank you.

THE COURT:  Mr. Wieder, however, cannot, because I think his conflicts are actual and nonwaivable.  You can have whatever legal relationship you want with Mr. Wieder on other things, but I really mean this, Mr. Tartaglione --

THE DEFENDANT:  I understand.

THE COURT:  -- he is conflicted in representing you in this case.

THE DEFENDANT:  No.  He was -- I don't want get into it.  But I understand, yes.

THE COURT:  Okay.  But I just want that to be made crystal clear to you.

THE DEFENDANT:  Crystal clear.

THE COURT:  Okay.

MR. BARKET:  Judge?

THE COURT:  Mr. Barket?

MR. BARKET:  On the Mr. Wieder point --

THE COURT:  Yes.  Careful.

MR. BARKET:  Sorry.  I think I tripped over the "Place chair here."

THE COURT:  I'm making you sign a waiver.

MR. BARKET:  I've been texting him right after we spoke.  He asked if he could overnight it with a tracking number.  I said that might be an issue.

# Exhibit C

1

SEALED PROCEEDINGS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES of AMERICA,

                    -against-                    16 Cr. 832(KMK)
                                                 Curcio Hearing

NICHOLAS TARTAGLIONE,

                    Defendant.
------------------------------------x
                                        United States Courthouse
                                        White Plains, New York
                                        February 22, 2021

              (All parties appearing via telephone)


                    THE HONORABLE KENNETH M. KARAS,
                         District Court Judge


AUDREY STRAUSS
        United States Attorney for
             the Southern District of New York
BY:   MARGERY FEINZIG.
      ILAN GRAFF
             Assistant United States Attorneys


BRUCE A. BARKET
AIDA F. LEISENRING
DONNA ALDEA
MICHAEL K. BACHRACH
ANTHONY L. RICCO
BRUCE D. KOFFSKY
KENNETH J. MONTGROMERY
JOHN A. DIAZ
        Attorneys for Nicholas Tartaglione

Also Present:
BOBBI C. STERNHEIM, Curcio Counsel
DAVID RUHNKE, Resource Counsel
TAYNA GREENE, Resource Counsel
MELISSA LANG, Mitigation Specialist
BETH CAHIL, Mitigation Specialist
JIM DOWD, Investigtor
MICHAEL S. ROSS, Special Responsibility Counsel

SEALED PROCEEDINGS

**NT-21**



**NT-22**



**NT-23**



**NT-24**

**NT-25**



**NT-26**

**NT-27**



NT-28

NT-29

**NT-30**



**NT-31**

**NT-32**



**NT-33**

NT-34



**NT-35**



NT-36

NT-37



NT-38

NT-39



**NT-40**



NT-41



**NT-42**



**NT-43**



# Exhibit D

NT-44

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

NICHOLAS TARTAGLIONE,

                                    Defendant.

Case No. 16-CR-832 (KMK)

ORDER

Under Seal

KENNETH M. KARAS, United States District Judge:

For reasons stated on the record during the *Curcio* hearing on February 22, 2021, the Court found that (1) John Weider has been acting as one of Defendant's lawyers in this case, and (2) Mr. Weider suffers from an unwaivable conflict of interest and must therefore be disqualified.  The Court reserved judgment as to whether Mr. Weider's conflict should be imputed to Bruce Barket.  For reasons that will be discussed in a forthcoming Opinion, the Court has concluded that Mr. Weider's conflict should *not* be imputed to Mr. Barket or his law firm.

SO ORDERED.

DATED:      March 1, 2021
            White Plains, New York

                                    _____
                                    KENNETH M. KARAS
                                    UNITED STATES DISTRICT JUDGE

# Exhibit E

Case 7:16-cr-00832-KMK Document 622-59 Filed 05/28/26 Page 51 of 54

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NICHOLAS TARTAGLIONE,<br><br>　　　　　　　　Defendant. | Case No. 16-CR-832 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

The Court will conduct a sealed proceeding on May 19, 2021 in the captioned case.

As the proceeding relates to sensitive, internal matters related to Defendant's

representation, the proceeding will take place under seal, with the participation of the

Government's firewall counsel.


SO ORDERED.

DATED:　　May 17, 2021
　　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　KENNETH M. KARAS
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

# Exhibit F

**NT-46**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NICHOLAS TARTAGLIONE,<br><br>              Defendant. | Case No. 16-CR-832 (KMK)<br><br>ORDER<br><br>Ex Parte/Under Seal |

KENNETH M. KARAS, United States District Judge:

█████████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████████

At the *Curcio* hearing, the Court anticipates conducting a limited factual inquiry

concerning Mr. Barket's statements to the press, the removal of the Note, ████████████

██████████████████████████████████

Thereafter, if the Court determines that such conflicts are waivable, the hearing will focus on

whether Defendant understands and wishes to waive possible conflicts related to press

statements, the removal of the Note, ██████████████████████

NT-47

As the Court has already received proposed questions from Appointed Counsel, and as Retained Counsel has declined to submit additional inquiries, the Government's firewall counsel is respectfully directed to submit proposed questions for the planned hearing by June 19, 2020.

SO ORDERED.

DATED:      June 12, 2020
            White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE