UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **STIPULATION** |
| v. | S4 16 Cr. 832 (KMK) |
| NICHOLAS TARTAGLIONE, | |
| Defendant. | |

WHEREAS, in or about 2018, during the above-captioned criminal case, matters arose inside the umbrella of defendant Nicholas Tartaglione's attorney-client privilege regarding possible conflicts of interest held by some of his attorneys; and

WHEREAS, the Court conducted the resulting conflict-of-interest proceedings from approximately 2018 through May 2021 (the "*Curcio* Proceedings") *ex parte* and under seal, with the Government represented by firewall counsel who was prohibited from sharing any information from the *Curcio* Proceedings with anyone outside of those proceedings, including other Government personnel; and

WHEREAS, on April 30, 2026, the New York Times filed a motion to unseal the *Curcio* Proceedings, arguing that Tartaglione had waived his attorney-client privilege and the need for continued sealing by making public statements about the subject matters of the *Curcio* Proceedings; and

WHEREAS, Tartaglione recognizes that the unsealing motion could result in unsealing of some or all of the *Curcio* Proceedings without any remaining protections for Tartaglione regarding the use of those materials, and Tartaglione wishes to ensure that his interests remain protected to the greatest possible extent by reaching an agreement with the Government as to unsealing; and

WHEREAS, the parties have determined that there is a presumption of access to judicial

records and that there is a significant public interest in the unsealing of the records of the *Curcio* proceedings, and Tartaglione has determined that it is in Tartaglione's interest to consent to unsealing and to waive his attorney-client privilege with respect to the *Curcio* Proceedings in order to secure the Government's agreement to the below protections;

IT IS HEREBY STIPULATED AND AGREED by and between Tartaglione and the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), by and through the undersigned counsel, as follows:

1.    Except as provided below, in any prosecution brought against Tartaglione by USAO-SDNY, USAO-SDNY will not offer into evidence at any hearing or trial; use as impeachment material; or offer in connection with any sentencing proceeding for the purpose of determining an appropriate sentence: (a) any records from the *Curcio* Proceedings, including but not limited to letters, briefs, other filings, transcripts, exhibits, and court rulings (including all statements made by Tartaglione and by his counsel during the proceedings); and (b) any of Tartaglione's appellate filings that specifically relate to the *Curcio* Proceedings (namely, any sealed, firewalled *Curcio* briefs and corresponding appendices) and any portion of future filings on appeal by Tartaglione and the Government that specifically address the *Curcio* Proceedings, including in any further litigation on direct appeal before the United States Court of Appeals for the Second Circuit and the United States Supreme Court, and in any post-conviction proceedings, such as a petition for habeas corpus pursuant to 28 U.S.C. § 2255 (collectively, the "*Curcio* Records").

2.    Notwithstanding Paragraph 1 above, USAO-SDNY may use the *Curcio* Records for any purpose for which the Government's firewall counsel could have used the records prior to unsealing, such as litigating issues relating to the *Curcio* Proceedings themselves, including but

not limited to on direct appeal. USAO-SDNY may also use the *Curcio* Records to rebut any evidence or arguments offered by or on behalf of Tartaglione in any forum regarding what happened in the *Curcio* Proceedings.

3.      This Stipulation bars only direct use of the *Curcio* Records and not derivative use. USAO-SDNY may use any information or evidence derived directly or indirectly from the *Curcio* Proceedings and the *Curcio* Records for the purpose of obtaining leads to other evidence, which evidence is unaffected by this Stipulation and may be used against Tartaglione in any context in any manner otherwise permitted by law. This Stipulation also has no effect on USAO-SDNY's ability to use any independently derived evidence.

4.      This Stipulation applies only to USAO-SDNY and does not bind any other Government office or agency, including any other component of the Department of Justice, or any other party.

5.      In light of the limitations set forth in Paragraph 1 above, Tartaglione consents to the unsealing and public docketing of the *Curcio* Records in their entirety and to elimination of the firewall preventing the Government's firewall counsel from discussing the *Curcio* Proceedings with any other individual. This consent includes the waiver of any claim of privilege (including but not limited to attorney-client privilege and attorney work product protection) that may otherwise exist over the *Curcio* Proceedings and the subject matter of those proceedings.

6.      By signing this Stipulation, Tartaglione's counsel represents that counsel has fully discussed this Stipulation with Tartaglione; that Tartaglione fully understands and has personally agreed to this Stipulation; and that Tartaglione has specifically directed counsel to sign this Stipulation to memorialize his personal agreement to it.

7.      This Stipulation contains the entirety of the parties' agreement as to unsealing the

*Curcio* Proceedings and supersedes any prior understandings, promises, or conditions between USAO-SDNY and Tartaglione as to that topic. No additional understandings, promises, or conditions on this topic have been entered into, and any modification to this Stipulation must be in writing and signed by both parties.

AGREED TO:

JAY CLAYTON
United States Attorney
Southern District of New York

Date: _6/12/26_____          By: _____

Sean S. Buckley
Deputy United States Attorney
Jacob R. Fiddelman
Assistant United States Attorney


NICHOLAS TARTAGLIONE
Defendant

Date: 6/17/2026_____          By: _____

Susan Wolfe, Esq.
Inga Parsons, Esq.
Counsel for Nicholas Tartaglione