1150 Bedford Street
Stamford, Connecticut 06883
Tel. 203.327.1500
Fax. 203.327.7660
www.koffskyfelsen.com



**Koffsky & Felsen, LLC**



# Fax

| | | | |
|---|---|---|---|
| **To:** | Hon. Kenneth M. Karas | **From:** | Bruce D. Koffsky |
| **Fax:** | (914) 390-4152 | **Pages:** | 2 |
| **Phone:** | (914) 390-4145 | **Date:** | August 18, 2019 |
| **Re:** | United States v. Tartaglione Case No.: 7:16cr823 (KMK) | **cc:** | Only Counsel of Record for the Defendant |

☐ **Urgent**     ☐ **For Review**     ☐ **Please Comment**     ☐ **Please Reply**     ☐ **Please Recycle**

## TO BE FILED EX PARTE AND UNDER SEAL

# ANTHONY L. RICCO

*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919  FAX. (212) 791-3940

August 17, 2019

**BY FACSIMILE**:  TO BE FILED EX PARTE AND UNDER SEAL

Hon. Kenneth M. Karas
United States District Court Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re: ***United States v. Nicholas Tartaglione***, Docket No. 16 Cr.  832 (KMK)

Dear Judge Karas:

The next status conference in this case is scheduled for Wednesday, August 21, 2019, at

12:00 p.m.   In advance of that conference, and in compliance with the admonition of the Second

Circuit in *United States v. Mapliedi*, 62 F.3d 465, 470 (2d Cir. 1995), we write to alert the Court

that there exists a potential conflict and to request that the Court appoint *"Curcio* Counsel" to (a)

advise the defendant Nicholas Tartaglione regarding a potential conflict, and (b) to discuss with

the defendant his right to waive the potential conflict..[1] *See United States v. Curcio*, 680 F.2d

881 (2d Cir. 1982); *see also United States v. Williams*, 372 F.3d 96, 102 (2d Cir. 2004) ("a

---

[1]    Attorneys Bruce Barket and Aida Leisenring do not join this application, and plan to submit a separate letter.  We have declined to include the various newspaper articles which support this application, as counsel is of the view that these articles should, in the first instance, be presented to *Curcio* counsel.   As a result of the importance of this issue in a death authorized case, each step taken by counsel in this matter has been thoroughly vetted with the Executive Director of the Federal Defenders of New York, Resource Counsel assigned to this case, and the Executive Director of the Federal Death Penalty Resource Counsel Project.   However, the newspaper articles, and on line links to the dates of the television interviews have been indexed should the court direct counsel to file that information.

client's representation suffers from a *potential* conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.' "), quoting, *United States v. Kliti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998); *United States v. Lussier*, 71 F.3d 456, 470 (2d Cir. 1995) (the court must make an inquiry even where there is only a *possibility* of a conflict).

Counsel has determined that there is a potential conflict relating to the defendant's Sixth Amendment right to counsel of choice, and the defendant's Fifth Amendment rights regarding statements attributed to him, which statements were disclosed by counsel during media interviews. Undersigned counsel are particularly sensitive to this issue because the potential conflict arises in the context of the defendant's preparation for the presentment of evidence in the sentencing phase of this authorized death penalty case. The Supreme Court has recognized that authorized death penalty cases require unique and heightened constitutional protections, *Ford v. Wainwright*, 477 U.S. 399, 414 (1986); therefore, we request that the Court consult with the Executive Director of the Federal Defenders of New York, and appoint an attorney with significant capital experience. We request the appointment of an attorney such as John Kaley, Richard Ware Levitt, Bobbi Sternheim or Kelley Sharkey, all of whom are well versed in both the law related to conflicts as well as the impact such conflicts could have on the penalty phase of an authorized capital case.

Undersigned counsel are constrained in providing more detail regarding the potential conflict and the substance of the many statements made in the media because of the need to preserve confidentiality. However, we expect this matter can be resolved by Mr. Tartaglione's

2

consultation with *"Curcio"* Counsel. If *"Curcio"* Counsel determines that further inquiry or action is necessary, such counsel will inform Court.

Finally, we respectfully request that this application and the related proceedings that follow be held *ex parte* and under seal to avoid revealing information that could adversely impact the defendant and prejudice his penalty phase investigation and presentation.

Respectfully submitted,

*Anthony L. Ricco*

Anthony L. Ricco, Esq.

*Bruce D. Koffsky*

Bruce D. Koffsky, Esq.

Michael Bachrach, Esq.
Kenneth J. Montgomery, Esq.
John Diaz, Esq.

ALR/jh

cc:   All defense counsel (including Barket and Leisenring)

3