# ANTHONY L. RICCO

*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007
TEL. (212) 791-3919 FAX. (212) 791-3940

# FAX COVER SHEET

## FILED EX PARTE AND UNDER SEAL

To:    The Hon. Kenneth M. Karas
(914) 390-4152

From:  Anthony L. Ricco, Esq.

Re:    ***United States v. Nicholas Tartaglione,***
Docket No. 16 Cr. 832 (KMK)

Pages:  6 *(including cover sheet)*

Date:  November 5, 2019

Message:    Please see attached.  Thank you.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication in error, is prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via U.S. postal service.  Thank you.

# ANTHONY L. RICCO

*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919 FAX. (212) 791-3940

November 5, 2019

**BY FACSIMILE**: TO BE FILED EX PARTE AND UNDER SEAL

Hon. Kenneth M. Karas
United States District Court Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re: ***United States v. Nicholas Tartaglione***, Docket No. 16 Cr. 832 (KMK)

Dear Judge Karas:

As Learned Counsel appointed to represent the interest of Nicholas Tartaglione in this death authorized case, we submit this letter to request an order authorizing *Curcio* Counsel to expand the scope of the *Curcio* inquiry to include communications made to and from the contraband cellular phone as described by attorney Bruce Barket in open court on July 22, 2019.

## I.  Reasons for The Scope of The Curcio Inquiry

At the July 22, 2019, status conference the parties discussed whether the defendant had standing to object to a potential search warrant that the Government was considering seeking in relation to a contraband cellular telephone that had been recovered from the defendant's cell at the MCC.  Mr. Barket, in open court and in the presence of the government, conceded a number of issues related to the cellphone including that the defendant had used and possessed the phone.  *See, e.g.*, Transcript, page 14, lines 13-18.  Mr. Barket asserted both the

1

attorney/client privilege and the marital privilege, in turn disclosing, *inter alia*, that the defendant used the contraband cellular telephone to communicate with "members of the defense team" as well as the defendant's wife. *See, e.g.*, id. at pages 13-15. Mr. Barket likewise acknowledged to the court his awareness that possession and communications via the contraband cellular phone was prohibited. Id. at page 14, lines 17-25.

The public disclosure of the defendant's communications, along with the public disclosure of certain counsels' statements and conduct (or misconduct) in relation to the contraband cellular telephone has impacted the defendant's ability to effectively present an important mitigator during the penalty phase - positive prison adjustment pursuant to *Skipper v. South Carolina*, 476 U.S. 1 (1986).

## II.  The Defense Investigation of *Skipper* Evidence

Notwithstanding the present *Curcio* inquiry, Learned Counsel and other counsel have continued to fulfill our obligation and prepare for trial in this case, including the preparation for the presentment of penalty phase evidence. *See* American Bar Association Capital Guideline 10.7(A)(2) (Duty To Investigate); Guideline 10.8(A)(2)(The Duty to Assert Legal Claims); and Guideline 10.11 (A)(The Defense Case Concerning Penalty); *see also Wiggins v. Smith*, 539 U.S. 510, 524 (2003); *Rompilla v. Beard*, 545 U.S. 374, 387 (2005).

In accordance with that obligation, Learned Counsel have also conducted an investigation and full review of the statements made by Mr. Barket on the record at the conference held before this court on July 22, 2019 in relation to the possession and use of the contraband cellular phone. Based upon those statements, and evidence gathered thus far, including discovery provided by the government, Learned Counsel have discovered additional information which creates either a potential or actual conflict of interest that necessitates a further *Curcio* inquiry by the court.

2

To clarify, during the course of *Curcio* counsel's investigation, Learned Counsel became aware of the possibility of additional conflicts that were not known to Learned Counsel at the time of the request initially seeking *Curcio* counsel's appointment. These additional grounds relate, on multiple levels, to the contraband cellular telephone that was seized from the defendant's prison cell. As the court is aware, to date Learned Counsel has refrained from advising the court, or otherwise disclosing to the court the specific grounds related to the request for *Curcio* counsel, other than to inform the Court that the conflict relates to Mr. Barket, and could negatively impact the defendant's penalty phase case if disclosed to the Government. The same caution is once again sought here, though we believe it appropriate to alert the court that the new grounds warranting a *Curcio* inquiry extend to both Mr. Barket as well as additional individuals associated with Mr. Barket's law firm.

We note, however, that all appointed counsel have provided *Curcio* counsel with all information known to us to be relevant to the original *Curcio* inquiry as well as the additional bases that we have now discovered. To that end we have provided *Curcio* counsel with complete access to all team documents requested by *Curcio* counsel in relation thereto, including, *inter alia*, Basecamp posts, emails, and text messages. Although *Curcio* counsel's investigation is not complete, *Curcio* counsel has informed all counsel of her preliminary findings of the existence of multiple conflicts of a serious nature that shall, at a minimum, necessitate and trigger a serious *Curcio* inquiry by the court.

In relation to the new issues that Learned Counsel have now discovered, *Curcio* counsel has indicated a belief that these new issues do in fact raise additional grounds for a *Curcio* inquiry; grounds that she believes appropriate to include in her report to the court even though these new issues were not raised at the time of her appointment. *Curcio* counsel believes, however, and

3

Learned Counsel agree, that it is appropriate to first seek this court's authorization for *Curcio* counsel to expand her report to include these additional areas of conflict.  As a result, *Curcio* counsel has requested that Learned Counsel seek this Court's authorization for her to expand her inquiry into these new matters.

### III.   The Applicable Law and Obligation of Counsel

This letter is written in full compliance with the admonition to counsel, as expressed by the Second Circuit in *United States v. Mapliedi,* 62 F.3d 465, 470 (2d Cir. 1995), to inform and alert the court to the possibility of conflicts, so that the court can make an appropriate inquiry to (a) advise the defendant Nicholas Tartaglione regarding any conflicts, and (b) discuss with the defendant his right to waive the potential conflict..[1] *See United States v. Curcio,* 680 F.2d 881 (2d Cir. 1982); *see also United States v. Williams*, 372 F.3d 96, 102 (2d Cir. 2004) ("a client's representation suffers from a *potential* conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.' "), *quoting, United States v. Kliti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998); *United States v. Lussier,* 71 F.3d 456, 470 (2d Cir. 1995) (the court must make an inquiry even where there is only a *possibility* of a conflict).

Again, Learned Counsel are constrained to provide more detail regarding the conflicts related to the contraband cellular telephone, due to the limitations of our ethical obligations at this juncture. However, Learned counsel is of the view that (1) based upon the statements made by Mr. Barket on the public record on July 22, 2019; (2) the information subsequently provided by the government (*i.e.*, a listing of telephone numbers recovered from the call history of the seized

---

[1]     As a result of the importance of this issue in a death authorized case, each step taken by Learned counsel in this matter, including the submission of this application to expand the scope of *Curcio* counsel, has been thoroughly vetted with the Executive Director of the Federal Defenders of New York and the Executive Director of the Federal Death Penalty Resource Counsel Project.

4

cellular phone); (3) other information obtained as a result of Learned Counsels' penalty phase investigation; and in lieu of (4) the proposed penalty phase arguments advanced by conflicted counsel on this subject, the *Curcio* inquiry should be expanded to include counsel's statements and conduct in relation to the contraband cellular telephone.

As with the initial inquiry, Learned Counsel is of the view that the interest of some counsel in this case diverge with the interest of the defendant, Nicholas Tartaglione, and that the court should therefore be notified by *Curcio* counsel of the grounds for the divergence.

Finally, we respectfully request that this application, and the related proceedings that follow, be held *ex parte* and under seal to avoid revealing information that could adversely impact the defendant and prejudice his penalty phase investigation and presentation.

Respectfully submitted,

*Anthony L. Ricco*

Anthony L. Ricco, Esq.

*Bruce D. Koffsky*

Bruce D. Koffsky, Esq.

**Michael K. Bachrach**

Michael K. Bachrach, Esq.

Kenneth J. Montgomery, Esq.

John Diaz, Esq.

ALR/jh

cc:    Bruce A. Barket, Esq.
        Aida F. Leisenring, Esq.

5