# BARKETEPSTEIN
### BARKET EPSTEIN KEARON ALDEA & LoTURCO, LLP

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • (F) 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

*Ex Parte Communication*

November 6, 2019

**MEMO ENDORSED**

**via FACSIMILE (914) 390-4152**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:     *United States v. Nicholas Tartaglione*
        **16 Cr. 832 (KMK)**

Your Honor:

I write in response to Mr. Ricco's letter of November 5, 2019, which suggests that a conflict-issue was triggered in part as a result of my statements in Court concerning the contraband cellular telephone and its use by Mr. Tartaglione. Initially, it should be noted that neither Mr. Ricco nor Ms. Sternheim addressed these potential conflicts with me.

As the Court is aware, in addressing the Court on July 22, 2019 concerning the issue of the contraband cellular phone, I acknowledged publicly that which the Government already knew: that Mr. Tartaglione had used a contraband cellular telephone. I acknowledged those facts because they were indisputable and, more fundamentally, because I believed that by making the statements I advanced the interests of my client.

While it may be that Mr. Ricco disagrees with my strategy in making the statements in open court, it ignores the fact that I have implied authority under Rule 1.6(a) of the New York Rules of Professional Conduct (the "Rules") to disclose confidential client information; I have the authority under Rule 1.2(a) to make strategic decisions on behalf of the client. Further, Mr. Tartaglione approves of all the statements I have made as his lawyer.

I, of course, invite any conflict inquiry the Court believes is appropriate, but I respectfully ask that the Court specify the matter(s) to be reviewed and the possible conflicts to

be explored with Mr. Tartaglione.  This Court, not learned counsel and not *Curcio* Counsel, should set the parameters of the inquiry.

As the letter from Mr. Ricco has been sealed, I ask that this letter also be filed under seal and ex parte.

Thank you for your consideration.

Respectfully submitted,

___/s/Bruce Barket_____
Bruce A. Barket

cc:    Anthony Ricco, Esq.
       via electronic mail

The Court will not define the limits of Curcio counsel's inquiry. Obviously, all counsel will be given a full opportunity to address the results of that inquiry. This letter is to be filed under seal for the reasons, the letter to which this letter regards was filed under seal.

So Ordered.

7/19/19

# BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP

*Attorneys at Law*
666 Old Country Road
Garden City, New York 11530
(516)745-1500
Fax (516) 745-1245

## FAX TRANSMITTAL SHEET

**Facsimile No.:**        (914) 390-4152

**Date:**        November 6, 2019

**To:**        Honorable Kenneth M. Karas

**From:**        Bruce Barket, Esq

**Re:**        USA v. Nicholas Tartaglione
Indictment No.: 16-CR-832

**Pages:**
**(Including Cover)**        3

**MESSAGE:**

**NOTICE:**  Pursuant to CPLR Rule 2103(b) (5) the telecopier number of this office has not yet been designated as a proper number for the service of documents or papers in this action or proceeding. Service should be accomplished pursuant to any other paragraph of Rule 2103(b).

**CONFIDENTIALITY NOTICE:**  The documents accompanying this telecopy transmission contain information belonging to the sender which is legally privileged.   The information is intended only for the use of the individual or entity named above.   If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited.   If you have received this telecopy in error, please notify us by telephone to arrange for the return of the original transmission.