

## BARKETEPSTEIN
BARKET EPSTEIN KEARON ALDEA & LoTURCO, LLP

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

*Ex Parte Communication*

November 7, 2019

**via FACSIMILE (914) 390-4152**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:     ***United States v. Nicholas Tartaglione***
         **16 Cr. 832 (KMK)**

Your Honor:

I write in response to Mr. Ricco's latest letter. In short, Mr. Ricco's outrageous allegations of misconduct by me and/ Ms. Leisenring are provably false. His description of my motives is baseless and inaccurate.

In order,

1. I have never attempted to improperly influence a witness in any proceeding and did not do so here.

2. No "contraband" was removed from MCC. No investigation revealed the details of the matter to which Mr. Ricco refers (breaching highly sensitive client confidences in doing so) and he did not "find out" what happened. I told Mr. Ricco on July 29th, two days after the events, and Ms. Sternheim on August 23rd, two days following her appointment.

3. The proposition that Mr. Ricco was actually asking the Court to appoint Curcio counsel for anything other the statements made in the media is completely bellied by the record. Similarly, he mischaracterizes my position regarding the appointment of

Curio Counsel and wrongly asserts that the appointment was made "over [my] objection."

4. Mr. Ricco's August 17th letter alleged a conflict "regarding statement attributed to him (Tartaglione), which statements were disclosed by counsel during media interviews." (see page 2 of Mr. Ricco's letter) My letter Dated August 20th was in response to that and was written to "supplement," Mr. Ricco's letter, and ask then, as I have again here, that before Curcio counsel be appointed the Court should identify the potential conflicts and the factual and legal basis for them.

5. Notwithstanding reservations about the basis for a Curio inquiry, during the conference I explicitly consented to the inquiry, (See the Transcript from August 21, 2019 at page 13 where I state, "If the Court is inclined to have somebody separate from all of us speak to Mr. Tartaglione to confirm what I wrote [in my August 20, 2019 letter], that's fine with me." To which the Court responded "I certainly don't see the downside..." Even after I learned that we had been misinformed[1] that Curcio counsel had already been appointed, I indicted again that "my positon remains the same" and again accurately asserted that I had no doubt that I was authorized to make the press statements. To which Mr. Ricco said "that's not the issue. The issue is whether or not you have a waiver." (T, August 21, 2019 at page 16)

6. Also, after I described what I thought the conflict to be (The media Statements) Mr. Ricco agreed that Mr. Tartaglione is "going to waive." (Transcript, From August 21, 2019 at pages 8-10). Then, Mr. Ricco himself asserted that the potential conflict was "...**limited to** these statements that are in the paper and the context under which he is willing to adopt." (T. from August 21, 2019, at 12)

7. My statements that the matter could be quickly disposed of were made believing that the possible conflicts concerned the media statements, not to hide anything from the Court, as Mr. Ricco stated.

8. Similarly, Mr. Ricco mischaracterizes Ms. Leisenring's statement at page 17, where she simply wanted to be sure that the mere appointment of Curcio counsel not be seen an assertion that any rules of professional misconduct had been breached. (see, Ricco letter at page 3) The Court responded by reassuring her that no such finding had been made by the appointment of Curcio counsel. The suggestion by Mr. Ricco that she was attempting to "fabricate" is inaccurate, gratuitous and a wholly unwarranted attack on Ms. Leisenring's integrity and motivation.

9. Following the Court appearance Mr. Ricco expressed the view that he wanted to expand the inquiry beyond the statements to the events at MCC, I, after some thought and discussion with co-counsel, agreed. There is a potential, but waivable, conflict for every attorney who knew of the events referred to in Mr. Ricco's letter from this

---

[1] Mr. Ricco had written to the team earlier that morning telling us that the Court had appointed Curcio counsel. In that same writing he described the possible conflicts as being related to the press statements and whether or not I made them intentionally or inadvertently.

morning[2]. Further, I did not object to a review of the circumstances around the document Mr. Ricco refers to. In retrospect, however, I should have asked that the Court approve this significant expansion of the scope of the inquiry it ordered based on Mr. Ricco's August 17th letter.

10. I presume Mr. Ricco has seen the same discovery I have concerning the contraband cell phone, a list of "Contacts," not a call history. I don't know what "screen shots" of text messages he is referring to. But, yes I would like to see everything and know of all the "facts" and positions asserted by Mr. Ricco, Curcio Counsel, co-counsel or any other person(s) with relevant information. I would think any lawyer would also want the same.

11. In regards to the contraband cell phone, I stand by my assertion that neither Ms. Leisenring nor did I engage in any misconduct. If the Curcio review is expanded to include the circumstances surrounding the contraband cell phone, I will cooperate fully with her.

I have limited my response to the four corners of what has been put before the Court in Mr. Ricco's most recent letter. I have done this out of respect for Mr. Ricco's assertions that his motives are to be sure Mr. Tartaglione receives conflict free representation or that he waives any conflict, in an effort not to further alienate the other appointed lawyers and to protect Mr. Tartaglione and his confidences.

Respectfully submitted,

_____/s/ Bruce A. Barket_____
Bruce A. Barket

cc: *via electronic mail*
Anthony Ricco, Esq.
Bruce Koffsky, Esq.
Michael Bachrach, Esq.
Kenneth Montgomery, Esq.
John Diaz, Esq.
Bobbi Sternheim

---

[2] In this regard, it is not clear to me which appointed lawyers knew of the matter. On July 29th Mr. Ricco explicitly asked me and Ms. Leisenring not to tell anyone else on the team. We agreed and did not tell anyone else, but apparently Mr. Ricco did tell the other team members.

# BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP
*Attorneys at Law*
666 Old Country Road
Garden City, New York 11530
(516)745-1500
Fax (516) 745-1245

## FAX TRANSMITTAL SHEET

**Facsimile No.:**       **(914) 390-4152**

**Date:**       November 7, 2019

**To:**       Honorable Kenneth M. Karas

**From:**       Bruce Barket, Esq

**Re:**       USA v. Nicholas Tartaglione
Indictment No.: 16-CR-832

**Pages:**
**(Including Cover)**       **4**

**MESSAGE:**

**NOTICE:** Pursuant to CPLR Rule 2103(b) (5) the telecopier number of this office has not yet been designated as a proper number for the service of documents or papers in this action or proceeding. Service should be accomplished pursuant to any other paragraph of Rule 2103(b).

**CONFIDENTIALITY NOTICE:** The documents accompanying this telecopy transmission contain information belonging to the sender which is legally privileged.   The information is intended only for the use of the individual or entity named above.   If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited.   If you have received this telecopy in error, please notify us by telephone to arrange for the return of the original transmission.

```
*********************
*** FAX TX REPORT ***
*********************

        TRANSMISSION OK

JOB NO.                  0230
DEPT. ID                 9906
DESTINATION ADDRESS      19143904152
SUBADDRESS
DESTINATION ID
ST. TIME                 11/07 16:58
TX/RX TIME               00'56
PGS.                     4
RESULT                   OK
```

# BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP

*Attorneys at Law*
666 Old Country Road
Garden City, New York 11530
(516)745-1500
Fax (516) 745-1245

## FAX TRANSMITTAL SHEET

**Facsimile No.:**      **(914) 390-4152**

**Date:**               November 7, 2019

**To:**                 Honorable Kenneth M. Karas

**From:**               Bruce Barket, Esq

**Re:**                 USA v. Nicholas Tartaglione
                        Indictment No.: 16-CR-832

**Pages:**
**(Including Cover)**   **4**

**MESSAGE:**

**NOTICE:** Pursuant to CPLR Rule 2103(b) (5) the telecopier number of this office has not yet been designated as a proper number for the service of documents or papers in this action or proceeding. Service should be accomplished pursuant to any other paragraph of Rule 2103(b).

**CONFIDENTIALITY NOTICE:** The documents accompanying this telecopy transmission contain information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please notify us by telephone