LAW OFFICE OF

# MICHAEL K. BACHRACH

276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 · FAX. (866) 328-1630

MICHAEL K. BACHRACH *
* admitted in N.Y., MN and D.C.

http://www.mbachlaw.com
michael@mbachlaw.com

November 12, 2019

**By Facsimile – Filed Ex Parte and Under Seal**

The Honorable Kenneth M. Karas
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

> *Re: United States v. Nicholas Tartaglione,*
> *16 Cr. 832 (S-4) (KMK)*

Dear Judge Karas:

I am in receipt of attorney Bruce Barket's letter to this Court, dated, November 12, 2019, in the above-referenced matter, which invokes my name and solicits my input. As such, I submit this short reply.

First, we are glad to hear that Mr. Barket "do[es] not think the schedule" we proposed to the Government is unreasonable. All counsel on this case spent many hours discussing what dates we believed to be reasonable. All Learned Counsel as well as the defendant's appointed associate counsel and mitigation specialists reached the conclusion that February 1, 2021, would be the earliest that the defense could be ready for trial given the motions, liability, and mitigation investigations that are still required. Previously, Mr. Barket, solely considering the liability phase, made clear his desire for an earlier date and never once agreed to submit any date to this Court. Mr. Barket's newfound agreement comes as welcome news.

Misleadingly, Mr. Barket states that "[t]here are … two views, about the need to consult with our client concerning the schedule." This is incorrect. All counsel agree that Mr. Tartaglione should be informed of our scheduling decisions and the reasons for those decisions. Mr. Barket does not believe a schedule should be submitted to this Court without Mr. Tartaglione's explicit endorsement whereas Learned Counsel recognize that the defendant's endorsement is not required and, based upon what Mr. Barket has told us, will never come. No one objects, however, to Mr. Tartaglione being consulted. Indeed, all Learned Counsel have repeatedly asked Mr. Barket to have that very conversation with Mr. Tartaglione.

Mr. Barket states that "the cause of the defense's inability to 'agree' on a proposed schedule" is the result of "the appointed lawyers, for different reasons, hav[ing] not met with Mr. Tartaglione at all since the spring and hav[ing] never discussed with him the motion schedule they

The Honorable Kenneth M. Kara
November 12, 2019
Page 2 of 2

proposed." Mr. Barket's conclusion is again misleading and likewise misplaced. While it is true that we have not met with Mr. Tartgalione since this *summer*, not spring, we have only declined to do so under terms dictated by Mr. Barket. See, e.g., Email from Bachrach to Barket, dated, October 22, 2019 (annexed hereto) (expressing an unwillingness to meet with Mr. Tartaglione if that meant excluding other attorneys on the case, but a willingness to do so, if needed, so long as all attorneys are given the opportunity). Not stated in my email was my additional concern to avoid attending a meeting, without an independent witness, but with Mr. Barket, who in my opinion possesses multiple, significant, conflicts; particularly given the fact that the *Curcio* inquiry remains ongoing.

Finally, Mr. Barket's statement that "Mr. Tartaglione will not meet with Mr. Ricco" is not one that I believe to be accurate. To my knowledge Mr. Tartaglione has never stated in any letter to counsel or the court, nor otherwise, that he would *refuse* to meet with Mr. Ricco. To the extent, however, that it is an accurate statement, I assume it was a decision made with the assistance of Mr. Barket. Similarly, while Mr. Tartaglione has stated on the record that he no longer wishes to be represented by Mr. Ricco, to my knowledge neither Mr. Barket nor Mr. Tartaglione has given a basis for this request beyond the limited explanation provided on the record in court.

As stated in Mr. Ricco and Mr. Koffsky's letter to this Court, dated, November 11, 2019, "All Learned Counsel and appointed counsel are of the opinion that the ability to set a reasonable timetable is directly related, in part, to matters subject to the *Curcio* inquiry." That remains the case.

Learned Counsel ask that Your Honor grant the application to continue the time period for the defense to file its proposed dates to commence jury selection, trial, and penalty phase motion deadlines *sine die* until after the resolution of the *Curcio* inquiry pending against Mr. Barket as well as after the resolution of Mr. Tartaglione's request for the removal of Mr. Ricco.

Finally, I ask that this letter be filed under seal as it discusses internal defense decision making and strategy.

Thank you for your time and consideration.

Respectfully submitted,

Michael K. Bachrach

cc:    All counsel of record for Mr. Tartaglione (by email under seal)

## Meeting w/ Nick

| | |
|---|---|
| From: | Michael Bachrach (mbach2000@yahoo.com) |
| To: | bbarket@barketepstein.com |
| Cc: | tonyricco@aol.com; bkoffsky@snet.net; johnadiazlaw@gmail.com; kennethjmontgomery@gmail.com; aleisenring@barketepstein.com |
| Date: | Tuesday, October 22, 2019, 08:18 AM EDT |

Bruce,

I have been thinking about your request to me yesterday for my help explaining to Nick why a February 2021 trial date is necessary.  I have given it some more thought, and as I stated to you before, you should be able to explain to Nick on your own why a February 2021 trial date is necessary.  The client barely knows me, that has not been my role on this case.  I cannot see how I could convince him something that you cannot, and I see no reason why you can't convince him on your own.

If you really feel you can't do it on your own and you need our help, then it shouldn't just be me that joins you and Jim at the meeting, it should be *all* of the lawyers, including Tony, who you acknowledged yesterday to Judge Karas is Nick's most experienced attorney.

--Michael


==========================
Michael K. Bachrach, Esq.
276 Fifth Ave., Suite 501
New York, NY 10001
tel: (212) 929-0592
fax: (866) 328-1630
cell: (917) 304-5044
michael@mbachlaw.com