

BARKET EPSTEIN KEARON ALDEA & LoTURCO, LLP

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

*Ex Parte Communication*

November 12, 2019

**via FACSIMILE (914) 390-4152**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: ***United States v. Nicholas Tartaglione***
**16 Cr. 832 (KMK)**

Your Honor:

Although I agree that the defense is not prepared to submit a proposed scheduling order and thus join in the application for more time to submit the proposal, I am compelled to write to the court because Learned Counsel misstates my position and the obstacle(s).

There are not two views among counsel of the time necessary to prepare for trial. I do not think the schedule proposed by Mr. Bachrach is unreasonable. Although I have explored different options, I do not have a proposed alternate schedule. The suggestion that the defense would take two positions regarding scheduling is ill-advised, as I previously told Mr. Ricco.

There are however, two views, about the need to consult with our client concerning the schedule. Here the appointed lawyers, for different reasons,[1] have not met with Mr. Tartaglione at all since the spring and have never discussed with him the motion schedule they proposed. I regularly meet with Mr. Tartaglione but he is also entitled to consult with and hear the advice of the lawyer(s) who have been appointed under the Learned Counsel provision and who will draft

---

[1] Mr. Tartaglione will not meet with Mr. Ricco and continues to insist that he be removed from his defense team. I have repeatedly invited Mr. Bachrach, who will lead the penalty phase motion schedule to a joint meeting with me and Mr. Tartaglione to discuss the proposed schedule. For reasons that he can best articulate, he has yet to agree to such a meeting.

the penalty phase motions.  That and not the *Curcio* inquiry is the cause of the defense's inability to "agree" on a proposed schedule.

I take no position on whether this or Mr. Ricco's letter should be sealed and filed ex parte.

Respectfully submitted,

_____/s/ Bruce A. Barket_____
Bruce A. Barket

cc:    *via electronic mail*
       (all co-counsel)

```
*********************
*** FAX TX REPORT ***
*********************

          TRANSMISSION OK

    JOB NO.                 0253
    DEPT. ID                9906
    DESTINATION ADDRESS     19143904152
    SUBADDRESS
    DESTINATION ID
    ST. TIME                11/12 13:21
    TX/RX TIME              00'47
    PGS.                    3
    RESULT                  OK
```

# BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP
*Attorneys at Law*
666 Old Country Road
Garden City, New York 11530
(516)745-1500
Fax (516) 745-1245

### *EX PARTE* FAX TRANSMITTAL SHEET

**Facsimile No.:**     **(914) 390-4152**

**Date:**     November 12, 2019

**To:**     Honorable Kenneth M. Karas

**From:**     Bruce Barket, Esq

**Re:**     USA v. Nicholas Tartaglione
Indictment No.: 16-CR-832

**Pages:**
**(Including Cover)**     **3**

**MESSAGE:**

**NOTICE:** Pursuant to CPLR Rule 2103(b) (5) the telecopier number of this office has not yet been designated as a proper number for the service of documents or papers in this action or proceeding. Service should be accomplished pursuant to any other paragraph of Rule 2103(b).

**CONFIDENTIALITY NOTICE:** The documents accompanying this telecopy transmission contain information belonging to the sender which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please notify us by telephone to arrange for the return of the original transmission.