

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

August 7, 2020

**BY EMAIL – TO BE FILED UNDER SEAL**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
300 Quarropas Street
White Plains, New York 10601

> **Re:**   *United States v. Nicholas Tartaglione*
> **S4 16 Cr. 832 (KMK)**

Dear Judge Karas:

At the *Curcio* hearing last week, a question arose regarding the contours of the waiver the defendant was being asked to provide and, specifically, whether his waiver applies only to trial or also to post-conviction arguments on appeal or otherwise. In short, the defendant's waiver applies to both trial and post-conviction arguments, other than narrow post-conviction claims related to the validity of the waiver itself. Second Circuit case law is clear that if the Court follows the procedures set forth in *United States v. Curcio*, 680 F.2d 881, 888-90 (2d Cir. 1982), review on appeal or otherwise consists of examining the nature of the conflict to determine that it was waivable and examining the waiver to determine that it was made knowingly and intelligently.

In most cases when a defendant is faced with a situation in which his attorney has an actual or potential conflict of interest, it is possible for a defendant to waive his right to conflict-free counsel in order to retain the attorney of his choice. *United States v. Schwarz*, 283 F.3d 76, 95 (2d Cir. 2002) (internal quotations omitted). "Where an actual or potential conflict has been validly waived, the waiver cannot be defeated simply because the conflict subsequently affects counsel's performance; such a result would eviscerate the very purpose of obtaining the waiver." *Id*. Thus, if a district court follows the procedures set forth in *United States v. Curcio*, and obtains a waiver from the defendant, that waiver

would defeat his claim of ineffective assistance of counsel unless it was determined that (1) the conflict was so severe as to be unwaivable, or (2) the *Curcio* waiver was not knowing and intelligent with respect to the specific conflict that led to the lapse in the attorney's representation. *Id. See also United States v. Fulton,* 5 F.3d 605, 612-14 (2d Cir.1993) (examining whether defendant's explicit, in-court waiver of his right to conflict-free counsel was valid in light of the character of his attorney's conflicts); *United States v. Perez*, 325 F.3d 115, 129 (2d Cir. 2003) (finding that there was no conflict that could not knowingly and intelligently be waived after the district court conducted proper *Curcio* hearings, and there was no error in the court's conclusions that the defendant knowingly and intelligently exercised his right to waive any conflict on the part of his attorney in order to retain counsel of his choice).

As this letter relates to sealed proceedings, we respectfully request that it be filed under seal.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By: _____
Margery B. Feinzig/Ilan T. Graff
Assistant United States Attorneys
(914) 993-1903/(212) 637-2296

cc:    Michael K. Bachrach, Esq. (By email)
       Bruce A. Barket, Esq. (By email)
       John A. Diaz, Esq. (By email)
       Bruce D. Koffsky, Esq. (By email)
       Ada Leisenring, Esq, (By email)
       Kenneth J. Montgomery, Esq. (By email)
       Anthony L. Ricco, Esq. (By email)
       Bobbi C. Sternheim, Esq. (By email)