

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

October 28, 2020

**<u>BY EMAIL – TO BE FILED UNDER SEAL</u>**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
300 Quarropas Street
White Plains, New York 10601

> **Re:**   ***United States v. Nicholas Tartaglione***
> **S4 16 Cr. 832 (KMK)**

Dear Judge Karas:

We have reviewed the transcripts of the *Curcio* hearing, and the October 6, 2020 and October 23, 2020 submissions of appointed and retained counsel, respectively.  Based on that review and our analysis of the case law, we do not believe that the facts or the case law support disqualifying Bruce Barkett, Esq., even if, *arguendo,* John Wieder, Esq., has an "of counsel" relationship with Mr. Barkett's law firm.  *See Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 135 (2d Cir. 2005) (rejecting a *per se* imputable conflict for of-counsel relationships and adopting an approach that "examine[s] the substance of the relationship under review and the procedures in place").

The record is clear that while Mr. Wieder may be participating, to some extent, in the defense, he is not part of the trial team that will advocate for the defendant before the jury.  Thus, the witness-advocate rule that prohibits an attorney from representing a party when the attorney will be called as a witness does not apply to him.  *Murray v. Metropolitan Life Ins. Co*., 583 F.3d 173, 179-80 (2d Cir. 2009), *citing Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers,* 378 F.3d 269, 283 (2d Cir. 2004) ("The advocate-witness rule applies, first and foremost, where the attorney representing the client before a jury seeks to serve as a fact witness in that very proceeding.").  Further, the Second Circuit has held that a law firm can be disqualified by imputation only if the movant proves by clear and convincing evidence that (a) the witness will provide testimony prejudicial to the client, and (b) the integrity of the judicial system will suffer as a result.  *Murray*, 583 F.3d at 179.

We have not found a case squarely on point.  However, we do not believe that, in the event Mr. Wieder is called to testify during any penalty phase in connection with the defendant's conduct while in custody, as described during this *Curcio* process, his testimony would undermine the integrity of the judicial system.  *See id.* (disqualification of non-advocate

attorneys was not appropriate); *Air Italy S.p.A. v. Aviation Technologies Inc.,* No. 10-CV-20 (JG)(JMA), 2011 WL 96682, *5-6 (E.D.N.Y. Jan. 11, 2011) (attorney was disqualified from acting as trial counsel but his law firm was not); *but see Giuffre v. Dershowitz*, 410 F. Supp. 3d 564 (S.D.N.Y. 2019) (the witness-advocate rule required disqualification of law firm).  The defendant has been thoroughly advised of the conflict-related risks associated with Mr. Barkett's representation, including those related to Mr. Wieder.  In the final analysis, the Government respectfully submits that those conflicts are waivable.

As this letter relates to sealed proceedings, we respectfully request that it be filed under seal.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:

Margery B. Feinzig/Ilan T. Graff
Assistant United States Attorneys
(914) 993-1903/(212) 637-2296

cc:    Michael K. Bachrach, Esq. (By email)
Bruce A. Barket, Esq. (By email)
John A. Diaz, Esq. (By email)
Bruce D. Koffsky, Esq. (By email)
Ada Leisenring, Esq, (By email)
Kenneth J. Montgomery, Esq. (By email)
Anthony L. Ricco, Esq. (By email)
Bobbi C. Sternheim, Esq. (By email)