# ANTHONY L. RICCO

*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919  FAX. (212) 964-2926
EMAIL: tonyricco@aol.com

STEVEN Z. LEGON
OF COUNSEL

January 23, 2020

**TO BE FILED *EX PARTE* AND UNDER SEAL**

**BY EMAIL**

Hon. Kenneth M. Karas
United States District Court Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re: ***United States v. Nicholas Tartaglione***, Docket No. 16 Cr. 832 (KMK)

Dear Judge Karas:

Earlier today, I received a letter purportedly written by Nicholas Tartaglione, he has informed that has decided to notify the Daily News of the issues related to counsel, which are presently before the court for resolution.

Two troubling observations about the letter: (1) the letter continues a pattern of accusations against Learned Counsel, and that the defendant wants to address that issue in the media; and (2) this letter was clearly not mailed from the Metropolitan Correctional Center.   The envelope does not contain an inmate register number, nor does it contain a postmark from a Manhattan post office.[1]   To the contrary, the envelop is postmarked from the MID ISLAND, NEW YORK, POST OFFICE, which is located in Suffolk County, New York, at 6:00 pm, on January 21, 2020.

---

[1]    Under Bureau Policy, the Metropolitan Correctional Center would not permit a letter to be mailed by inmate that fails to include the inmates Register Number.  See, 28 CFR § 540.12(d).

The letter states that the press needs to know of the defendant's views of regarding counsel (and to expose Learned Counsel contrary to the characterizations by the court).  The letter is carbon copied to the Daily News.   This sad conduct is in direct defiance of the admonition of the court directed to Nicholas Tartaglione (and his retained counsel) - "no more letters to the media.  Okay.?" To which Nicholas Tartaglione agreed.   See, *Transcript* of September 17, 2019 at pages 58-59.

This ongoing and persistent pattern of engaging the news media to reveal and make known (or to address or litigate) issues in relation to a death authorized case continued.   This pattern, including the 60 minutes presentation, continues notwithstanding the efforts by the court to protect the interest of Nicholas Tartaglione and the integrity of the court proceedings.  This fact remains, no matter the opinion of retained counsel to the contrary.   The views of the court on this matter, and the integrity of these capital proceedings should be respected by all.

We have a serious pending *Curcio* investigation pending in this case.   This investigation to resolve the issues raised of whether Nicholas Tartaglione is properly being represented by counsel and whether he is being counseled and influenced by an attorney with a serious conflict of interest. The letter represents yet another sad episode to circumvent the admonition of the court.   And, as with the Epstein note, and the use of the cellular phone, Nicholas Tartaglione's conduct communicating, matter under seal of the court, by mailing this letter to the media, has been accomplished with the assistance of at least one other individual.   The attached letter was either mailed out to an individual or who in turn mailed this letter to my office and presumably to the Daily News, or smuggled out of the Metropolitan Correctional Center.[2]

---

[2]    There is no going mail service from BOP facilities on weekends and on federal holidays. BOP Policy Statement 5800.16, (3.16).  It was impossible for the letter, dated January 18, 2020, to be mailed from the Metropolitan Correctional Facility, until sometime on Tuesday, January 21, 2020 delivered that very same day and then mailed to my office to be delivered and delivered to my office on the morning of January 23, 2020.  It seems likely this letter was, therefore, smuggled out of the Metropolitan Detention Center on or after January 18, 2020, and deposited in a Suffolk County mail box.  We shall request the visiting logs for that time period.

A review of the prison mail log will address the issue of the possible mailing, and the visit logs over the past several days will help address the issue of those who could have removed this letter from the jail.

I alert the court to his matter, because of the seriousness of the issues before the court, and the matter in which these issues have been persistently raised at each conference, although the court has made absolutely clear to both Nicholas Tartaglione and his retained counsel that all issues of counsel shall be resolved immediately upon the resolution of the *Curcio* inquiry.

At this juncture, there is no remedy that will stop these attempts to improperly use the media to improperly influence these proceedings.   However, since this is a death authorized case, I am of the view that an accurate record needs to exist regarding all aspects of the issue of counsel, and the integrity of these capital proceedings.

 Finally, we respectfully request that this letter be held *ex parte* and under seal to avoid revealing information that could adversely impact the defendant and prejudice his penalty phase investigation and presentation.

Respectfully submitted,

*Anthony L Ricco*
Anthony L. Ricco, Esq.

ALR/jh

cc:   All defense counsel (including Barket and Leisenring)

3