

BARKET EPSTEIN KEARON ALDEA & LoTURCO, LLP

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

*Ex Parte and Under Seal*

February 5, 2020

**via FACSIMILE (914) 390-4152**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Re:    ***United States v. Nicholas Tartaglione***
> **16 Cr. 832 (KMK)**

Dear, Judge Karas

I am in receipt of the letter filed by Mr. Ricco on February 3, 2020. Although the Court has not requested my position on Mr. Ricco's application, I want to be clear: we do not object to the material requested by AUSA Margery Feinzig being provided to her. Specifically, we do not object to the materials referenced in the attached exhibit (provided to us by Mr. Bachrach and presumably what Mr. Ricco is proposing be given to AUSA Feinzig). We ask, however, that our firm be given a list of the material being proposed to be provided to AUSA Feinzig beyond what is contained in that exhibit.

Specifically, appointed counsel has repeatedly referred to emails, texts, and basecamp posts that were previously provided to *Curcio* counsel by appointed counsel and suggested that all that material be provided to AUSA Feinzig. That may be fine, but I do not know which of the above-referenced items have been disclosed to *Curcio* counsel and thus I am unable to take a position on behalf of Mr. Tartaglione on their disclosure to AUSA Feinzig.

Further, there should be a detailed record of potentially privileged defense emails, text messages and basecamp posts being turned over to the Government, even to a firewall team, to preserve Mr. Tartaglione's record on any future appeal.

Unfortunately, Mr. Ricco's letter also included several false assertions that I have engaged in misconduct. The letter also stated that my motives in taking various positions with respect to the appointment of a *Curcio* counsel and disclosure of the flawed *Curcio* report to the Government's firewall team were to protect myself and against the interests of my client. That too is false.

Lastly, Mr. Ricco again implies that I mailed a letter dated January 18, 2020 from Mr. Tartaglione to Mr. Ricco. As I previously stated, I did not accept the letter nor send it. The first I saw the letter was when it was emailed to me by Mr. Michael Bachrach at my request on January 24, 2020. Responding to these repeated false allegations is necessary as I have a duty to Mr. Tartaglione to preserve his record on appeal and not allow my silence on an issue to be read as an adoption of his purported view of my or Mr. Tartaglione's conduct and/or state of mind.

I ask that this letter be filed under seal and ex parte for the same reasons Mr. Ricco's stated.

Respectfully submitted,

Bruce A. Barket

cc:    *via electronic mail*
       (all co-counsel)

Case 7:16-cr-00832-KMK    Document 637-8    Filed 06/26/26    Page 3 of 3

To: Nicholas Tartaglione File

From: Michael K. Bachrach

Dated: January 29, 2020

## Working List of Curcio-Related Filings

| Date | From | Subject |
|---|---|---|
| 8/18/2019 | Ricco & Koffsky | Request for appointment of Curcio counsel |
| 8/20/2019 | Barket | Opposition to appointment of Curcio counsel |
| 8/22/2019 | Tartaglione | Tartaglione request to terminate Ricco |
| 9/6/2019 | Tartaglione | Tartaglione second request to terminate Ricco |
| 9/12/2019 | Tartaglione | Tartaglione third request to terminate Ricco |
| 10/7/2019 | Tartaglione | Tartaglione fourth request to terminate Ricco |
| 11/5/2019 | Ricco, Koffsky, & Bachrach | Request to expand scope of Curcio counsel's inquiry |
| 11/6/2019 | Barket | Opposition to expansion of scope of Curcio counsel's inquiry |
| 11/7/2029 | Ricco, Koffsky, & Bachrach | Reply to opposition to expansion of scope of Curcio counse's inquiry |
| 11/7/2019 | Barket | Sur-response to request to expand scope of Curcio counsel's inquiry |
| 11/7/2019 | Ricco, Koffsky, & Bachrach | Sur-reply to sur-response to request to expand scope of Curio counsel's appointment |
| 11/12/2019 | Ricco & Koffsky | Motion for continuance for filing proposed dates for trial and penalty phase motion deadlines |
| 11/12/2019 | Barket | Response to motion for continuance |
| 11/12/2019 | Bachrach | Reply to response to motion for continuance |
| 11/13/2019 | Barket | Sur-response to motion for continuance |
| 11/13/2019 | Ricco | Sur-reply to sur-response to motion for continuance |
| 1/9/2020 | Barket | Letter requesting permission to share Curcio report with Tartaglione and Michael Ross |
| 1/14/2020 | Ricco, Bachrach, & Koffsky | Letter advising Court that appointed counsel have no objection to sharing Curcio report with a walled off prosecutor |
| 1/16/2020 | Barket | Letter advising court that retained counsel opposes sharing Curcio report with Gov't under any circumstance |
| 1/21/2020 | Ricco, Bachrach, & Koffsky | Letter responding to opposition to sharing Curcio report with Gov't |
| 1/23/2020 | Ricco | Letter to Court advising Court of letter sent by third party to Ricco purportedly by Tartaglione |
| 1/24/2020 | Barket | Response to Court re letter sent by third part to Ricco |
| 1/28/2020 | Ricco | Letter to Court outlining BOP Regulations regarding visits and mail |

Note: For each entry I have listed only the name(s) written on the signature line of the filing, and in the order there stated.