

BARKET EPSTEIN KEARON ALDEA & LoTURCO, LLP

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

*Ex Parte and Under Seal*

March 2, 2020

**via Email**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> Re:    Response to Letters Concerning Removal and Third-Party Mailing
> of Letter dated January 18, 2020.

Dear Judge Karas,

This letter is in response to Anthony Ricco's letters dated January 23, January 28, February 3, and February 9, 2020, implying and/or explicitly alleging that I "smuggled" a letter written by Mr. Tartaglione on January 18, 2020 and mailed it to Mr. Ricco in violation of the BOP rules.[1]    Among other statements, Mr. Ricco's February 3rd    letter states that his

---

[1] While beyond the scope of this letter, which is limited to addressing and disproving Mr. Ricco's factual assertions, it is also notable that Mr. Ricco's account of the substance of the BOP Rules is also inaccurate. Contrary to his assertion, several Rules explicitly permit inmates to receive documents from their legal representatives during visits (*see, e.g.*, MCC Institutional Supplement 5267.06(M) stating that an "attorney will be authorized to provide a reasonable (not to exceed four inches) amount of legal materials to the inmate at the conclusion of the attorney visit"), and *all are silent* with respect to pretrial inmates giving handwritten notes or letters to the attorney.

The cites in Mr. Ricco's letters purporting to hold a contrary view are either inapplicable or simply do not exist. For example, Mr. Ricco claims that "BOP Visiting Policy Statement No. 5267.09(21)(d), at P. 11" stands for the proposition that "Detainees are prohibited from giving legal papers to the attorney or receive (sic) papers from the attorney to retain after the visit, absent compelling circumstances and prior authorization by unit team or Duty Officer" (*see* January 28, 2020 Letter, P. 5). But Subsection (21)(d) *does not appear to exist* in 5267.09, and no

"investigation to date has revealed ... that the only person who visited Nicholas Tartaglione during the time period [January 18, 2010 through January 21, 2020] is attorney Bruce Barket." *See* Letter of Anthony Ricco dated February 3, 2020, P.6, footnote 3. Further, his letter dated February 9th states: "It has not escaped notice that upon subpoena of BOP records there was no other legal visit, nor any record of a legal mailing from January 18, 2020 through January 23, 2020. The only person to visit Nicholas Tartaglione during this time period is Bruce Barket, the attorney subject to the *Curcio* inquiry." *See* Letter of Anthony Ricco dated February 9, 2020, P.8. Like so many other accusations Mr. Ricco has made, these allegations are not true.

As I indicated on January 24, 2020, in my letter to this Court, neither I, nor anyone associated with my law firm, received the January 18th letter from Mr. Tartaglione, or mailed it to Mr. Ricco.

After Mr. Ricco first suggested I "smuggled" the letter by Mr. Tartaglione out of MCC, I inquired who, if anyone, visited Mr. Tartaglione, and removed and mailed the letter. I learned that Kymberly Tinsley met with Mr. Tartaglione on January 18, 2020. Ms. Tinsley confirmed this to me during a brief telephone call on January 27, 2020. She also stated that she did not mail the letter to the *Daily News*. I then subpoenaed the MCC visiting log for January 18th and for the application for Ms. Tinsley to be permitted legal visits. Thereafter, I learned the following:

(1) A review of the BOP visitor log, provided to us by the BOP pursuant to our subpoena for the records, shows that a "Kymberly Tinsley" visited Mr. Tartaglione on January 18, 2020. *See* Attachment A, BOP Visitor Log.

(2) Ms. Tinsley is a paralegal employed by the Law Office of Dennis Biancanello. *See* Attachment B, Affidavit of Kymberly Tinsley, and Attachment C, BOP visitor application and accompanying documents.

---

such language appears on Page 11 *or anywhere else* in this policy statement – which is entirely silent on inmates providing documents to their attorneys.

Indeed, as a matter of practice, this is not only permitted but quite common. Ms. Sternheim, for instance, obtained and removed a document from Mr. Tartaglione during her visit with him in this case and distributed it to the team via email on September 16, 2020. Interestingly, Mr. Ricco did not feel compelled to report her to the tribunal for "smuggling" out a document.

Thus, I respectfully request that Mr. Ricco provide the Court and counsel with a copy of the apparently non-existent subsection that he cites in his attempt to not only implicate me in wrongdoing, but, more disturbingly, to implicate his own client.

(3) Mr. Tartaglione apparently retained the Law Office of Dennis Biancanello[2] some time prior to 2020. On November 5, 2019, Mr. Biancanello requested permission from the Bureau of Prisons for his paralegal, Ms. Tinsley, to enter MCC so she could visit and correspond with Mr. Tartaglione "regarding certain legal matters." *See* Attachment C. To be clear, it is my understanding that Mr. Biancanello has been retained for matters other than the charges pending before this Court.

(4) Ms. Tinsley visited Mr. Tartaglione on January 18, 2020, and "took" from him a "letter to mail to The Law Office of Anthony Ricco." On January 19, 2020, she "googled Mr. Ricco's address" and addressed the envelope and "placed it in the mail." *See* Tinsely affidavit, Attachment B, and her parking receipt dated January 18, 2020 for the parking lot near MCC, Attachment D.

(5) Ms. Tinsley did not advise anyone in my office that she received or mailed the letter until I asked her on January 27, 2020. *See* Attachment B.

Thus, it seems that Mr. Ricco grossly misstated what the BOP records and his investigation actually revealed and did so in a manner designed to denigrate me and attack my credibility before this Court. In that regard, I respectfully request a copy of Mr. Ricco's subpoena and the BOP records to which Mr. Ricco refers that allegedly demonstrate that I was the only individual that visited Mr. Tartaglione during that time period -- a factual assertion we now know to be false.

This information concerning the false accusation made against me is representative, I respectfully submit, of the true state of the facts concerning the many unwarranted accusations which have been made in this case. It is important for this Court to know the truth and to know how easily false accusations can be made in a case where there is friction among counsel. The taint of the accusations has painted an unfair picture for the Court, *Curcio* Counsel, and the Government. Mark Twain is said to have given birth to the adage that "a lie will fly around the whole world while the truth is getting its boots on."[3] That is regrettably true here. Mr. Ricco wrote no less than four letters all signed by other appointed counsel implying that I removed this letter and mailed it. It took weeks to obtain the records to disprove this one false allegation.[4]

---

[2] Until the issue of his letter arose, I had no idea that Mr. Tartaglione retained another lawyer, nor that Ms. Tinsley had been approved for legal visits as a paralegal and had visited Mr. Tartaglione in that capacity. Ms. Tinsley, who regularly attends the court appearances, approached our office last summer asking to work as a paralegal on Mr. Tartaglione's case. After meeting with her, we denied her request.

[3] Ironically, according to a 2017 *NY Times* article "That Wasn't Mark Twain: How a Misquotation Is Born", the original quote was authored by Jonathan Swift.

[4] Of course, none of this would have been necessary if Mr. Ricco had simply asked me or appointed counsel had asked Mr. Tartaglione about the letter before writing to the Court. Indeed, given that his allegations also had the

There are additional accusations which Mr. Ricco has made that will be addressed at a time and in a manner consistent with the Court's directives and in a manner that will protect Mr. Tartaglione's right to confidentiality.

I believe the information above should be disclosed to the firewall Assistant United States Attorney, Margery Feinzig, who received the same false accusations against me. The integrity of the *Curcio* inquiry, and Mr. Tartaglione's constitutional right to his counsel of choice and to conflict-free appointed counsel are at stake. Accordingly, in this death-authorized case, the record must be preserved for appeal.

I respectfully request that like Mr. Ricco's letters, and for the same reasons, this letter too be held *ex parte* and under seal.

Thank you for your time and consideration.

Respectfully submitted,

_____/s/Bruce Barket_____
Bruce A. Barket

cc:    *via electronic mail:*
       Anthony Ricco, Esq.
       Michael Bachrach, Esq.
       Bruce Koffsky, Esq.
       Kenneth Montgomery, Esq.
       John Diaz, Esq.

---

of exposing wrongdoing by a client, common sense and caution should have led him and the other appointed counsel to first determine the facts before making the allegations.

# EXHIBIT A

# EXHIBIT A

| DATE | Print NAME | Signature | Inmate | Reg# | Time |
|------|-----------|-----------|--------|------|------|
| 1/17 | | | | | 1 |
| 1/17 | | | | | 1 |
| 1/17 | | | | | 1 |
| 2/17 | | | | | 1:40 |
| 1/12 | | | | | 1:40 |
| 1/17 | | | | | 1:55 |
| 1/17 | | | | | 1:55 |
| 1/17 | | | | | 2- |

| DATE | PRINT NAME | SIGNATURE | INMATE | REG# | TIME |
|------|-----------|-----------|--------|------|------|
| 1/18 | | | | | 11:15 |
| 9/18 | | | | | 1/:5 |
| 11/18 | | | | | 4/13 |
| 1/19 | | | | | 10:5 |
| 1/18 | | | | | 12:12 |
| 1/19 | | | | | 12/5 |
| 1/18 | | | | | 1:00 |
| 1/18 | | | | | 3pm |
| 1/18 | | | | | 3pm |
| 1/18 | Kymberly Tion | | Tartaglione | 78514 054 | 5:00 |
| | | | | | 5:55 |
| 1/18 | | | | | 6:15 |
| 1/19 | | | | | 11:15 |
| 1/19 | | | | | 11:5 |
| 1/19 | | | | | 12 |
| 1/20 | | | | | 1:25 |
| 1/19 | | | | | 1:50 |
| 1/19 | | | | | 2:20 |
| 1/20 | | | | | 10:45 |

# EXHIBIT B

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

UNTIED STATES OF AMERICA,

**AFFIDAVIT**

- against -

16-CR-832 (KMK)

NICHOLAS TARTAGLIONE,

-------------------------------------------------------------------X

I, **Kymberly Tinsley**, swear and affirm the following:

1.    I am the paralegal for the Law Office of Dennis Biancanello.

2.    On January 18, 2020 I traveled to the Metropolitan Correctional Center to meet with Nicholas Tartaglione.

3.    At the conclusion of the meeting, I took a letter to mail to The Law office of Anthony Ricco.

4.    On January 19, 2020, I googled Mr. Ricco's address. I addressed the envelope and placed it in the mail box.

5.    I did not advise anyone in the Law office of Bruce Barket that I received the letter, or that I mailed it.

6.    I was contacted by Bruce Barket on or about January 27, 2020, and asked if I mailed a letter to The Law office of Anthony Ricco. At that time I advised that I mailed the letter to Mr. Ricco.

Kymberly Tinsley

Sworn to before me this 24th
day of February 2020

Notary Public

KATHERINE LOPEZ
Notary Public, State of New York
Registration #01LO4813290
Qualified In Nassau County
Commission Expires Sept. 30, 20__

# EXHIBIT C

# EXHIBIT C

BP-S0660.012                           NCIC CHECK CDFRM
MAR 99
**U.S. DEPARTMENT OF JUSTICE**                      FEDERAL BUREAU OF PRISONS

### AUTHORIZATION FOR RELEASE OF INFORMATION
### NCIC (National Crime Information Center) CHECK

I hereby authorize a representative of the Federal Bureau of Prisons to obtain any information on my criminal history background.  I understand that this check must be done before I am allowed to enter/serve at any Bureau facility.  I also understand that refusal to provide all necessary information may result in 1) denial of entry into a Bureau facility and 2) denial of volunteer/contract status.

1. Name (Last, First, Middle)    Tinsley, Kymberly, Ann

2. Address (Street address) (City, State, County, Zip Code)

144 Pidgeon Hill Rd, Huntington Station, NY, Suffolk County 11746

3. Home Telephone Number (Area Code, Number):631-418-7079

4. Aliases/Nickname: Not Applicable

5. Citizenship (List the country you are a citizen of): United States

6. Social Security Number:

7. Date of Birth (Month, day, year):April 9, 1975

| 8a. Sex:F | 8b. Race: Caucasian |
| 8c. Height:5'7 | 8d. Weight:150 |
| 8e. Color of Eyes: Hazel | 8f. Color of Hair:  strawberry Blonde |

9. Place of Birth (City, State, County), (List city, county and country if outside the U.S.A) Peekskill, Westchester New York

| 10. The above listed information is true and correct. | 10a. Date    November 5, 2019 |

### PRIVACY ACT NOTICE

<u>Authority for Collecting Information:</u> E.O. 10450; 5 USC 1303-1305; 42 USC 2165 and 2455; 22 USC 2585 and 2519; and 5 USC 3301

<u>Purposes and Uses:</u> Information provided on this form will be furnished to individuals in order to obtain information regarding activities in connection with an investigation to determine (1) fitness for Federal employment, (2) clearance to perform contractual service for the Federal Government, (3) security clearance or access.  The information obtained may be furnished to third parties as necessary in the fulfillment of official responsibilities.

<u>Effects of Non-disclosures:</u> Furnishing the requested information is voluntary, but failure to provide all or of part the information may result in lack of further consideration for employment, clearance or access, or in the termination of your employment.

(This form may be replicated via WP)

Law Office of Dennis Biancanello
64 Hilton Ave
Hempstead, NY 11530
516-567-7049

November 5, 2019

Stephanie Scannell- Vessella
Staff Attorney, CLC New York
Metropolitan Correctional Center
150 Park Row
New York, NY 10007

Re: Application for Paralegal Entry

Dear Ms. Scannell-Vessella:

I'm an attorney licensed to practice in the State of New York, Registration No. 3952249. My firm has been retained by Nicholas J. Tartaglione, who is currently being held at Metropolitan Correctional Center, Federal Registration Number 78514-054.

I'm writing this letter to request permission for my paralegal Kymberly Tinsley to enter MCC to visit and correspond with Mr. Tartaglione on my behalf regarding certain legal matters.

Ms. Tinsley's duties on my behalf will be including but not limited to; a liaison for me by meeting with Mr. Tartaglione to intake pertinent information, answer questions etc, delivering documents requiring Mr. Tartaglione's signature, drafting legal documents, and correspondence. Ms. Tinsley will also be responsible for all follow up.

Kymberly Tinsley is a graduate from Hofstra University where she earned a Bachelor of Arts Degree. She has been employed as a Paralegal, collectively for 13 years. I have worked with her on numerous cases over the years. During that time she has been reliable, professional and a huge asset.   Ms. Tinsley is also a Certified Mediator with 6 years mediation experience. She has superior negotiation skills, her legal knowledge, and legal experience is extensive.

If you require any further information, or have any questions, please do not hesitate to contact the undersigned.

Very Truly Yours,

Dennis Biancanello



| METROPOLITAN DETENTION CENTER | METROPOLITAN CORRECTIONAL CENTER |
|---|---|
| 100 29ᵀʰ STREET | 150 PARK ROW |
| BROOKLYN, NEW YORK-11232 | NEW YORK, NEW YORK 10007 |
| (718) 840-4200 | (646) 836-6300 |

Dear Sir/Madam:

We are in receipt of your request that you, or a person whom you employ or supervise, be allowed to visit and correspond in relation to legal matters with __Nicholas J. Tartaglione__ Federal Register Number __78514-054.__

In order for such visiting or correspondence to be conducted, we must request that you, or your employee or your student, complete and sign the enclosed questionnaire. Please type the questionnaire, and ensure that all sections are completed. In addition, we must request that the sponsoring attorney execute the Attorney's Statement at the end of the questionnaire. Please return the form upon completion, either by regular or overnight mail. You may also return completed applications electronically by emailing them to BRO/LegalVisit@bop.gov.

APPLICATIONS WILL NOT BE ACCEPTED IN THE FRONT LOBBIES OF THE INSTITUTIONS.

The information supplied on this questionnaire may be used for investigative purposes in determining whether to grant this request to visit and correspond with inmates. The processing of the applications takes a minimum of 14 days from the date of receipt. It is your responsibility to contact the Legal Department to ascertain whether you, your employee/student will be allowed to visit or correspond with the above-referenced inmate.

Upon approval, the applicant's admittance to enter will expire (1) one year from the applicant's date of approval. It is the applicant's responsibility to reapply upon expiration.

## GENERAL

This information is provided pursuant to Public Law 93-579, the Privacy Act of December31, 1974.

## PURPOSES & USES

The information you supply may be used as a basis for an investigation regarding your correspondence with Nicholas J. Tartaglione Federal Register Number  78514-054.

In the process of conducting the investigation, the Bureau of Prisons may disclose the information to federal, state, or local law enforcement agencies.

## EFFECTS OF NONDISCLOSURE

You are not required to supply the information requested on the attached questionnaire. If you do not furnish the information requested, the processing of your request will be suspended, and you will receive no further consideration. If you furnish only part of the information required, the processing of your request will be attempted; however, it may be significantly delayed. If the information withheld is found to be essential to processing your request properly, you will be so informed, and your request will receive no further consideration unless you supply the missing information. Although no penalties are authorized for failure to supply the requested information, failure to supply the information could result in your not being considered for or allowed admittance to the institution or correspondence privileges with the inmate in question.

PARALEGAL ☒                         MITIGATION SPECIALIST (*See Page 11*) ☐

INTERPRETER ☐                       OTHER ☐

PRIVATE INVESTIGATOR (*See Page 10*) ☐

APPLICATION TO ENTER AN INSTITUTION OR CORRESPOND WITH A FEDERAL PRISONER AS THE REPRESENTATIVE OF A LICENSED ATTORNEY.

This form has three parts:

1. Questionnaire: This questionnaire is to be completed by each paralegal, legal assistant, clerk, student, interpreter, mitigation specialist or private investigator who seeks to enter an institution of the Federal Bureau of Prisons to visit or correspond with a federal prisoner as the representative of a licensed attorney. This application will not be processed unless this questionnaire with the original signature is received at the Legal Department.

2. Certification: Each person seeking to enter a federal institution to visit or correspond with a federal prisoner must sign the certification which follows the questionnaire.

3. Attorney's Statement: The licensed attorney sponsoring you must sign the sponsoring statement. This application will not be processed if the Attorney's Sponsoring Statement is not signed.

4. NCIC Check: This application will not be processed if the NCIC form is not signed.

## QUESTIONNAIRE

NOTE: Answer all questions. If a question does not apply to you, write "Not Applicable" in the space provided for the answer.

Name: Kymberly A. Tinsley

    A: Any alias or other name ever used: No

    Name: Not Applicable          When Used: Not Applicable

Social Security Number: ████████

Date of Birth: 04/09/1975          Place of Birth: New York

Sex: Female          .  Race: Caucasian

Present Residential Address_144 Pidgeon Hill Rd, Huntington Station, NY 11746

Length of time at this address: 7 years

Home telephone number: 631-418-7079

List all residential addresses (including street and number, city and state) for the last five (5) years and dates you resided at each address:

| Addresses | Dates |
|---|---|
| 144 Pidgeon Hill Rd, Huntington Station, NY 11746 | 2012 to present |

Present Place of Employment: Law Office of Dennis Biancanello, Esq.

Employer's business address: 64 Hilton Ave, Hempstead, NY 11530
Name of immediate supervisor: Dennis Biancanello, Esq

Employer's telephone number: 516-567-7049

Dates of Employment:  August 2019 to present

And

Present Place of Employment: Law Office of Lewis Edelstein Esq, P.C

Employer's business address: 300 Garden City Plaza, Suite 450, Garden City, NY 11530
Name of immediate supervisor: Lewis Edelstein Esq

Employer's telephone number: 516-228-3355

Dates of Employment: September of 2012 to present

List all previous employers for the past five (5) years, including employers' addresses and dates of your employment with each employer:

| EMPLOYER | ADDRESS | DATES OF EMPLOYMENT |
|---|---|---|
| Dennis Biancanello, Esq | 64 Hilton Ave, Hempstead, NY 11530 | August 2019 to present |
| Lewis Edelstein Esq P.C, | 300 Garden City Plaza ste 450, Garden City, NY 11530, | September 2012 to present |

Page 4 of 11

List all schools, universities, or other educational institutions attended from grade 10 to present (this should include any and all legal training that you have received):

| SCHOOL | ADDRESS | DEGREE & DATE RECEIVED |
|--------|---------|------------------------|
| Massapequa H.S 4925 Merrick Rd, Massapequa, NY 11758 | | Not Applicable |
| Kennedy H.S 3000 Bellmore Ave, Bellmore, NY 11710 | | Not Applicable |
| William Floyd H.S 240 Mastic Beach Rd, Mastic Beach, NY 11951 | | Not Applicable |
| Division Ave H.S 120 Division Ave, Levittown, NY 11756 | | H. S Diploma 1993 |
| Nassau Community College 1 Education Drive, Garden City, NY 11530 | | Not Applicable |
| Hofstra University 1000 Hempstead Turnpike, Hempstead, NY 11549 | | B.A 2003 |
| The Center for Divorce & Family Mediation Training | | Certificate of Certification 2013 |
| New York CLE Certificate's of Attendance in Ethics & Professionalism | | 01/2017 |

a) Paralegal applications require the applicant A) be a law school graduate B) provide a copy of their paralegal certificate or C) have a minimum of (6) months experience as a paralegal AND provide a copy of a letter from the sponsoring attorney stating the applicant's duties.

b) Interpreter applicants are never authorized to operate on their own, as hired by an inmate or as hired by anyone other than the inmate's attorney of record. Interpreters can only enter the institution accompanied by the attorney of record or a pre-approved legal professional.

Have you ever been convicted of ANY criminal offense? No

If so, complete the following. You may exclude any convictions for minor traffic violations (fine of $150.00 or less)

| OFFENSE | DATE OF CONVICTION | NAME & LOCATION OF COURT |
|---------|--------------------|--------------------------|
| Not Applicable | | |

Have you ever been confined in any jail, prison or penal institution? NO   If so, complete the following:

| Type of Institution (State, Federal, Municipal County) | Location | Dates of Confinement |
|--------------------------------------------------------|----------|----------------------|
| Not Applicable | | |

Have you ever been charged with a criminal offense? If yes, please briefly summarize circumstances and legal disposition of the case.

Not Applicable

Have you ever been denied permission to visit or correspond with an inmate by an institution within the Federal Bureau of Prisons (social or legal)?    NO

> If so, state the institution(s), inmate(s) and date(s) of denial    Not Applicable

Are you a citizen of the United States? _Yes_

> If not, give the name of the country of which you are a citizen or subject:  Not Applicable

> Alien Registration Number: _Not Applicable_
> Passport Number: _456329373_

Are you a relative of or have a 'social relationship with the inmate(s) you are seeking to visit with at the MDC/ MCC? If yes, explain relationship.

No

Are you currently on, or seeking to be placed on the social visiting list of any inmate(s) housed at a federal institution?

No

## STATEMENT OF APPLICANT

I certify that I am authorized to act as the legal representative of _Dennis Biancanello_

who is a licensed member of the bar of the State of _New York_

I request that I be allowed to interview and correspond with _Nicholas J. Tartaglione_

Federal Register Number _78514-054_, who is confined at the MCC.

I am aware of my responsibility as a representative of the above-named attorney and certify that I

am able to meet this responsibility. I am also aware of the Bureau of Prisons' Policy on Inmate

Legal Activities and certify that I am able to and will adhere to the requirements of this policy. I

pledge to abide by Bureau of Prisons regulations and institution guidelines. I hereby certify that all

of the information contained in this questionnaire is true and correct to the best of my knowledge.

Furthermore, I understand that all information contained in this questionnaire may be investigated

and verified through the use of federal, state and local authorities.

Applicant's printed name: _Kymberly A. Tinsley_

Applicant's signature: _Kymberly A. Tinsley_

Date Completed: _November 5, 2019_

_Private Investigators must submit a copy of their Private Investigators Certificate and Private Investigator's photo Identification_

Page 7 of 11

## STATEMENT OF SPONSORING ATTORNEY

I hereby certify that I am a licensed member of the bar of the State of New York
and that I employ or supervise Kymberly A. Tinsley

I authorize Kymberly A. Tinsley to represent me and    request that my

representative she be allowed to interview and correspond with Nicholas J. Tartaglione

Federal Register Number 78514-054 , who is currently confined at MCC New York, I further

certify that Kymberly A. Tinsley is aware of the responsibility of her role *as* my representative

and is able to meet this responsibility. I pledge that I will supervise my representative's activities.

I accept personal and professional responsibility for all acts of my representative which affect

the institution, its inmates or staff.

Attorney's printed name: _Dennis Biancanello_

Address: 64 Hilton Ave. Hempstead. NY 11530

Telephone Number: 516-567-7049

XXXXXXXXXXXXX:

Date Completed: November 5, 2019

Page 8 of 11

## PRIVATE INVESTIGATOR APPLICANTS

The following visiting procedures will be applied to Private Investigators entering the institutions:

Private Investigators on the approved list will be permitted to enter the institution without the accompaniment of their sponsoring attorney.

Private Investigators will be required to submit a statement of sponsoring attorney as well as a copy of their Private Investigator's License EACH TIME THEY WANT TO VISIT ON BEHALF OF AN ATTORNEY OTHER THAN THE INITIAL SPONSORING ATTORNEY.

Your admittance to enter will expire one year from the date of your approval or upon the expiration of your private investigators license (whichever comes first).

Private Investigators will be permitted to bring pre-approved interpreters, if necessary.

Please be advised that it is the responsibility of the Private Investigator to make her/his sponsoring attorney aware of the above procedures. The enclosed Sponsoring Statement form can be reproduced locally.

## MITIGATION SPECIALIST

The following visiting procedures will be applied to Mitigation Specialists entering this institution:

Mitigation Specialists on the approved list will be permitted to enter the institution without the accompaniment of their sponsoring attorney.

Mitigation Specialists will be required to submit a letter from the sponsoring attorney EACH TIME THEY WANT TO VISIT ON BEHALF OF AN ATTORNEY.

A letter (written from the attorney) must be produced for each inmate that the mitigation specialist needs to visit. All letters expire in one (1) year from date written or upon renewal of application, whichever comes first.

Mitigation Specialists will be permitted to bring pre-approved interpreters, *if* necessary.

Mitigation Specialists must schedule visits by sending the date and time of the visit along with a copy of the signed letter. The email should include the inmate's full name and register number. The request needs to be directed to the respective Legal Department for the institution you need to visit.

For MDC Brooklyn all e-mails should be addressed to BRO/LegalVisit@bop.gov

For MCC New York all requests should be faxed to 646-836-7665.

Please be advised that it is the responsibility of the Mitigation Specialist to make her/his sponsoring attorney aware of the above procedures. The enclosed Sponsoring Statement form can be reproduced locally.

Have you ever been charged with a criminal offense? If yes, please briefly summarize circumstances and legal disposition of the case.

No

Have you ever been denied permission to visit or correspond with an inmate by an institution within the Federal Bureau of Prisons (social or legal)?    NO

    If so, state the institution(s), inmate(s) and date(s) of denial.    Not Applicable

Are you a citizen of the United States? _Yes_____

    If not, give the name of the country of which you are a citizen or subject:  Not Applicable

    Alien Registration Number:  Not Applicable
    Passport Number:  456329373

Are you a relative of or have a 'social relationship with the inmate(s) you are seeking to visit with at the MDC/ MCC? If yes, explain relationship.

No

Are you currently on, or seeking to be placed on the social visiting list of any inmate(s) housed at a federal institution?

No

# EXHIBIT D

# EXHIBIT D

2:04                                                                    .ıll 5G

170 Park Row Parking Corp.
170 Park Row
New York, NY 10038
(646) 609-6934
DCA License 2045155
Main Office (212) 736-7171

TINSLEY/KYMBERLY

VISA
CARD# ********4351
ENTRY: CHIP

DATE  01-18-2020
TIME  08:00:21 PM

AMT    $      17.74